ORIGINAL

**FILED**

JAN 29 2015

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Timothy Ray Baker #K62174
(Name of Plaintiff)
P.O. Box 4490
(Address of Plaintiff)
Lancaster, CA 93539

**2:15 - CV - 0 2 4 8   · AC  PC**
(Case Number)

vs.

**COMPLAINT**

J. Macomber, Warden. et al
J. Mc. Cavan, C. Andes, Snipes
M. Dulaney, B. Cross. et al.
(Names of Defendants) Vasquez

I. Previous Lawsuits:

  A.  Have you brought any other lawsuits while a prisoner:   ☑ Yes   ☐ No

  B.  If your answer to A is yes, how many?:  __On__  Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper using the same outline.)

  1. Parties to this previous lawsuit:

  Plaintiff  Timothy Ray Baker

  Defendants  LVN. C. Gonzales  Formerly C. Cardens
  LVN. E. Angulo

FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983        Rev'd 5/99

1

2. Court (if Federal Court, give name of District; if State Court, give name of County)

*Fresno, County Superior Court Civil Division*

3. Docket Number *No. 11 CEC GO 3233*

4. Name of judge to whom case was assigned *Mark. W. Snauffer*

5. Disposition (For example: Was the case dismissed? Was it appealed? Is it still pending?)
   *Dismissed*

6. Approximate date of filing lawsuit *2012 - 2013*

7. Approximate date of disposition *2014  Feb - March.*

II. Exhaustion of Administrative Remedies

A. Is there a grievance procedure available at your institution?  ☑ Yes   ☐ No

B. Have you filed a grievance concerning the facts relating to this complaint?
                                                                    ☑ Yes   ☐ No

   If your answer is no, explain why not _____

C. Is the grievance process completed?                              ☑ Yes   ☐ No

III. Defendants

(In Item A below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use item B for the names, positions and places of employment of any additional defendants.)

A. Defendant *J. MC Cowan, Snipes* is employed as *Correctional Officer* at *New Folsom State Prison*

B. Additional defendants *Sgt C. Andes, Officer, Snipes Officer M. Dulaney. Sgt. B. Cross, Warden Jeff. Macomber, officer Vasquez, Associate Warden L. Eldridge. 3 Captain G. Turner. 4 Captain. D. Shanklan d Defendants Numbers 1-6 all all Immediate Supervisors Responsible for Officers/Defendants J. MC. Cowan Officer Snipes, officer M. Dulaney CSP Sacramento C Facility*

2

IV. Statement of Claim

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach extra sheets if necessary.)

1) Plaintiff, Timothy Ray Baker, was at all times mentioned herein. A prisoner of the state of California, In the Custody of Califo rnia department of Corrections and rehabilitation At Lancaster State Prison. 2) Plaintiff is currently Confined at Lancaster. 3) Defendants does 1-8. Are Correctional Officers And Officials for (CDC & R) At (FSP) who at all times mentioned herein was assigned to Folsom State Prison and Acted under color of sta te. Law And Institutional Authority, In the Capacity of Corr ectional officers, These defendants are sued in their Individual And official Capacity/s

V. Relief.

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

1) Awarded Reasonable Attorney's Fees And Cost. 2) A Declaratory Judgement that the defendants Acts practices and unlawful Conduct described herein Violates plaintiffs rights as herein stated. 3) A Preliminary and permanent Injunction which prohibits and requires that defendants, employees and Successors Cease Violating plaintiff Constitutional Right to personal, safety free from Retaliation, and that New Policy and regulations to be Im plemented for the "prevention" of use of excessive unlawful ✳ (see Continued) ✳

Signed this 25th day of January 20 15 .

_____
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

Jan 25, 2015
(Date)

_____
(Signature of Plaintiff)

3

Timothy R. Baker

CSP-Los Angeles County.
BF2-129 Low
P.O. Box 4490
Lancaster, CA 93536

<u>In Pro-Per</u>

In The United States District Court
For The Eastern District of California
<u>Sacramento Division</u>

| | |
|---|---|
| Timothy R. Baker<br>Plaintiff<br><br>VS.<br><br>Warden. Jeff Macomber. et,al<br>Officer J. Mc.Cowan<br>officer. Snipes<br>Sergeant. C. Andes<br>Sergeant. B. Cross<br>Officer. M. Dulaney<br>Defendants<br>Sued In Their Indiviual<br>And official Capacities | Case No: _____<br><br><br>Com PLAINT: |

I
<u>Jurisdiction</u>

1. This action arises under 42 U.S.C. 1983 and
jurisdiction is based upon 28 U.S.C Section 1331 add
1343 (a)(3). also the court has supplemental jurisdiction
over Plaintiff State Law Claims Under U.S.C Section
1367. Plaintiff also seeks declatory judgement pursuant to
28. U.S.C. § 2201.

<u>(1)</u>

2. The United States District Court for the Eastern District of California, Sacramento Division is appropriate Court for a substantial amount of the acts and ommissions giving rise to this Law suit occurred in this district.
Therefore venue is proper under 28 U.S.C § 1391 (b)(2).

## III. PARTIES

3. Plaintiff Timothy R. Baker. #K62174 is a 53 year old male. African American resident of the Great State of California, currently incarcerated by the Institution of Adult Divisions Department of Correct. ions and Rehabrilitation (DOCR) at California State Prison. Los Angeles County. Lancaster, California. At all times mentioned in this Complaint Timothy R. Baker was a prisoner at CSP-Sacramento New Folsom when the incident in this complaint took place.

4. Defendant J. McCowan was at all times mentioned and relevant to this action a Correctional officer, whos position as a E Facility medical Clinic Sally port officer. At CSR Sacramento acting under color of Federal and State Law. Baker is informed and believes, and thereon alleges that J. Mc Cowan was assigned for the HCA #1 position on August 10, 2012. At 1500 Hours. Located at California State Prison Sacramento. 100 Prison Road. Represa, CA 95671 Defendant J. Mc Cowan is sued in his indivical Capacity.

(2)

5. Defendant, officer Snipes, was at all times relevant to this action as a C Facility HCA#2 medical clinic correctional officer, Post # unknown. Position as a c-facility medical clinic HCA #2. C. medical clinic sally Port. At CSP Sacramento acting under color of Federal and State Law. Baker is informed and believes and thereon alleges that Snipes was working the sign-in officers desk position on August 10, 2012 At 1500 Hours. CSP-Sacramento. 100 Prison Road, Represa, California 95671. Snipes is sued in her indiviual and official capacity

6. Defendant, M. Dulaney was at all times relevant to this action, a correctional officer, Badge # I.D # ____ post assignment #. _____ unknown. At this present date and time, To be included upon its discovery. M. Dulaney position as C-Facility Building # 6. Buildings Floor officer and Escort officer to C-F medical clinic. At CSP-Sacramento. New Folsom acting under color of Federal and state Law. Baker is informed and believes and thereon alleges that M. Dulaney was assigned as the floor officer of C-facility Building 6. located at California state Prison. 100 prison Road Represa, CA 95671. Defendant M. Dulaney is sued in his indiviual and official capacity.

7.          IV. Exhaustion of Administrative Remedies

Plaintiff has exhausted his administrative remedies with respect to all claims and all defendants.

(3) b.

# Introduction

8. This is a claim for damages brought under 42 U.S.C. § 1983. against prison officials for violation of Plaintiff Timothy R. Baker rights to be free from cruel and unusual punishment as protected by the Eight Amedment of the United States Constitution, specifically at issue is Bakers rights to be free from the use of excessive force and to have personal safety. Baker also complains herein that officials used force that was not authorized by the Secretary of the CDCR in violation of California Penal Code §§ 2650-2652 and officials filed a false report in violation of California Penal Code 118.1 which directly caused Bakers Inmate 602 Appeal to be denied at the 3rd level, As It states that, Appeal # SAC-C-12-02492 (staff did not) violate CDCR Policy with respect to the issues raised.

## V  Facts

9. On August 10, 2012 plaintiff was entering C Facility medical clinic, for his 15.00 hours. P.M. Diabetic Insulin shot. with. C6-Building Inmates. Davis & Bryant As well as the C6-Building Correctional Officers. M. Dulaney and, Olsen, upon entrance, Baker was being greeted by a muslim Inmate. Johnson. who was inside of the holding cell on side of the officers sign/check in station. He greeted me with the obligatory muslim Greeting. Assalaamu-Alaikum (Peace Be unto You) I returned the warm greeting with Wa-laikum-Salaam. (And unto You Be Peace) C/o snipes Became very disrespectful and said you cant talk to him. You need to take it down the Hall Now Baker. I replied officer snipes please do not speak to me in that disrespectful tone and manner. She got louder. And stated you cant talk to him in the holding cell. Take it on down the Hall. Theres no RIFF/RAFF. Im by myself, Im tired and been here all day. I said Im doing nothing wrong officer but returning an Islamic muslim Greeting

(4)

**10.** Plaintiff Baker asked Defendant M. Dulaney to please refrain from speaking to him in that tone and manner, As he was not speaking to her disrespectfully. Baker left and proceeded down the Hall.

11. Defendants M. Dulaney and C/o olsen. Came in as I was going down the hall, to be seated and receive my Insulin shot.

12. Inmates Davis, and Bryant were coming down the hall not to long after me and the officers

13. Plaintiff proceeded to take a seat. As he started to sit down, Baker noticed defendant J. mc cowan coming down the hall headed directly towards him walking fast. J. Mc Cowan. loudly asked me Hey Hey Hey whats the problem here? Do You Got A problem, I said No but Im sure I do Now!

14. Defendant J. mc cowan said you need to take a seat as I was already trying to do prior to him harassing me. As I started to sit down he said stand up turn around face the wall and cuff up. I asked for what, what did I do wrong? He gave the order for me to do so again. I said Ive done nothing wrong. He said Cuff up Now. He said put your hands behind your back and Cuff up. Baker stated plainly that he had a frontal waist restraints only medical chrono. And A medical condition that prevented him from cuffing up behind the back. Baker asked officer J. mc. Cowan if he could get the waist restraints? Mc. Cowan said No. Cuff up. Defendant M. Dulaney came over to plaintiff Baker. And tapped him on his shoulder

(5).

15. Defendant J. McCowan told Baker go ahead and do what he's telling you to do. I got this. Baker tried to again explain his medical situation. And chrono.

16. Plaintiff Baker did as he was told in order to be in compliance. with. California Code of Regulations (CCR) Title 15 Section (3005) (a)(b) (Conduct.). To avoid another serious Rules violation CDCR 115 write-up. for disobeying a direct order.

17. Defendant J. McCowan. placed plaintiff Baker in hand cuffs and abruptly fast walked him out of the clinin to a holding cage outside in the Sally Port. where upon defendant told Plaintiff in A threatening manner. You feel FROGGY JUMP! Thats Invoking violence and anger by an correctional officer. Under California Code of Regulations (CCR) title 15. (3004)(b) Rights and Respect of others.

18. Plaintiff stated Im not afraid of you officer. as defendant J. McCowan. walked Plaintiff out of plain view of officer Snipes and others as well as out of view of the cameras that are located out in the Sally Port above the top floor pointing down wards at the Sally port and the visiting room stairs. Defendant took Baker by his right arm in cuffs. then raised the arms up midway passed Plaintiffs back. Beyond their designed capacity. Defendant placed Plaintiff in the holding cage on the farthest side of the Sally Port. Next to the CSRT Classroom AND Law Library.

(6.)

19. Defendant. J. Mc Cowan told plaintiff to turn around and face the back of the cage. Plaintiff did so. Defendant began to take the cuffs off Bakers arms/wrists./hands. Baker complained of pain in his (Left) shoulder and wrists. Defendant disregarded plaintiffs complaints. he instead was more concerned about Bakers I.D # and Card as he was asking him for it.

20. Plaintiff asked to please speak to a nurse or the Sgt on duty. Defendant J. Mc Cowan denied plaintiffs request and went inside of the Clinic. At that time, Defendant M. Dulaney came outside to see what was going on as I was complaining of being in pain and suffering from heat exhaustion it was 100% plus degrees outside that day. Defendant M. Dulaney told me Baker. Just calm down. I know you are upset and did nothing. But Bro these officers are from AD-SEG and thats how they get down they dont care about you or your rights. I asked if I could please get out of that Cage And that I was very Hot outside. He said he'll let someone know and for me to Be cool ok. I said yes. C/o Vasquez came out to check on me and she to apologized for officer Snipes and officers J. Mc Cowans behavior. C/o Vasquez had an asian Inmate Porter to get me 3 or more cups of cold water. to cool off.

(7)

21. Plaintiff Baker Called Out and Constantly To Snipes to have defendant J McCowan to get me some Medical Attention defendant Snipes yelled out to me SHUT THE FUCK UP BAKER. You talk to much. At that time Sgt. C. Andes was coming out of the C Facility program office. He asked me Baker whats going on why are you in that cage? I said your officer J. McCowan and officer Snipes are responsible for this. Baker said Sgt. Andes I need to file an excessive use of force claim against defendant J. McCowan. And I need emergency medical Attention. Sgt Andes said oh no man now I've got to do paperwork what happened I did explain it to Sgt. Andes exactly how its been explained in this complaint. He said I've got to see whats going on. So he went inside and spoke to defendants Snipes And J. McCowan he came out. And put me back in hand Cuffs behind my back, he took me in to see LVN Joe Maalihan of C Facility Medical Clinic. LVN Joe maalihan did a 7219 Medical Report of Injury or unusual occurrence, to document the injuries from the excessive use of force.

22. Defendant Sgt. C. Andes. Asked Baker in the presences of the responsible defendant. J. McCowan. How did my officer use excessive force? Can you show me? I had my hands behind me still in cuffs. I tried to raise my hands up as far as I could to demonstrate to the investigating Sgt. C. Andes how his officer did what he did to me. It was with great difficulty to do it exactly the same way. So I tried to anyway as I was asked to. Sgt. Andes.

(8)

23. Defendant J. McCowans not
excessive use of force. Officer Mc.Cowan can use a hands
on escort approach while he's escorting. I said No
He Cant when there was no reasons to be escorting me
in the first place. As I was doing nothing wrong. J was
in compliace at all times. I conveyed to Sgt. Andes
that I expressed to officer J. McCowan that I
have a medical condition that prevents me
from being hand Cuffed Behind my back at all
times. Per Doctors Diagnoses and Medica frontal
waist restraints Chrono only.

24. Defendant Sgt. C. Andes. Said thats not excessive
use of force. You are clear to go back to your
house. Now Baker.

25. Plaintiff went into the Building 6. Immediately
told officers Olsen and M. Dulaney that defendant
J. Mc Cowan had just used excessive force on
me while I was hand Cuffed behind my Back
And Sgt. C. Andes Said he Could escort me that
way with hands on escorting. C/o olsen said
thats the way they do it Baker when you are
in cuffs. Laughtingly.

26. Inmate Mike Davis and Dominic Bryant. looked
on as I was being singled out harassed and
placed in Cuffs behind my back while protecting
defendants J. Mc Cowans decisions and motive
to do what he was doing in Contradiction of
No Behind the Back Cuffing Chronos. Per Drs. orders.

(9)

27. On August 4, 2012 plaintiff filed an unnecessary Excessive Use of force Inmate 602 Appeal alleging serious staff misconduct. Against Officer J. McCowan.

28. On September 16, Sgt. B. cross of C Facility Program Office. 2nd watch failed to properly interview me or to investigate my staff complaint regarding his correctional officer J. McCowans Excessive Use of force. Sgt. B. Cross is in violation of California Penal Code 118.1. I never spoke to sgt. B. Cross about an interview or the absences of an interview. Until I got the 602 appeal back where it had been answered by him and he falsified that interview and stated I had willingly decided to cuff-up behind my back and that I never mentioned a medical condition or chronos. On October 16, 2012. I was coming back from my Inmate Classification Committee having my Annual Review. It was held in C Facility 8 Building, Sgt. B. Cross was coming down the back yards hill. I stopped him and asked him about his falsifying an 602 interview report. He said he thought he had had my 602 interview with me on September 16, 2012. I said no you havent Nor have I gave you any statements. He said oh well we are having it now. So you can consider this as our interview ok. Baker? He said Im seriously sorry if I didnt do an interview with you I do so many all the time its kind of hard to remember them all. I stated Sgt. Cross I didnt say those comments you recorded on my 602 sir. He said I'll make the necessary corrections. And he never did. This false report was damaging to my Credability and defense

(10)

29. On August 10, 2012 Plaintiff Submitted a 602 Staff Complaint against officials. J. MC. Cowan And Snipes. the 602 alleged that on August 10, 2014. Plaintiff was assaulted by officer J. MC. Cowan. Officials Sgt. C. Andes. Sgt. B. Cross, Associate warden L. Eldridge warden Tim V. Virga. are all complicit and knowingly Covered up these correctional officers wrong doings And Sgt. B. Cross violated California Penal Code 118.1 by falsifying his 602 interview reports with me on September 16, 2012 when I was never interviewed. On the second Level Amended Review. Sgt. Cross stuck by his first interviews statements even after he said he would Change it to reflect what was said and or done. This Is recorded on a Second Level Confidential Supplement To Appeal Amended "Appeal Inquiry" "NOT FOR INMATE DISTRIBUTION"

30. Plaintiff submitted the 602 Staff Complaint all the way up to the Third Level Directors Review. It was ultimately denied. Thus Exhausting All Administrative Remedies.

TLR Case NO: 1208191   LOG NO: SAC-12-02492
Attached As Exhibit.

# VI. Cause of Action
## First Claim For Relief.
violation of Plaintiff Eighth Amendment Right to be free from the use of Excessive Force. Hudson V. MC Millian (1992), 503. U.S. 1, 6-7

31. Plaintiff Timothy R. Baker, realleges and incorporates by reference each allegation of paragraphs 1 through 30. inclusive as if alleged herein.

(11)

32. Defendants. J. Mc.Cowan, Snipes, Sgt B. Cross. Sgt. C. Andes. M. Dulaney. Complicitly violated plaintiffs Baker's Eight Amendment right to be protected from cruel and unusual punishment in the form of using excessive force where no force was justified at all. See) Boddie v. Schnieder, 105 F.3d. 857, 861 2d cir (1997); Giron v. Correctional Corp of Amer. 191. F.3d 1281, 1290 (10th cir 1999)

33. Specifically defendant J. Mc Cowan and Snipes. maliciously and sadistically inflicted physical and mental as well as emotional abuse upon plaintiff with the intent to hurt and permanently injure. Plaintiff. When defendant snipes with no justificat ion instigated the assault upon my person from defendant J. Mc Cowan. It was unprovoked by me. J. Mc.Cowan also subjected me to deliberate indiff erence to my serious medical condition once he was made aware of it and disregarded it with his failure to act to prevent future harm or the risk of future harm. Defendants actions offend. ed contemporary standards of decency, It was not in any way used in good faith efforts to maintain order or security. but rater the use of force was for the purpose to cause more harm.

34. Defendant J. mc Cowans and Snipes. behaviors were wanton and reckless. It goes to prison officials state of mind. All the while denying me basic human needs such as personal safety. objective component- Is the seriousness of the Deprivations of minimal civilized measures of Life necessities. Hudson V. Mc Millian 503 U.S. 1, 9. And Subjective Component- Prison officials state of mind. It requires a consideration of prison officials state of mind in relation to my situation's being addressed. Defendants Acted wantonly with reck less disregard for my Health and reasonable safety.

(18)

35. Defendants J. Mc. Cowan and officer Snipes, acts as alleged herein were despicable, knowing, willful, malicious, and carried out with reckless disregard for plaintiff federally protected rights.

36. As A direct and proximate result of all of the defendants actions herein alleged, Plaintiff suffered physical, emotional and mental injury Plaintiff Timothy R. Baker is entitled to an award of presumed or compensatory and punitive damages for the injuries and pain inflicted upon him.

37. As a further direct and proximate result of all of the defendant's action's herein alleged, plaintiff suffered and continues to suffer sever emotional and psychological distress. Plaintiff is entitled to an award of presumed or compensatory and punitive damages for injuries suffered and pain inflicted.

38. Defendants. Warden Jeff Macomber, Associate Warden L. Eldridge, Lt. J.A. Baker. Sgt. B. Crass. Sgt. C. Andes. C. Facility Captains G Turner. Captain Shankland. Correctional officer M. Dulaney All higher Ranking prison officials, with the exception of Correctional officer M. Dulaney. are being sued in their individual and official capacities for the unnecessary and maliciously wanton Excessive Use of force used by their lower-level prison employees.

(13.)

39. Defendants of the higher ranking officials all displayed deliberate indifference to my personal health and safety. by Complicitly permitting and condoning a pattern of excessive force against prisoners and failing to establish adequeate procedures for controlling use of force by prison staff, despite knowing that this failure created grave risks to my safety

40. Defendants are aware and have always been aware of the California state Laws which prohibits use of excessive force against prisoners as myself. California Penal Code §§ 2650-2652 prohibits Cruel, Corporal or Unusual punishments or punishments not Authorized by the Director of Corrections.

41. Defendants of the higher ranking officials specifically, Sgt. C. Andes, Sgt. B. Cross did not comply with the rules set forth in CCR California Code of Regulations that defines reasonable force and unnecessry force. Title 15, CCR §§ 3268. 3268.3. Also Dept. Ops manual §§ (Dom) 51020.1 et seq

## VII.   Second Claim For Relief.
Defendant's Violated ~~Califo~~ Plaintiffs Due Process under The Fourteenth Amendment to the Constitution

42. Defendants violated plaintiffs Fourteenth Ameddment rights to due process by stopping him from greeting Muslims. And defendants J. mc Cowan adNd C/o Snipes. Higher Ranking officials violated plantiffs Due Process by falsifying the Sencond level Review Interview Report.                  (14)

43. Plaintiff incorporates paragraphs 1 through 30 as though they were stated fully herein.

44. Defendants J. mc.Cowan and officer snipes officer M. Dulaney violated plaintiffs Fourteenth Amendment rights to due process by willingly and Knowingly causing plaintiff to be removed from C Facility medical Clinic to be placed in a Holding Cage outside in the hot tempatures above 100° degrees.

45. Defendants J. mc Cowan, officer snipes and officer M. Dulaney violated Plaintiff, Fourteenth Amendment rights to due process by depriving Plaintiff reasonable access to medical Treatment for his Type II onset Diabetes by physically and forcefully removing him from the C Facility Clinic and placing him in a holding Cage. Preventing Plaintiff from receiving his Doctor ordered pre Scribed Insulin shot.

46. Defendants J. mc Cowan officer snipes acted despicably, Knowingly, willfully, and maliciously or with a reckless or callous disregard for Plaintiffs federally protected rights.

47. As a further direct and proximate result of all of defendants actions herein alleged. Plaintiff Suffered and Continues to Suffer physical, emotional and mental injury. Plaintiff is entitled to an award of presumed or compensatory and Punitive damages, for the forceful removal from his designated scheduled Diabetic Care Appointment.

(15)

48. As a further direct proximate result of all of the defendants J. McCowan and officer Snipes, M. Dulaney actions herein alleged plaintiff suffered and continues to suffer sever emotional and psychological distress Plaintiff is entitled to an award of presumed or compen satory and punitive damages for harm inflicted.

## VIII. STATE CLAIMS.

Defendants Violated California Penal Codes 2650-2652 and Penal Code § 118.1.CCR 15(3004)
(3005)(3271)

49. Plaintiff realleges and incorporates by reference each of the general allegations of paragraphs 1 through 30 inclusive. as though they were stated fully herein.

50. Defendants J. McCowan and officer snipes violated California Penal Code 2650-2652. By administering excessive force that was not authorized by the Director of Corrections. when they conspired to assault plaintiff.

51. In doing as alleged herein above: defendants J. McCowan, and officer snipes committed punishment against plaintiff that was not authorized by the Secretary of the CDCR Californ- ia Penal Code §§ 2650-2652 prohibits and makes any deliberate act not authorized which causes injury to a prisoner punishable in the same manner as injury to a free person. Cal-Code of Regs title 15 3268 allows guards to use physical force against a prisoner when it would be necessary and reasonable to subdue an attacker, over come resistence, effect custody or gain compliance with a lawful order: this same regulation

51. describes excessive force as when the use of more force than is objectively reasonable to accomplish a lawful purpose. It is well settled that an administrative regulation has the force of law. (see) United States v. Nixon (1974) 418 U.S. 683; Atkins v. Rivera, (1986) 477. U.S. 154. Defendants J. Mc. Cowan and Snipes committing acts of force on plaintiff as alleged herein above when no force was needed violated. California Penal Code §§ 2650-2652. And with regards to another California Administrative Procedure. The California Code of Regulations. CCR Title 15. Sections (3004) Rights and Respect of Others (a)(b)(c). States:

(a) Inmates and parolees have the right to be treated respectfully, impartially, and fairly by all employees. Inmates and parolees have the responsibility to treat others in the same manner.

(b) Inmates, parolees and employees will not openly display disrespect or contempt for others in any manner intended to or reasonably likely to disrupt orderly operations within the institution or to incite or provoke violence.

(c) Inmates, parolees and employees will not subject other persons to any form of discrimination because of race, religion, nationality, sex, political belief, age. or physical or mental handicap.

52. Defendants J. Mc. Cowan. and officer Snipes. were in direct violation of the CCR title 15. (3004)

(17)

53. Defendants were at all times during the assault upon me was in violation of CCR title 15. Section (3005) Conduct. (a)(b) states:

(a) Inmates and parolees "shall" obey all laws, regulations and local procedures, and refrain from behavior which might lead to violence or disorder or otherwise endangers facility, outside community or another person.

(b) Obeying orders, Inmates and parolees must promptly and courteously obey written and verbal orders and instructions from department staff, and from employees of other agencies with authorized responsibility for the custody and supervision of Inmates and parolees.

54. Plaintiff alleges herein that he was at all times in full compliance when, Defendants J. McCowan officer Snipes and officer M. Dulaney gave an order directly, or otherwise to. 1. Go down the Hall. 2 sit down. 3. Stand up turn around face the wall and cuff-up! I did as I was told after protesting the orders when first given. or be faced with a Rules Violation Report Serious 115 Division A-D. for disobeying a direct order / or Refusing to disobey a direct order. As Sgt B Cross so falsely wrote down that I said I voluntarily cuffed-up behind my Back without making reference to my medical condition or chronos. Is false. (see) sworn Declaration / Affidavitt. from Inmate mike Davis who was only a few feet away and witnessed the whole incident - from the start to the End.

(18) (a)

## I.X.   STATE CLAIMS 2ND

55. The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this court grants the declaratory and injunctive relief which plaintiff seeks.

56. Defendants J. Mc. Cowan. officer Snipes. Dulaney And. Higher Ranking Department of Corrections And Rehabilitation officials. Warden Jeff Macomber Associate Warden L. Eldridge. Captain B. Turner Captain D. Shankland. Sgt. C. Andes. Sgt. B. Cross. During and throughout the time of the incident as described in this action, defendants and each of them had A duty to use ordinary care to prevent harm to Plaintiff and by their acts, defendants and each of them breached their duty by reasons of their negligence and carelessness toward plaintiff and thereby proximately caused injury and damage to plaintiff

57. Defendants J. Mc-Cowan. officer Snipes. M. Dulaney violated. California Code of Regulations CCR 15 §§ Section 3271(a) Responsibility of Employees. States: Every employee, regardless of his or her assignment Is responsible for the Safe custody of the inmates confined in the Institutions of the Department.

58. It is a further direct and proximate result of both the defendants actions herein alleged. Plaintiff is still suffering from emotional, psychological, mental, and now permanent physical injury/harm. to his left shoulder and state of mind. Plaintiff is entitled to declaratory relief for all defendants mentioned herein, for using unauthorized force on Baker.

(18)(b).

X. PRAYER FOR RELIEF.

Wherefore, Plaintiff Timothy R. Baker respectfully prays for the following.

Relief:

1. For Declaration that Defendants. J. mc. Cowan, Snipes M. Dulaney. violated plaintiff's rights under the Laws of the State of California And the Constitution of Laws of the United States. when they committed Force on Plaintiff. Timothy R. Baker, And defendants Sgt. B. Cross And Sgt. C. Andes for knowingly filing a false second Level 602 response report (2) for willingly and knowing ly acknowledging the unauthorized use of Excessive Force. and they acted with a culpable state of mind to the forseeable risk to Plaintiffs personal safety and Health and Disregarded those Risk by refusing to take reasonable measures to abate those Risk. Specifically they violated California Penal Code. §§ 2650-2652. And Penal Code 118.1 California Code of Regulations 15 CCR §§ 3268-3268.3. Also CCR (3004)(3005)(3271). And Departmental Operations Manual (DOM) §§ 51020.1 et seq

2. For presumed damages of $250.00 a day each day plaintiff suffers from ongoing pain, anguish mental, Emotional, Physical, Psychological injuries. That were and are in relations of being assaulted By defendants J. mc Cowan And Officer Snipes the proximate Cause of the unauthorized Excessive use of Force.

3. A preliminary and permanent injuction ordering All of the State of California Department of Corrections And Rehabilitation, To stop with the unauthorized use of Excessive Force. To cease a desist all reprisals in the forms of Retaliation for me exercising my U.S. Constitutional Rights to file grievance and Suit.

(19)

PRAYER FOR RELIEF

Relief:

4. For All CDCR Rules violation Reports Serious add Administrative, Be dismissed and removed from Plaintiffs. Central file. That all Negative actions and statements be removed from Plaintiffs. Central file. As they are false reports and they are very detrimental to plaintiffs safety and security They are misrepresenting plaintiff position and are prejudicial to plaintiff. Furture Safety.

5. For All of CDCR officials to Adhere to the Governing Rules of the (OAL) and the (APA) Office of Administrative Laws. Administrative Procedure Act. To report the wrong doings of CDCR officials under the Signed memos of the Director of Doc. February 17, 2004 Zero Tolerance Regarding "CODE OF SILENCE" And the Northern District of California Courts. "Class Action" Special maters Defendants' Employee Disciplinary Matrix **order** Dated June 24, 2004.

6. For All of CDCR state officials To Comply and Adhere to the Director of Division of Adult Institutions memorandum Signed By M.D Stainer Director. on October 17, 2014. subject: Use of Force Revisions

7. For presumed damages of $250.00 each day plaintiff has and is still having to suffer through all of the pain and ongoing mental, emotional, psychdog. ical injuries. And long unnecessary sufforage. It is torturous. Defendants J mc. Cowan E Snipes E m. Dulaney

(20)

Relief:

8. For Compensatory damages in the amount of $100,000,00 from Defendants J MC. Cowan. Snipes And M. Dulaney each of them to Plaintiff. Timothy Baker.

9. For Punitive damages in the amount of $1,000,000 or the maximum amount allowed by law, which ever is greater in amount allowed from the defendants J. MC. Cowan, Snipes. and M. Dulaney. To Plaintiff.

10. For Reasonable attorneys fees pursuant to 42 U.S.C § 1988 or for the Court to place plaintiffs name infront of the Pro-Bono project with a request that an attorney take plaintiff Case.

11. For the Cost of the suit, and Attorneys fees to be added separately from all damages, to be paid to the court and plaintiffs attorney by defendants J. MC. Cowan, Snipes and M. Dulaney. And.

12. For such other and further relief as the Court may deem just and proper.

Demand For Jury Trial

Jury: Plaintiff Timothy R. Baker hereby demand A Trial By Jury

Dated January 25, 2015

Respectfully submitted

Timothy Roy Baker.

(21)

XT(c)

## VERIFICATION

I have read the foregoing complaint and hereby
verify that the matters alleged therein are true,
except as to matters alleged on information and
belief, and, as to those, I believe them to be true.
I certify under penalty of perjury that the foregoing
is true and correct.


Executed at Lancaster , California on.

Date January 25, 2015

Respectfully submitted


Timothy Ray Baker

In Pro-Per


(22)

# EXHIBIT COVER PAGE 

Description of this Exhibit:

1. PLAINTIFFs SWORN. DECLARATION August 10, 2012.

2. WITNESSE'S, DECLARATION. August 11, 2012

Number of pages to this Exhibit ___6___ pages.

#'s 34-39

JURISDICTION: (Check only one)

☐ Municipal Court
☐ Superior Court
☐ Appellate Court
☐ State Supreme Court
☑ United States District Court
☐ State Circuit Court
☐ United State Supreme Court
☐ Grand Jury

Exhibit (34)

DECLARATION

I, <u>Timothy R. Baker</u>, declare that: On. Aug 10, 2012. At California State Prison.- Sacramento. Represa, CA while entering C-Facility medical Clinic. An Inmate Fellow muslim. Greeted me with our tradition Islamic Greeting. Assalaamu- Alaikum. (Peace Be Unto You) I returned it. By Greeting him. Wa-laikum-Salaam. (And unto You Peace). Officer Snipes became agitated. She aggressively raised her voice and said You cant talk to him in there. You need to take it down the Hall. I stated yes I Can speak to another muslim with our greeting. He spoke to me so Im returining the greeting. She stated No You Can't. Theres No Riff-Raff Take it down the Hall. Baker. Im by my self here. Im tired. I've been here all day. I ask- ed her to please refrain from speaking to me in that disrespectful tone/manner Im not speaking to you that way. Nor Am I doing anything wrong. C/o Vasquez Inmate Davis. Inmate Bryant. C/o. M. Dulaney & I were There at that time. C/o olsen Came in As well.

I declare under penalty of perjury that the foregoing is true and correct.                     C52 Sacramento.

address: P.O. Box 2900066.

Dated: August 10,2012          CF6-121 Low. New Folsom.

Signed: Timothy R. Baker. Represa, CA 95671-0066

Ex H635

DECLARATION

1
2 I, JAMES L. DAVIS— C17858, declare that:
3 ON August 10, 2012, AT About 15:00 hours, I WAS
4 IN The reTunda About To eNTer The cliNic door
5 IN C-FAcility, WheN I seeN correcTioNAL officer
6 MC COWAN LeAviNg The sArgeANT Office, uNLockiNg
7 The gATe, he iNTered The cliNic behiNd me, goiNg
8 sTrAighT To iNMATe _BAKer_ AT A high rATe of
9 speed, wAlkiNg fAsT, I sTep ouT of The wAy To
10 BACK AgAiNsT The cliNic wAll. He, C/o Mc COWAN
11 REAched iNMATe _BAKer_ AND grAbed him AND
12 spiNNed him ArouNd forciNg his hANds behiNd
13 his bACk, iNMATe _BAKer_ complAiNed AbouTpAiN
14 AND C/o Mc COWAN roughly MArched him To A Lock
15 up cAge. INMATe _BAKer_ did NoThiNg To provoke
16 This ArbiTrAry AND crueL TreATmeNT. We hAd
17 oNly goT To The cliNic secoNds Ago befor
18 iNcedeNT TrANspired, wiThouT provicATioN from
19 INMATe _BAKer_ .
20
21
22
23 I declare under penalty of perjury that the foregoing is true and
24 correct.        CSP-SAC: FC6-102
                  address: P.O. Box 290066
25 Dated: AugusT 11, 2012.        RepresA, CA. 95671-0066
26 Signed: James L Davis
27        C-17858
28

## Affidavit of Truth

I, James L. Davis, C17858, The Affiant in This Matter, being first duly sworn, herein openly declare, That This is A Public Record Matter, And "Not" A private B.A.R. Matter, And I further declare, depose, And say That by my signature, The following facts Are True, correct, And complete, Not Misleading, The Truth, The whole Truth, And Nothing but The Truth, And if called upon To witness Affiant will so state;

1.) That I Am Sui Juris, And competent To state To The Matters set Forth Herein,

2.) That I have first Hand eyewitness evidence of The facts stated Herein,

3.) This Affidavit of Truth is in Accordence with The Uniform commercial code 3-104, And U.C.C. 9-105 (commercial instrument), And common (constitutional) Law, under Verified commercial Affidavit process under penalty of Perjury.

4.) That on August 10, 2012, I was A few feet from inmate Baker in C-Facility clinic, And watched C/o McCowan Rush up To Baker And Tell him To cuff up, And produced Regular handcuffs, Baker Told C/o McCowan. That he could Not cuff up Behind his back, 'cause he had a medical condition That prevented him from doing so, And That he had a medical chrono To wear waist-restraints only, C/o McCowan proceeded To use excessive force, when inmate baker was Not resisting, only stated A medical fact.

## Verification

That I have Read The Above statements, And swear under penalty Per Jury They Are True. Executed This 11th, day of August, 2012. [Without Prejudice, All Rights Reserved], August 11, 2012.          James L. Davis

1 of 1

1    <u>Affidavit/Declaration/contract</u>

2

3    I, JAMES L. DAVIS, The Affiant in This MATTer

4    being first duly sworn, herein openly declare THAT

5    This is A public Record MATTer, NOT only for C.D.C. R

6    Records, BuT A courT AND Public MATTer. I Declare,

7    depose, AND SAY THAT by MY signature, The follow-

8    ing Eye witNess facTs Are True, correcT, AND

9    compleTe, NOT misLeading, The TruTh, The whole

10   TruTh, AND NOThing buT The TruTh, AND if called

11   upoN To witNess AffiANT will so sTATe;

12

13   1.) That I AM Sui Juris, AND competeNT To sTATe The

14       MATTers seT forTh Herein,

15   2.) ThaT I have eye witNess evideNce of The facTs

16       sTATed Herein,

17   3.) This AffidAviT of TruTh is iN ACCordeNce wiTh The

18       uNiform commercial code 3-104, u.c.c. 9-105 (commer-

19       cial insTrumeNT) uNder Verified commercial AffidAviT

20       Process uNder peNALTy of perjury,

21   4.) ThaT This C.D.C.R. corporATe uNioN has vioLATed U.S. CONST.

22       ART. I, sec. 9, b (No preference shAllbe giveN by ANy

23       RegulATioN of commerce To ANy STATe), AND U.S. CONST,

24       ArT. II, sec. 10, 1 (No STATe shAll MAKe ANy LAW impAr-

25       ing The ObligATioN of conTracTs). This sTATe corporAT-

26       ioN has vioLATed conTracT LAWS iN severAl cAses,

27       (i) iTs MAriTime insuraNce conTracT, (ii) iTs corporATe

28       charTer conTracT, (iii) binding conTracTs wiTh courT

1

2  decisions in medical litigations, (iv) violation of

3  California penal codes 2650, 673, 147, and (v)

4  violation of state employment contracts,

5  5.) This Affidavit of I, James L. Davis, The Executor And

6  beneficiary of The corporate Trust, Any Attacks upon

7  my or Mr. Bakers commercial and private inalienable

8  Rights of our sovereign self, in rebuttal, creates The

9  mutual voluntary, consensual, commercial contract

10  by and between The undersigned, Mr. Baker, And The

11  state. The Laws Are specific, This is A Notice Also of

12  Laws applicable To This issue, This is A Warning To, Violate

13  Any Laws Against us, This instrument is A Limitation

14  To The state of Any relief sought by The state in

15  our litigations per-Cal. Civil code 1698 [or U.C.C.

16  2-209(d)], The state Agrees To Accord Mr. Baker And

17  The undersigned The rights per (C.C.C) Cal. Civil code

18  1549, 1620, 1621, 13, 1644, And code of Civil Procedure

19  16 [or U.C.C. 1-201 (36), our choice for Any retaliation

20  in This Matter, under California Law & federal Law, Judicial Law.

21  6.) This commercial instrument constitutes A statement

22  of The colorable Law between The state, Mr. Baker,

23  And The undersigned per-Cal. Penal Code, section

24  9 [or U.C.C. 1-105(d)], our choice, And Amends Any And

25  All presumptions, Jurisdictions, Bondages, Any Coerc-

26  ion contracts under Kidnap, duress, And force, And

27  Any emplied or Assumed Agreements previously

28  existing between The within parties, Void Ab initio,

1. per CAL. CIVIL code 1585 [or U.C.C. 2-207] our
2. choice, or ANY LAW we chose To use for your RETaliation
3. iN This MATTER, or Mr. BAKER's Lone Litigations iN This Matter.
4. 7.) THAT ON AUGUST 10, 2012, AT About 15:00 hours
5. I was iN The ReTunda AT The clinic About To enTer
6. behind INMATE BAKER, when I seen C/O MCCOWAN
7. LEAViNG The sgT. Office, UNLocKiNG The gATe,
8. he inTered The clinic behind me, going sTrAighT
9. To INMATE BAKER AT A high rATe of speed, I sTeped
10. ouT of The WAY To bAcK AgAiNsT The clinic WALL.
11. C/O MCCOWAN reached iNMATE BAKER, grAbed him
12. ANd spoNNed him Around forcefully UNNecessArily
13. forcing his hANds behind his bAcK, iNMATe BAKer
14. compLAiNed AbouT The pAiN, ANd C/o McCoWAN focefully
15. MArched him To A Lock up cage. INMATe BAKer did
16. NoThing To provoke This illegal ArbiTrAry ANd AgAiNsT
17. The LAW TreATMenT, we hAd oNly goT To The clinic
18. seconds Ago befor The ATTACK upon iNMATe BAKer
19. by C/o Mc CoWAN, This hAppeNed wiThouT ANy
20. provocATion from INMATE BAKer, or ANy resisTANce.
21.                    VerificATion
22. ThAT I hAve reAd The Above sTATemenTs/TesTimony ANd sweAr
23. UNder penALTy of perJury ThAT They Are True, correcT, commerciAlly
24. JusT, ANd compleTe. The defAuLTiNg or dishoNoring pArTy As
25. AgenT, speAks for The sTATe iN This MATTer ANd BiNds The sTATe
26. To ANy MoneTAry DAMAges or criMiNAL ACTioNs for iNJuries As so
27. sTipulATed by you.        WiThouT PreJudice/All RighTs Reserved,
28. DATed: 08, 17, 2012     C17858 — James. L. DAVis

EXHIBIT COVER PAGE 

Description of this Exhibit:

1. Director Division of Adult Institutions
M. D. Stainer.
Use of Force Revision. Memorandum: October 17, 2014

Number of pages to this Exhibit __2__ pages.

JURISDICTION:  (Check only one)

☐ Municipal Court
☐ Superior Court
☐ Appellate Court
☐ State Supreme Court
■ United States District Court
☐ State Circuit Court
☐ United State Supreme Court
☐ Grand Jury

ExH (1)

State of California                                                                     Department of Corrections and Rehabilitation

# Memorandum

Date    :    October 17, 2014

To      :    Associate Directors, Division of Adult Institutions
             Wardens
             In-Service Training Managers

Subject:   **USE OF FORCE REVISIONS**

The purpose of this memorandum is to provide direction regarding recent revisions to the Department's Use of Force policy which will effect all California Department of Corrections and Rehabilitation (CDCR) staff. (Note: the language underlined in this memorandum reflects revisions to the Department Operations Manual (DOM) effective November 17, 2014). The changes specifically relate to the use of non-deadly force in immediate and controlled use of force situations.

As a reminder, the definitions for immediate use of force and controlled use of force (DOM Section 51020.4) are as follows:

*Immediate use of force is the force used to respond without delay to <u>a situation or circumstance</u> that constitutes an imminent threat to security or the safety of persons. Employees may use immediate force without prior authorization from a higher official.*

*A controlled use of force is the force used in an institution/facility setting, when an inmate's presence or conduct poses a threat to safety or security and the inmate is located in an area that can be controlled <u>or isolated</u>. These situations do not normally involve the immediate threat to loss of life or immediate threat to institution security. All controlled use of force situations require the authorization and the presence of a First or Second Level Manager, or Administrative Officer of the Day (AOD) during non-business hours. Staff shall make every effort to identify disabilities, to include mental health <u>issues</u>, and note any accommodations that may need to be considered.*

It is critical that all staff understand that immediate force should only be used to respond without delay to a situation or circumstance that constitutes an imminent threat to security or the safety of persons. In the DOM revision effective November 17, 2014, the following definition for imminent threat has been added:

<u>An imminent threat is any situation or circumstance that jeopardizes the safety of persons or compromises the security of the institution, requiring immediate action to stop the threat. Some examples include, but are not limited to: an attempt to escape, on-going physical harm or active physical resistance.</u>

EXH (α)

Associate Directors, Division of Adult Institutions
Wardens
In-Service Training Managers
Page 2 of 2

In addition to the above noted definitions, DOM Section 51020.8 has been revised and states the following regarding non-deadly force:

*Non-deadly force will only be used when reasonably necessary to:*
*Subdue an attacker.*
*Overcome resistance.*
*Effect Custody or to*
*Gain compliance with a lawful order.*

*Immediate force may be necessary to subdue an attacker, overcome resistance, or effect custody. If it is necessary to use force solely to gain compliance with a lawful order, controlled force shall be used.*

Although refusing a direct order may create a potential threat, it does not always present an imminent threat. When an inmate is refusing to comply with a lawful order, but there is no imminent threat and time and circumstances are such that advanced planning, staffing and organization can be implemented to gain compliance without jeopardizing institutional security or the safety of persons, staff shall contact the custody supervisor responsible for that area and the controlled use of force process shall be followed. It is essential that staff understand when an inmate is located in an area that can be isolated and contained (cell, small management yard, etc.), then the use of force will almost always be controlled unless there is an imminent threat of great or serious bodily injury. In addition, staff should not intentionally remove a barrier that exists (by opening a cell door or entering a fenced yard area) and risk confrontation with an inmate when, based on the totality of circumstances, a controlled use of force is appropriate.

Custody supervisors and managers will receive this training during the Controlled Use of Force Training scheduled in October and November 2014. To ensure all other institutional staff are aware of this revision, training in the form of On-the-Job Training shall be accomplished by conducting unit meetings wherein the unit manager and supervisors will advise staff of the revision and ensure all staff have a clear understanding of the change and expectations of how staff are to respond when faced with a possible use of force situation.

Wardens shall ensure this training is completed for all institution staff no later than November 16, 2014. Training shall be recorded using the IST Code B2670, titled DOM Chapter 5, Article 2, Use of Force Revisions 11/17/14.

If you have any questions with regard to the information presented in this memorandum, please contact your respective Associate Director.

M. D. STAINER
Director
Division of Adult Institutions

Attachments

cc:   Chief Executive Officers      Regional Administrators

EXHIBIT COVER PAGE 

Description of this Exhibit:

1. motion For Appointment of Counsel
28 U.S.C. 1915 (e)(1).

Number of pages to this Exhibit _____ 4 _____ pages.

JURISDICTION:  (Check only one)

☐ Municipal Court
☐ Superior Court
☐ Appellate Court
☐ State Supreme Court
■ United States District Court
☐ State Circuit Court
☐ United State Supreme Court
☐ Grand Jury

Timothy R. Baker
CSP-Los Angeles County
BF2-129 Low
P.O. Box 4490
Lancaster, CA 93539

In Pro-Per

In The United States District Court
For The Eastern District of California
Saccamento Division

Timothy R. Baker
  Plaintiff

Vs.

Warden Jeff Macomber et,al
Officer J. Mc Cowan
Officer Snipes
Sergeant C. Andes
Sergeant B. Cross
Officer M. Dulaney

Sued In Their Individual And
Official Capacities
  Defendants.

Motion For Request For
Appointment of Counsel

Case No:_____

28 U.S.C. 1915(e)(1)

Pursuant to 28. U.S.C. § 1915(e)(1) plaintiff moves
for an appointment of Counsel or that the court
"Request" that counsel represent plaintiff in this
action to ensure a balanced pretrial conference,
proceedings, and trial pursuant to 28 U.S.C. 1915(e)(1)
In support of this motion plaintiff states: The issues
involved with the complaint are complex and outside
the comprehension and full understanding of
plaintiff.

(1)

There exist a likelyhood plaintiff will need a medical expert pursuant to Federal Rules of Evidence. 706 to explain to the Court and Jury the extent of plaintiffs Injuries and suffering from defendants Constitutional violations. In which the statute Authorizing plaintiffs In Forma Pauperis Status does not authorize the expenditure of public funds for expert witnesses. (See) 28 U.S.C. 1915. Tedder V. Odel 890 F.2d 210 211-12 (9th Cir 1989)(Also see) Boring V. Kozakiewiez 833 F.2d 468, 474 (3rd cir. 1987).

There exist Scientific, technical, or other specialized need for knowledge of a expert that will assist the trier of fact to understand the evidence or decide a fact in issue. only from the Court Pro-Bono panel threw the appointment of Counsel will plaintiff be able to obtain a medical expert to assist in the Case. Plaintiff will be unable to explain how the extent of his injury has rendered him permanently impaired, in his Left shoulder. with numbness. Plaintiff does request the legal skill, and expertise or medical Knowledge to cross examine multiple witnesses that are expected to testify at trial. Not only does this Case present Complex and scientific issues, Plaintiff has a grade Point average of 0.1 raw score And is Currently diagnosed with serious mental Health Disabilities, that alters my Judgment, thinking ability, and that deteriorates often and I am under the Care of Psychologist and Psychiatrist. my mental Health is unpredictable and affects my daily Life Functions. I routinely get help from other prisoners to assist me in preparing legal documents and there exist exceptional Circumstances that require, the appointment of Counsel. In addition Im being denied physical access to a Law Library

(2)

And is unable to study research, make photo copies, or obtain necessary needed legal supplies. Plaintiff has the burden of demonstrating exceptional circumstances (see) Palmer V. Valdez 560 F. 3d 965, 970 (9th cir. 2009). only in exceptional circumstances may the court request an Attorney to voluntarily to represent A. plaintiff. (See) 28 USC. 1915 (e)(1); Terrell V. Brewer 935 F. 2d 1015, 1017 (9th cir. 1991); And Wood V. Housewright 900 F.2d 1332, 1335-36 (9th cir. 1990). Based on plaintiffs mental Health disability/s and heavy dependance on other prisoners to prepair legal documents, plaintiff does not have the ability to articulate his claims at trial and in light of the complexity of the legal issues Involved. (See) Agyeman V. Corrections Corp of America 390 F. 3d 1101 (9th cir. 2004). There exist A likelyhood that plaintiff has an opportunity to be successful on the merits. (see) Wilborn V. Escalderon 789 F. 2d 1328, 1331. (9th cir. 1986).

For the foregoing reasons, plaintiff respectfully request for the Court to request for A Attorney to represent him in the remaineder of this action Plaintiff further request for the appointment of A. medical expert pursuant to Federal Rules of evidence 706 As there exist scientific, technical and other issues that requires A expert to assit the trier of fact to understand the evidence or decide a fact in issue. The court has the discretion to appoint A independent expert witness pursuant to Fed. R. Evid. 706. (See) Walker V. American Home shield Long Term Disability Plan 180 F. 3d 1065, 1071 (9th cir. 1999)(Also See) Ledford V. Sullivan 105 F.3d 354, 358-59 (7th cir. 1997).

(3)

AS. Such, plaintiff respectfully request the appoint ment of counsel for these reasons to hire a expert witness on behalf of plaintiff or for the court to appoint A Expert witness (medical expert) to attend the trial that is Neutral, to be shared by the parties. Plaintiff has attempted to hire counsel.

This motion Is Not brought for delay, harassment or any special favors, Plaintiff respectfully request for the court to grant the motion or order defendants to show cause why the motion should not be granted.

Dated: _____,

Respectfully submitted

_Ernesty Ray Baker_

Plaintiff

I declare under penalty of perjury that the foregoing Is true And Correct.

_____,   _Ernesty Ray Baker._

(4)

# EXHIBIT COVER PAGE 

Description of this Exhibit:

9. Attorneys Request for Representation

Number of pages to this Exhibit _____9_____ pages.

JURISDICTION: (Check only one)

☐ Municipal Court
☐ Superior Court
☐ Appellate Court
☐ State Supreme Court
■ United States District Court
☐ State Circuit Court
☐ United State Supreme Court
☐ Grand Jury

Law Office Of

# MITRI HANANIA

Telephone (650) 366-6789                                         Fax (650) 364-6262

November 30, 2012

Mr. Timothy Ray Baker
K62174
C-6-121
CSP-Sacramento
P.O. Box 290066
Represa, CA 95671

   Re: *Legal Representation*

   **CONFIDENTIAL ATTORNEY CLIENT COMMUNICATION**

Dear Mr. Baker:

   I am in receipt of your letter dated November 1, 2012. Thank you very much for showing interest in my law office. I am primarily involved in criminal litigation. However, I did tell Mr. Hunt that I would take from time to time a select number of civil tort claims. Please forward to me your documents. I will look over your case and see what I can do. If for any reason I cannot take your case, I will forward your paperwork to another lawyer so they can review your case.

   In addition, in your next letter, please describe for me any temporary or permanent adverse health conditions that have been triggered as a result of this. Are you getting any follow up medical care? Did you suffer any kind of a loss as result of this such as: loss of a CDC job; unable to attend a parole hearing; etc.? Whatever details that you can provide me will help me analyze your claim. I look forward to hearing from you.

Very truly yours,

Mitri Hanania
Attorney-at-Law

620 Jefferson Avenue • Redwood City, California 94063

Law Office Of

# MITRI HANANIA

Telephone (650) 366-6789                                      Fax (650) 364-6262

January 5, 2013

Mr. Timothy Ray Baker
K62174
FC-6-121
CSP-Sacramento
P.O. Box 290066
Represa, CA 95671

Re:    *Legal Representation*

## CONFIDENTIAL ATTORNEY CLIENT COMMUNICATION

Dear Mr. Baker:

I am in receipt of your letter dated December 8, 2012. After reviewing your documentation, while I feel you have a valid claim for damages against the defendants in your civil suit, I do not believe the claim is worth that much. In my opinion, you are better off at this point representing yourself and collecting as much as you can. I will remain available if you have further questions or if you need some minor assistance. In addition, I will let you know if anyone else has an interest in representing you in relation to this claim. Take care and please remain in touch.

Very truly yours,

Mitri Hanania
Attorney-at-Law

620 Jefferson Avenue • Redwood City, California 94063

Law Office Of

# MITRI HANANIA

Telephone (650) 366-6789                                                                Fax (650) 364-6262

January 23, 2013

Mr. Timothy Ray Baker
K62174
FC-6-121
CSP-Sacramento
P.O. Box 290066
Represa, CA 95671

       Re:    *Legal Representation*

## CONFIDENTIAL ATTORNEY CLIENT COMMUNICATION

Dear Mr. Baker:

      I am in receipt of your letter dated January 11, 2013. I want to respectfully inform you that I am not interested in taking on your case. I do not feel there is much of a claim here to justify the time and expense of taking this claim. I do agree with you that YOU should pursue your claim and let's just see what type of offer they make you. I have confidence in you in handling this claim and I believe that the Court will assist you as much as possible knowing that you are in pro per (meaning you are representing yourself in court). Good luck Mr. Baker and I wish you nothing but success.

      Very truly yours,

Mitri Hanania
Attorney-at-Law

620 Jefferson Avenue • Redwood City, California 94063

Law Office Of

# MITRI HANANIA

Telephone (650) 366-6789                                                          Fax (650) 364-6262

February 15, 2013

Mr. Timothy Ray Baker
K62174
FC-6-121
CSP-Sacramento
P.O. Box 290066
Represa, CA 95671

Re:    *Legal Representation*

### CONFIDENTIAL ATTORNEY CLIENT COMMUNICATION

Dear Mr. Baker:

I am in receipt of your letter dated February 13, 2013. I did in fact discuss your case with another lawyer and his assessment was the same as mine. The issue is while your claim has merit, the amount of recovery will not be enough. Meaning: the amount of damages will not be enough to interest an attorney to take the case over. That is why I feel you should represent yourself and see what kind of settlement the state will offer. That way you can keep as much of it as possible without splitting it with an attorney. I will remain available to discuss that settlement with you when the time comes. Until then, I am sure you will do fine.

Please let me know if you have any further questions.

Very truly yours,

Mitri Hanania
Attorney-at-Law

**620 Jefferson Avenue • Redwood City, California 94063**

Law Office Of

# MITRI HANANIA

Telephone (650) 366-6789                                    Fax (650) 364-6262

April 2, 2013

Mr. Timothy Ray Baker
K62174
FC-6-121
CSP-Sacramento
P.O. Box 290066
Represa, CA 95671

      Re:    *Legal Representation*

**CONFIDENTIAL ATTORNEY CLIENT COMMUNICATION**

Dear Mr. Baker:

    I am in receipt of your letter dated March 23, 2013. I have included the summons and complaints that you mailed me with this letter as you requested. Again, I apologize that I was not able to take your case or find an attorney to assist you.

Very truly yours,

Mitri Hanania
Attorney-at-Law

620 Jefferson Avenue • Redwood City, California 94063

# Attorney Referral and Information Service
## of the Fresno County Bar Association
State Bar Certification #0016

**FCBA**

1221 Van Ness Avenue, Suite 300
Fresno, California 93721-1720
Telephone (559) 264-0137
Fax (559) 264-8726
Email bobbielee@fresnocountybar.org
Web Site www.fresnocountybar.org

**ARIS COMMITTEE**
Cheryl L. Browns, Chair
Anita Apok
R. Frank Butler
Bobbie Lee
Patricia B. O'Neil
Melvin M. Richtel
Hugh W. Willoughby

April 19, 2013

Timothy Baker CDC# K62174
CSP-Sacramento-FC6-121 Low
P.O. Box 290066
Represa, CA 95671

Re:   Attorney Referral and Information Service

Dear Mr. Baker,

We have attorneys that volunteer their time with our program to give clients up to a half hour of legal advice for an administrative fee of $35 we charge for our referrals. However, we do **not** have attorneys signed up with our service at this time that are taking personal injury cases outside of a car accident. You would need to look in the attorney guide section of the phonebook under personal injury, or you may contact the San Francisco LRS and Sacramento LRS to see if they have any attorneys that take personal injury cases. They can be contacted at:

**Sacramento LRS**
1731 Howe Ave. PMB 200
Sacramento, CA 95825
**Phone:** (916) 564-6707

**San Francisco LRS**
301 Battery St. 3rd Floor
San Francisco, CA 94111
**Phone:** (415) 989-1616

Sincerely,

Vanessa Rios
Attorney Referral and Information Service



THE BAR ASSOCIATION OF
SAN FRANCISCO

January 6, 2014

Timothy Ray Baker CDCR# K62174
California State Prison- Sacramento
P.O. Box 290066
Represa, CA 95671

Dear Mr. Baker,

The LRIS has received your inquiry about a personal injury attorney. To better assist you
with your request for a personal injury attorney, we have a few additional questions that will
help us clarify what you need from an attorney. Please clearly submit your responses to the
following:

What are you injuries? When and where did the injuries take place?
Who is the person(s) that injured you?
Do you have any permanent injuries?

If this is about an injury that you acquired while being incarcerated, please contact the
following:

> Prison Law Office
> General Delivery
> San Quentin, CA 94964

If you have internet access and want to find out how to file a suit on your own, you can visit
jailhouselaw.org to access Prison Law Project's "Jailhouse Lawyer's Handbook".

Thank you for your correspondence.  We wish you the best of luck in finding resolution to
your legal matter.

Thank you for your correspondence.

Sincerely,
The Staff
Lawyer Referral and Information Service



Paralegal
Laura A. Denies

Office Manager
Debi Jonigian-Schmidt

377 W. Fallbrook #205
P.O. Box 25001
Fresno, CA, 93729

559.261.2222
Fax: 559.436.8163
legal.schmidt@gmail.com

April 15, 2014

Timothy Baker, K-62174
CSP-SAC/ FCG-121L
PO Box 290066
Represa, CA 95671-0066

Dear Mr. Baker:

Thanks for your time on the phone today. My hourly rate is $350.00 per hour, and my assistants' rates are quoted in the enclosed contract. My minimum retainer is $3,500.00.

Also enclosed is our standard money management letter describing the services and fees.

Hope to work with you in the near future.

Regards,

William L. Schmidt

WLS:djs
Enc.



LAW OFFICES OF JOHN L. BURRIS
7677 OAKPORT STREET, SUITE 1120
OAKLAND, CA  94621
TELE: 510 839-5200
FACSIMILE: (510) 839-3882

April 16, 2014

TIMOTHY BAKER
CALIFORNIA STATE PRISON-SACRAMENTO, C-6-121L K62174
P.O. BOX 290066
REPRESA, CA, 95671

Dear: TIMOTHY BAKER

      After careful consideration, we have concluded that it is not feasible for this law firm to represent you. This is not intended to be an opinion concerning the merits of your case, we are merely indicating that we are unable to represent you.

      If you intend to pursue these claims, you should immediately contact another attorney to obtain legal representation. You should be aware that there are strict time limitations within which you must act in order to protect your rights in this matter. Failure to file a lawsuit within the requisite time may mean that you could be barred forever from pursuing your action.

      We regret that we could not take your case and we wish you success in pursuing the matter with other counsel.  Please be advised that, in order to protect your privacy, our office destroy all written correspondence, photos, and additional materials accompanying inquiries for representation.

Sincerely,

THE LAW OFFICES OF JOHN L. BURRIS

**Dictated by writer but not read;**
**Mailed in His Absence to Avoid Delay**

John L. Burris, Esq.
JLB:dc

EXHIBIT COVER PAGE 

Description of this Exhibit:

1. Inmate 602 Appeal, 2. Staff Complaint 1858, 3. 7219 Injury Report
4. 7362 SICK Call slips, 5. 7410 Accommodation Medical Chrono, 6. Shots.
7. R.N's & Drs. Treatment, Progress Notes, Diagnoses, Drs Procedure Notes
8. Medical Chrono's Showing My
Disabilitys & Restrictions.

Number of pages to this Exhibit ___33___ pages.

#'s 1 — 33

JURISDICTION: (Check only one)

☐ Municipal Court
☐ Superior Court
☐ Appellate Court
☐ State Supreme Court
■ United States District Court
☐ State Circuit Court
☐ United State Supreme Court
☐ Grand Jury



STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

```
1208191
K62174
```

| IAB USE ONLY | Institution/Parole Region: | Log # | Category: |
|---|---|---|---|
| | SACC | 92-02492 | F |
| | FOR STAFF USE ONLY | | |

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations, Title 15, Section (CCR) 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that lead to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

**Appeal is subject to rejection if one row of text per line is exceeded.**          **WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| Baker Timothy | K62174 | C6-121L | ABE III |

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):

Staff Assault/Excessive Force

**A. Explain your issue** (If you need more space, use Section A of the CDCR 602-A): On 8-10-12 @ 1450 C/o McCowan used excessive force while I was in hand cuffs by over extending my arms & wrist

**B. Action requested** (If you need more space, use Section B of the CDCR 602-A): 1) That no reprisal in the form of retaliation take place 2) Treat as a Staff Complaint 3) Report it to the Hiring Authorities

**Supporting Documents: Refer to CCR 3084.3.**

☑ Yes, I have attached supporting documents.

List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

7219,1 medical record Showing I Sought Attn meds given for pain Cortisone Shot in LF Shoulder

☑ No, I have not attached any supporting documents. Reason: I have to get my 7219 Incident Report from my Medical Records

Inmate/Parolee Signature: _Timothy R Baker_          Date Submitted: 8-10-12

☐ By placing my initials in this box, I waive my right to receive an interview.

**C. First Level - Staff Use Only**          Staff – Check One: Is CDCR 602-A Attached? ☑ Yes ☐ No

This appeal has been:
☐ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter) Date: _____
☑ Accepted at the First Level of Review.

Assigned to: B. Cross          Title: SGT          Date Assigned: 8-29-12          Date Due: 9-26-12

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.

Date of Interview: 9-16-12          Interview Location: C6 Block Office

Your appeal issue is: ☐ Granted ☑ Granted in Part ☐ Denied ☐ Other: _____

See attached letter. If dissatisfied with First Level response, complete Section D.

Interviewer: B. Cross          Title: SGT          Signature: _____          Date completed: 9-16-12
          (Print Name)

Reviewer: V. Dixon          Title: AW (A)          Signature: _____
          (Print Name)

Date received by AC: 9-26-12

Reviewed by Adams, Anthony

**AC Use Only**
Date mailed/delivered to appellant 9-26-12

**D. If you are dissatisfied with the First Level response,** explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response. If you need more space, use Section D of the CDCR 602-A.

Dissatisfied. Staff did violate CDCR policy on using force when there is no need for using excessive force Officer J. McCowan used excessive force when he overextended my Arms in Cuffs behind my back up above my mid back. There was no reason to Cuff me behind my back after being told I had a waist restraint Chrono. Sgt C. Andes told me he could do it.

Inmate/Parolee Signature: _Timothy R Baker_          Date Submitted: _10-18-12_

---

**E. Second Level - Staff Use Only**                 Staff – Check One: Is CDCR 602-A Attached? ☑ Yes  ☐ No

This appeal has been:
☐ By-passed at Second Level of Review. Go to Section G.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)
☑ Accepted at the Second Level of Review

Assigned to: ___KA DALY___ Title: _CCII_ Date Assigned: _10-25-12_ Date Due: _12-7-12_

Second Level Responder: Complete a Second Level response. If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.

Date of Interview: _7/6/12_           Interview Location: _Fur_

Your appeal issue is: ☐ Granted  ☑ Granted in Part  ☐ Denied  ☐ Other: _____

See attached letter. If dissatisfied with Second Level response, complete Section F below.

Interviewer: _NA_ (Print Name)  Title: _NA_  Signature: _NA_  Date completed: _12/12/12_

Reviewer: _Tim V. Virga_ (Print Name)  Title: _Warden_  Signature: _TV_  X 9-13-13

Date received by AC: _12/19/2012_ x Tim V. Virga x Warden x JMG  IE 12/21/12  10-2-13

7/11/14 x C. RE M. combs x Warden(x) _a-10-14_

AC Use Only
Date mailed/delivered to appellant _12/19/2012_ 13-14

---

**F. If you are dissatisfied with the Second Level response,** explain reason below; attach supporting documents and submit by mail for Third Level Review. It must be received within 30 calendar days of receipt of prior response. Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001. If you need more space, use Section F of the CDCR 602-A.

Dissatisfied.) with respect to the Hiring Authority, Warden Tim V. Virga, Sgt. C. Andes are Vicariously responsible for the actions of their subordinate (via) C/O J. McCowan. C/O J. McCowan used excessive force when it wasn't necessary. He over extended my arms as far as he could while I was cuffed behind my back, w/waist restraint Chrono.

Inmate/Parolee Signature: _Timothy R Baker_          Date Submitted: _1-4-13_

---

**G. Third Level - Staff Use Only**                  FEB 20 2013   APR 16 2013   Postmarked 1-8-13. LH

This appeal has been:
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ AC Date: 12/13/13 Date: _____ Date: _____
☐ Cancelled (See attached letter)  Date: _____
☑ Accepted at the Third Level of Review. Your appeal issue is ☐ Granted  ☐ Granted in Part  ☑ Denied  ☐ Other: _____
See attached Third Level response.

Third Level Use Only
Date mailed/delivered to appellant MAY 19 2014

---

**Request to Withdraw Appeal:** I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

_____

_____

_____

Inmate/Parolee Signature: _____          Date: _____

Print Staff Name: _____  Title: _____  Signature: _____  Date: _____

Exh ②

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| | IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|---|
| | | SAC-C | 12-0242 | 7 |
| | 1208191 | | FOR STAFF USE ONLY | |

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.
Appeal is subject to rejection if one row of text per line is exceeded.

WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| Baker Timothy R | K62174 | C6-121L | ABE III |

A. **Continuation of CDCR 602, Section A only (Explain your issue)** : On 8-10-12 @
C Facility Medical Clinic, I was confronted
with harassment from Co Snipes, for talking
to another I/m she yelled "Say no riff raff
take it down the hall." I did so, where upon
my arrival Clo McCowan came in throwing
his weight around & yelled out whats
the problem then came straight over
to me. He said you need to sit down as
I started to sit down he said do you
got a problem, I say I do now. He said
turn around & cuff up I said for what
Ive done nothing wrong he said cuff up!
I did so. He escorted me outside to the
holding Cages I told him verbatim I'm
not scared of you. As I said that he
he then over extended my arms & my
wrists while in Coffs. He then said If you
feel froggy) jump Inciting & envoking violence
or threats to do bodily harm to me.

Inmate/Parolee Signature: Timothy R Baker
Date Submitted: 8-10-12

B. **Continuation of CDCR 602, Section B only (Action requested):** 1) That no reprisal takes
place in the form of Retoliation. 2) Treat as a
staff complaint for staff assault & Excessive
force against me, 3) That this be reported to the
Hiring Authorities 4) That Clo McCowan be
reprimanded for his excessive force applied
as well as the staff assault 5) That his immediate
supervisor be reprimanded for condoning his
negative behavior and justifying Clo mccowans
excessive force & staff assaultive actions 6) That
I be awarded punitive damages, for cruel &
unusual punishment, 7) That he be removed from C Fac

Inmate/Parolee Signature: Timothy R Baker
Date Submitted: Aug 10, 2012.

STATE OF CALIFORNIA                                                                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE/PAROLEE APPEAL FORM ATTACHMENT
CDCR 602-A (08/09)                                                                                                                          Side 2

Case 2:15-cv-00248-TLN-AC   Document 1   Filed 01/29/15   Page 56 of 128

**D. Continuation of CDCR 602, Section D only (Dissatisfied with First Level response):** Sgt C. Andes asked me how did he use excessive force. I showed him by doing exactly what C/o. McCowan did when he over-extended my arms behind my back during escort It caused me a great deal of discomfort as to have to seek further medical Attention. I stated I have a waistrestraint Chrono. He disregarded that. C/o Dulaney & C/o olsen had the situation under Control as my escorting building officers C/o. J. McCowan Came into ( medical abusing his authority Came straight over to me when there was at least 6 to 8 I/ms He asked me directly do you have a problem. you need to take a seat I did as I was directed. He said stand up and face the wall and cuff up, I asked him why do i have to do that. All I did was paused to Greet another Muslim who Greeted me Assalaamu- Alaikum. Im allowed to speak to or talk to other Inmates. He singled me out as Im a Muslim who was wearing a Kufi Cap. whereupon exiting medical. He told me if you "feel froggy Jump" then over extended my arms I wasn't resisting, Sgt C. Andes did not follow Policy and or do an CDCR form 837-A-#1 crime Incident report he said Staff did nothing wrong & that he Could escort me the way he did.

**Inmate/Parolee Signature:** _Timothy R Baker_      **Date Submitted:** Oct 18, 2012

**F. Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response):** On 8-10-12 while being attended to Medically by LVN Joe Maglihan . Sgt C. Andes asked me in the precense of the offending officer J. McCowan "BAKER" How did C/o J. McCowan use excessive force? what did he do? I showed him by forcefully placing both hands in the position that C/o J. McCowan had placed them in behind my back and raising them up exactly how C/o J. McCowan did with great difficulty, As it hurts to demonstrate it without aggravating my left shoulder. thus Causing great pain. Warden Tim V. Virga C Facility Captain D. Deroco, and Sgt. C. Andes are all solely resposible for what their officers do. They allow their subordinates to use excessive force, use retaliation for Inmates filing 602 Grievances to Challenge Policies and procedures. these (3) Superior CDCR personnel Condones their Subordinates actions. They all Cover for Each other. there is a "O" Tolerance for Greenwall Code of Silence.

**Inmate/Parolee Signature:** _Timothy R Baker_      **Date Submitted:** 1-4-13

STATE OF CALIFORNIA                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION
RIGHTS AND RESPONSIBILITY STATEMENT
CDCR 1858 (Rev. 10/06)

## RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections and Rehabilitation has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

*Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:*

YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER [this includes a departmental peace officer]   FOR ANY IMPROPER POLICE   [or peace] OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS' [or inmates'/parolees'] COMPLAINTS.  YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY.   CITIZEN [or inmate/parolee] COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED |
| --- | --- | --- |
| Timothy R Baker | | Feb 28, 2013 |
| INMATE/PAROLEE PRINTED NAME | INMATE/PAROLEE'S SIGNATURE | CDC NUMBER   DATE SIGNED |
| Timothy R Baker | | K62174   2-28-13 |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED |

DISTRIBUTION:
ORIGINAL -
Public - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant

State of California                                                      Youth and Adult Correctional Agency.

# Memorandum

Date : February 17, 2004

To   : All California Department of Corrections Employees

Subject:   ZERO TOLERANCE REGARDING THE "CODE OF SILENCE"

The California Department of Corrections (CDC) is only as strong as the values held by each of its employees, sworn and non-sworn. How we conduct ourselves inside our institutions and in the Central Office is a reflection of those values.

The "Code of Silence" operates to conceal wrongdoing. One employee, operating alone, can foster a Code of Silence. The Code of Silence also arises because of a conspiracy among staff to fail to report violations of policy, or to retaliate against those employees who report wrongdoing. Fostering the Code of Silence includes the failure to act when there is an ethical and professional obligation to do so.

Every time a correctional employee decides not to report wrongdoing, he or she harms our Department. and each one of us by violating the public's trust. As members of law enforcement, all Correctional Officers must remain beyond reproach. The public's trust in this Department is also violated by retaliating against, ostracizing, or in anyway undermining those employees who report wrongdoing and/or cooperate during investigations. There is no excuse for fostering a Code of Silence.

Your hard fought efforts to protect the public deserve recognition. Recently, however, the public's trust has been undermined by the operation of a Code of Silence within the CDC. To correct this problem we are taking steps to ensure the Department exemplifies integrity and instills pride. Part of this effort is the immediate implementation of a zero tolerance policy concerning the Code of Silence. We will not tolerate any form of silence as it pertains to misconduct, unethical, or illegal behavior. We also will not tolerate any form of reprisal against employees who report misconduct or unethical behavior, including their stigmatization or isolation.

Each employee is responsible for reporting conduct that violates Department policy. Each supervisor and manager is responsible for creating an environment conducive to these goals. Supervisors are responsible for acquiring information and immediately conveying it to managers. Managers are responsible for taking all appropriate steps upon receipt of such information, including initiating investigations and promptly disciplining all employees who violate departmental policy.

Any employee, regardless of rank, sworn or non-sworn, who fails to report violations of policy or who acts in a manner that fosters the Code of Silence, shall be subject to discipline up to and including termination.

RICHARD RIMMER                          RODERICK Q. HICKMAN
Director (A)                            Agency Secretary
California Department of Corrections     Youth and Adult Correctional Agency

MEDICAL REPORT OF INJURY
OR UNUSUAL OCCURRENCE

| NAME OF INSTITUTION | FACILITY/UNIT | REASON FOR REPORT *(circle)* | | ON THE JOB INJURY | DATE |
|---|---|---|---|---|---|
| C-SP-SAC | C Facility | USE OF FORCE  INJURY  UNUSUAL OCCURRENCE | | PRE AD/SEG ADMISSION | 8/10/12 |

| THIS SECTION FOR INMATE ONLY | NAME | LAST Baker | FIRST Timothy | CDC NUMBER K62174 | HOUSING LOC. C6121 | NEW HOUSING LOC. |
|---|---|---|---|---|---|---|
| THIS SECTION FOR STAFF ONLY | NAME | LAST | FIRST | BADGE # | RANK/CLASS | ASSIGNMENT/RDOs |
| THIS SECTION FOR VISITOR ONLY | NAME | LAST | FIRST | MIDDLE | DOB | OCCUPATION |
| | HOME ADDRESS | | CITY | STATE | ZIP | HOME PHONE |

| PLACE OF OCCURRENCE C Medical | DATE/TIME OF OCCURRENCE 8/10/12 | NAME OF WITNESS(ES) |
|---|---|---|

| TIME NOTIFIED 15:45 | TIME SEEN 15:50 | ESCORTED BY Sgt C. Andes | MODE OF ARRIVAL *(circle)* LITTER WHEELCHAIR AMBULATORY ON SITE | AGE 37 | RACE BlK | SEX M |
|---|---|---|---|---|---|---|

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE

| INJURIES FOUND?  YES / NO | |
|---|---|
| Abrasion/Scratch | 1 |
| Active Bleeding | 2 |
| Broken Bone | 3 |
| Bruise/Discolored Area | 4 |
| Burn | 5 |
| Dislocation | 6 |
| Dried Blood | 7 |
| Fresh Tattoo | 8 |
| Cut/Laceration/Slash | 9 |
| O.C. Spray Area | 10 |
| Pain | 11 |
| Protrusion | 12 |
| Puncture | 13 |
| Reddened Area | 14 |
| Skin Flap | 15 |
| Swollen Area | 16 |
| Other | 17 |
| | 18 |
| | 19 |

| O.C. SPRAY EXPOSURE? | YES / NO |
|---|---|
| DECONTAMINATED? | YES / NO |
| Self-decontamination instructions given? | YES / NO |
| Refused decontamination? | YES / NO |
| Q 15 min. checks | |
| Staff issued exposure packet? | YES / NO |

| RN NOTIFIED/TIME N/A | PHYSICIAN NOTIFIED/TIME N/A |
|---|---|

TIME/DISPOSITION

| REPORT COMPLETED BY/TITLE  (PRINT AND SIGN) LVN, Joe Maalihan | BADGE # | RDOs |
|---|---|---|

*(Medical data is to be included in progress note or emergency care record filed in UHR)*

CDCR 7219 (Rev. 11/05)    DISTRIBUTION:    ORIGINAL - Custody    CANARY - Inmate/Employee    PINK - Health and Safety / RTW Coordinator (only work related injury)

EXHC (6)

Please Treat as an Emergency (7362)

1953907

STATE OF CALIFORNIA
CDC 7362 (Rev. 03/04)

**HEALTH CARE SERVICES REQUEST FORM**

DEPARTMENT OF CORRECTIONS

| PART I: TO BE COMPLETED BY THE PATIENT |
|---|

*A fee of $5.00 may be charged to your trust account for each health care visit.*

**If you believe this is an urgent/emergent health care need, contact the correctional officer on duty.**

REQUEST FOR:    MEDICAL ☑    MENTAL HEALTH ☐    DENTAL ☐    MEDICATION REFILL ☐

NAME: Timothy R Baker    CDC NUMBER: # K62174    HOUSING: C6-121 Low

PATIENT SIGNATURE: Timothy R. Baker    DATE: Aug 10, 2012

REASON YOU ARE REQUESTING HEALTH CARE SERVICES. (Describe Your Health Problem And How Long You Have Had The Problem) On 8-10-12 Officer C/O McSwain used excessive force by over extending my arms while being cuffed up behind my back with a waist restraint chano my left shoulder is in a lot of pain due to it being over extended.

NOTE: IF THE PATIENT IS UNABLE TO COMPLETE THE FORM, A HEALTH CARE STAFF MEMBER SHALL COMPLETE THE FORM ON BEHALF OF THE PATIENT AND DATE AND SIGN THE FORM Please Dreat me In ASAP.

| PART III: TO BE COMPLETED AFTER PATIENT'S APPOINTMENT |
|---|

☒ Visit is not exempt from $5.00 copayment. (Send pink copy to Inmate Trust Office.)

| PART II: TO BE COMPLETED BY THE TRIAGE REGISTERED NURSE |
|---|

Date / Time Received: 8-11-12   1930    Received by: S. Carolina RN

Date / Time Reviewed by RN: 8-13-12   1945    Reviewed by: S. Carolina RN

S:      Pain Scale: 1   2   3   4   5   6   7   8   9   10

O:   T: 98²   P: 70   R: 18   BP: 116/73    WEIGHT: 215    98%

A:

P: RN line

☒ See Nursing Encounter Form musculosk

RECEIVED
AUG 14

E:

| APPOINTMENT SCHEDULED AS: | EMERGENCY (IMMEDIATELY) ☐ | URGENT (WITHIN 24 HOURS) ☐ | ROUTINE (WITHIN 14 CALENDAR DAYS) ☒ |
|---|---|---|---|

REFERRED TO PCP: yes    DATE OF APPOINTMENT: TBD

COMPLETED BY: P Ambrose    NAME OF INSTITUTION: CSP Sac

PRINT / STAMP NAME: P Ambrose    SIGNATURE / TITLE: P Ambrose RN    DATE/TIME COMPLETED: 8/13/12   1045

CDC 7362 (Rev. 03/04)   Original - Unit Health Record   Yellow - Inmate (if copayment applicable)   Pink - Inmate Trust Office (if copayment applicable)   Gold - Inmate

EX H (7)

# COMPREHENSIVE ACCOMMODATION CHRONO

**INSTRUCTIONS:** A physician shall complete this form if an inmate requires an accommodation due to a medical condition. Circle P if the accommodation is to be permanent, or T if the accommodation is to be temporary. If the accommodation is temporary, write the date the accommodation expires on the line. A new form shall be generated when a change to an accommodation is required or upon renewal of a temporary accommodation. Any new form generated shall include previous accommodations, if they still apply. Chronos indicating permanent accommodations shall be reviewed annually. This form shall be honored as a permanent chrono at all institutions.

## A. HOUSING

None

1. Barrier Free/Wheelchair Access  P / T _____
2. ~~Ground Floor Cell~~ Lower (P)/T 12month
3. Continuous Powered Generator  P / T _____
4. Bottom Bunk  (P)/T 12month
5. Single Cell (See 128-C date: _____ )  P / T
6. Permanent OHU / CTC (circle one)  P / T
7. Other _____  P / T _____

## B. MEDICAL EQUIPMENT/SUPPLIES

None

8. Limb Prosthesis  P / T _____
9. Brace  knee brace  (P)/T 12month
10. Crutches WRIST  P / T _____
11. Cane: (type) wooden  (P)/T 12month
12. Walker  P / T _____
13. Dressing/Catheter/Colostomy Supplies  P / T _____
14. Shoe: (specify) _____  P / T _____
15. Dialysis Peritoneal  P / T _____
16. Wheelchair: (type) _____  P / T _____
17. Contact Lens(es) & Supplies  P / T _____
18. Hearing Aid  P / T _____
19. Special Garment:
    (specify) _____  P / T _____
20. Rx. Glasses: _____  P / T _____
21. Cotton Bedding  P / T _____
22. Extra Mattress  P / T _____
23. Other CPAP machine  (P)/T 12month

## C. OTHER

None

24. Attendant to assist with meal access  P / T _____
    and other movement inside the institution.

Attendant will not feed or lift the inmate/patient or perform elements of personal hygiene.

25. Wheelchair Accessible Table  P / T _____
26. Therapeutic Diet: (specify)  P / T _____
27. Communication Assistance  P / T _____
28. Transport Vehicle with Lift  P / T _____
29. Short Beard  P / T _____
30. Other waist restraint  (P)/T 12month

## D. PHYSICAL LIMITATIONS TO JOB ASSIGNMENTS

Based on the above, are there any physical limitations to job assignments?  ☐ Yes  ☑ No
If yes, specify: 5 y/o LBP/knee pain / DM Neuropathy  Has 1845

| INSTITUTION CSP SAC | COMPLETED BY (PRINT NAME) B. Hamkar | TITLE MD |
|---|---|---|
| SIGNATURE | DATE 9/1/11 | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH |
| HCM/CMO SIGNATURE | DATE 9/2/11 | Baker, Timothy |
| APPROVED (list the number of items approved) 2,4,9,11,23,30 | | K62174 |
| DENIED (list the number of items denied) | | 12/28/60 |

COMPREHENSIVE ACCOMMODATION CHRONO

CDC 7410 (08/04)

C 6121

Exh ( E )

## PURPOSE OF FORM

The purpose of this form is to inform you about the surgical, diagnostic or therapeutic procedure that your Health Care Provider has recommended that you undergo. You should read the form carefully and ask questions before you decide whether or not to give your consent for this operation or procedure.

All operations and procedures may involve risks of unsuccessful results, complications, injury, or even death, from both known and unforeseen causes, and no warranty or guarantee is made as to result or cure. You have the right to be informed of such risks as well as the nature of the operation or procedure, the expected benefits or effects of such operation or procedures, and the available alternative methods of treatment and their risks and benefits. You also have the right to be informed whether your health care provider has any independent medical research or economic interests related to the performance of the proposed operation or procedure. Except in cases of emergency, operations or procedures are not performed until you have had the opportunity to receive this information and have given your consent. You have the right to consent to or to refuse any proposed operation or procedure at any time prior to its performance.

## PROCEDURE

Your attending health care provider is _____Dr. Hamka_____. This physician has recommended the following operation or procedure: __(L) shoulder AC steroid inject__

Upon your authorization and consent, the operation or procedure identified above, together with any different or further procedures which, in the opinion of your health care provider, may be indicated due to any emergency, will be performed on you. The operation or procedure will be performed by the health care provider named above (or in the event of any emergency causing his or her absence, a qualified substitute to be selected by your attending physician) together with associates and assistants, including anesthesiologists and radiologists from the medical staff to whom the health care provider may assign designated responsibilities. The persons in attendance for the purpose of performing specialized medical services such an anesthesia, radiology or pathology may not be direct employees of the institution but are independent contractors for whom the institution retains professional and administrative responsibility.

## SIGNATURE

Your signature below indicates (1) that you have read and understood the information provided in this form, (2) that you have been verbally informed about this operation or procedure, (3) that you have had a chance to ask questions, (4) that you have received all of the information you desire concerning the operation or procedure, and (5) that you authorize and consent to the performance of the operation or procedure. Your signature also authorizes the pathologist to use his or her discretion in the disposition or use of any member, organ, or other tissue removed from your person during the operation(s) or procedure(s) identified above.

_____  9-6-12
Patient or Legal Representative    Date/Time

_____  9/6/12
Witness (include Title and Relationship)  Date/Time

| INTERPRETER/READER NEEDS (Complete only if needed) |
| Every word of this form needs to be (Check the appropriate box): |
| ☐ interpreted into_____, |
| or |
| ☐ read to inmate. |
| Interpreted/Read by: _____ Date____ |
| Signature of Interpreter/Reader |
| Inmate's Signature _____ Date____ |

**DISTRIBUTION:**
Original: Unit Health Record
Copy: Inmate-Patient

RECEIVED
SEP 07 2012

**INFORMED CONSENT TO SURGICAL, SPECIAL DIAGNOSTIC, OR THERAPEUTIC PROCEDURES**
CDC 7342 (Rev 1/00)

CDC NUMBER, NAME (LAST, FIRST, MI), BIRTHDATE

Baker, Timothy
K62174
DOB: 12/28/60

STATE OF CALIFORNIA          DEPARTMENT OF CORRECTIONS

California Department of Corrections and Rehabilitation   Health Care Services Request Form 7362 Reference # *1953907*
Division of Correctional Health Care Services                                                          Inst: CSP-SAC

### Encounter Form: Musculoskeletal Complaint (Non Traumatic)

Name: *Baxter, Timothy*   CDC# *K62174*  DOB *12/28/60*  Date/Time *8/13/12   1035*
Fill in the blanks and check all that apply

**SUBJECTIVE:**

For back pain observe curvature, gait and stance; test for
straight leg raising: *n/a*

Chief Complaint: *① shoulder*
Date and time of onset: *years "@ worst 2007-08*
Location and description of problem:
*① Shoulder*

Dipstick urine if current symptoms or history of flank pain, urinary
frequency, dysuria, and /or burning on urination and hematuria
Results of dipstick / urinalysis: *n/a*

Pain: Scale of 0-10 (0=no pain 10=worst pain): *6-7*
 Area of pain: *① Shoulder*
 Quality of pain: ☐ dull ☐ sharp ☒ aching
  ☒ throbbing ☐ spasm
If low back pain or flank pain assess for urinary
symptoms: ☐ Low back pain ☐ Flank pain *n/a*
Urinary symptoms: ☐ Urinary frequency ☐ Dysuria
 ☐ Burning on urination ☐ Hematuria *n/a*
What makes it better? *medication Ibu, Gabapentin* *hot/cold*
History of prior pain / duration: *pain for yrs, incident*
*c custody 8/10/12 exacerbated pain for a few days,*
Accompanying symptoms: ☐ Muscle spasms *now back to*
 ☐ Numbness ☐ Tingling *pre incident*
 ☐ Other: *n/a* *Pain level*

**ASSESSMENT:**
☐ Impaired physical mobility related to: _____

☒ Pain related to / evidenced: *pt c/o*

**PLAN:**
MD referral completed: (circle)   NO / ☒YES  If yes:
 ☐ STAT ( Positive urine dipstick and patient has signs
  and symptoms consistent with a UTI; alterations in
  circulation or sensation, new deformity or discoloration,
  or patient appears ill or has history of fever, chills,
  headache, nausea, vomiting, or diarrhea; severe muscle
  cramps; muscle weakness with or without fever; warm or
  acutely swollen, joints.)
 ☐ Urgent   ☒ Routine
 ☐ Orders received by phone from POC
Physician notified (name / time) _____
Physician Responded (time) _____ *n/a*

History of: ☐ fever ☐ chills ☐ headache
 ☐ nausea ☐ vomiting ☐ diarrhea ☐ fatigue
 ☒ Trauma *incident c custody involving handcuffs*
History of chronic illness: ☐ Arthritis ☐ Cancer
 ☒ Diabetes ☐ Blood dyscrasias ☐ Renal Disease
Other: *depression, HTN, hyperlipidemia*
Allergies: *hayfever PCNs*
Current medications: *see med recon*

**Extremity pain or stiffness:**
 ☐ If alteration in circulation or sensation, new deformity
  or discoloration, or patient appears ill or has history of
  fever, chills, headache, nausea, vomiting, or diarrhea
  notify physician STAT.
 ☒ If none of the above signs and symptoms are present:
  ☒ Apply ice or heat as deemed appropriate.
  ☐ Ibuprofen 200mg 1-2 tabs PO Q4-6 hours PRN
*absent* pain while symptoms persist; do not exceed 6
*recover* tabs in 24 hours or

**OBJECTIVE:**

Vital signs: BP: *116/73* Pulse: *70* Resp: *18*
 Temp: *98.2* Weight: *245* ☐ Urine dipstick
Observe the following: Extremity *WNL*
 ☒ Upper ☐ Lower ☐ Right ☒ Left
 Describe: Color: *WNL*
 ☐ Warmth ☐ Tenderness ☐ Deformity
 ☐ Swelling: ☒ Circulation ☒ Sensation
 Describe: *CSM WNL*

Muscle: ☐ Atrophy ☐ Hypertrophy ☐ Weakness
 ☐ Tremors *n/a*
Range of motion to affected extremity:
 ☐ limited ☒ full ☐ other: *c facial grimacing*
Pain or discomfort with or without movement.

RECEIVED
AUG 14 AM

*P Ambrose RN*
Signature / Title

---

**ENCOUNTER FORM: MUSCULOSKELETAL COMPLAINTS (NON-TRAUMATIC)**   CSP SAC SD 11/3/11
CDC XXXX

Exhibit (O)

California Department of Corrections and Rehabilitation
Division of Correctional Health Care Services

Health Care Services Request Form 7362 Reference # 195 3907
Inst: CSP-SAC

**Encounter Form: Musculoskeletal Complaint (Non Traumatic)**

Name: Baker, Timothy     CDC# K62174  DOB 12/28/60  Date/Time 8/3/12  1035
Fill in the blanks and check all that apply

**SUBJECTIVE:**

Chief Complaint: ① Shoulder
Date and time of onset: "Years "@ worst 2007-08
Location and description of problem:
① Shoulder
Pain: Scale of 0-10 (0=no pain 10=worst pain): 6-7
Area of pain: ① Shoulder
Quality of pain: ☐ dull ☒ sharp ☒ aching
☒ throbbing ☐ spasm
If low back pain or flank pain assess for urinary
symptoms: ☐ Low back pain ☐ Flank pain  n/a
Urinary symptoms: ☐ Urinary frequency ☐ Dysuria
☐ Burning on urination ☐ Hematuria
What makes it better? medication Ibu, Gabapentin  not cold
History of prior pain / duration: pain for yrs, incident
C custody 8/1/12 exacerbated pain for a few days,
Accompanying symptoms: ☐ Muscle spasms now back to
☐ Numbness ☐ Tingling  pre incident
☐ Other: n/a   pain level

History of: ☐ fever ☐ chills ☐ headache
☐ nausea ☒ vomiting ☐ diarrhea ☐ fatigue
☒ Trauma incident C custody involving handcuffs
History of chronic illness: ☐ Arthritis ☐ Cancer
☒ Diabetes ☐ Blood dyscrasias ☐ Renal Disease
Other: depression, HTN, hyperlipidemia
Allergies: hayfever PCNs
Current medications: see med recon

**OBJECTIVE:**

Vital signs: BP: 116/73  Pulse: 70  Resp: 18
Temp: 98.2  Weight: 215  ☐ Urine dipstick
Observe the following: Extremity: WNL
☒ Upper ☐ Lower ☐ Right ☒ Left
Describe: Color: WNL
☐ Warmth ☐ Tenderness ☐ Deformity
☐ Swelling: ☒ Circulation ☒ Sensation
Describe: CSM WNL

Muscle: ☐ Atrophy ☐ Hypertrophy ☐ Weakness
☐ Tremors n/a
Range of motion to affected extremity:
☐ limited ☒ full ☐ other: C facial grimacing
Pain or discomfort with or without movement.

For back pain observe curvature, gait and stance; test for
straight leg raising: n/a

Dipstick urine if current symptoms or history of flank pain, urinary
frequency, dysuria, and /or burning on urination and hematuria
Results of dipstick / urinalysis: n/a

**ASSESSMENT:**

☐ Impaired physical mobility related to: _____
☒ Pain related to / evidenced: pt c/o

**PLAN:**
MD referral completed: (circle)  NO (YES) If yes:
☐ STAT ( Positive urine dipstick and patient has signs
and symptoms consistent with a UTI; alterations in
circulation or sensation, new deformity or discoloration,
or patient appears ill or has history of fever, chills,
headache, nausea, vomiting, or diarrhea; severe muscle
cramps; muscle weakness with or without fever; warm or
acutely swollen, joints.)
☐ Urgent  ☒ Routine
☐ Orders received by phone from POC
Physician notified (name / time) _____
Physician Responded (time) _____ n/a

Extremity pain or stiffness:
☐ If alteration in circulation or sensation, new deformity
or discoloration, or patient appears ill or has history of
fever, chills, headache, nausea, vomiting, or diarrhea
notify physician STAT.
☒ If none of the above signs and symptoms are present:
☒ Apply ice or heat as deemed appropriate.
☐ Ibuprofen 200mg 1-2 tabs PO Q4-6 hours PRN
already pain while symptoms persist; do not exceed 6
recon tabs in 24 hours or

RECEIVED AUG 14

PRumbrook RN
Signature / Title

**ENCOUNTER FORM: MUSCULOSKELETAL COMPLAINTS (NON-TRAUMATIC)**
**CDC XXXX**

CSP SAC SD 11/3/11

Printed 2012.10.04 13:37:51 -07'00'

California Department of Corrections and Rehabilitation
Division of Correctional Health Care Services

Health Care Services Request Form 7362 Reference # 1953907

Inst: CSP-SAC

### Encounter Form: Musculoskeletal Complaint (Non Traumatic)

Name: Baker, Timothy     CDC# K62174  DOB 12/28/60  Date/Time 8/13/12  1035

Fill in the blanks and check all that apply

receiving now
□ Naproxen 220mg 2 tabs PO 1st hour; 1 tab Q8-12 hours PRN pain while symptoms persist; not to exceed 3 Tabs in 24hours
☑ Activity as tolerated.
☑ Instruct patient to follow-up in RN clinic in 72 hours if symptoms persist.

**Muscle Cramps:**

□ Severe muscle cramps; muscle weakness with or without fever: Refer STAT to physician.
□ Mild to moderate muscle pain or cramps, without weakness or fever:

n/a
□ Advise patient to rest
□ Acetaminophen 325mg 2 tabs PO Q4-6 hours PRN pain while symptoms persist; not to exceed 12 tabs in 24 hours; or
□ Ibuprofen 200mg 1-2 tabs PO Q4-6hours PRN pain while symptoms persist; not to exceed 6 tabs in 24 hours
**or**
□ Naproxen 220mg 2 tabs PO 1st hour; 1 tab Q8-12 hours PRN pain while symptoms persist; not to exceed 3 tabs in 24hours
□ Instruct patient to follow-up in RN clinic in 72 hours if symptoms persist.

**Joint pain:**
□ Warm or acutely swollen, joints: Refer patient to physician STAT for evaluation.  n/a
☑ Joint pain without redness, swelling, or deformity:
□ Naproxen 220mg PO 2 tabs 1st hour; 1 tab Q8-12 hours PRN pain while symptoms persist; not to exceed 3 tabs in 24 hours;
**or**
already receiving
□ Ibuprofen 200mg 1-2 tabs PO Q4-6hours PRN pain while symptoms persist; not to exceed 6 tabs in 24 hours;
☑ Instruct patient to follow-up in RN clinic in 72 hours if symptoms persist,

**Low back pain:**

□ Acute low back pain: Refer patient t physician on a STAT, Urgent, or Routine basis as appropriate.
□ If urine dipstick is positive or patient has signs and symptoms consistent with a urinary tract infection (UTI) refer the patient to the physician STAT.
□ Chronic low back pain with documented diagnosis.

n/a
□ Review unit health to confirm diagnosis and treatment.
□ Continue recommended exercises and provide patient with instructional sheet.
□ Review proper body mechanics with the patient.
□ Activity as tolerated. Advise patient to avoid prolonged sitting.
□ Acetaminophen 325mg 2 tabs PO Q4-6 hours PRN pain while symptoms persist; not to exceed 12 tabs in 24 hours. **Or**
□ Ibuprofen 200mg 1-2 tabs PO Q4-6 hours PRN pain while symptoms persist; not to exceed 6 tabs in 24 hours; **or**
□ Naproxen 220mg 2 tabs PO 1st hour; 1 tab Q8-12 hours PRN pain while symptoms persist; not to exceed 3 tabs in 24 hours; or
□ Instruct patient to follow-up in RN clinic in 72 hours if symptoms persist.

Panterox RN
_____
Signature / Title

**ENCOUNTER FORM: MUSCULOSKELETAL COMPLAINTS (NON-TRAUMATIC)**
**CDC XXXX**

CSP SAC SD 11/3/11

EXH (12)

California Department of Corrections and Rehabilitation   Health Care Services Request Form 7362 Reference # 10 4 9297
Division of Correctional Health Care Services                    Inst:CSPSAC

## Encounter Form: Musculoskeletal Complaint (Non Traumatic)

Name: Baker        CDC# K62174  DOB 12/28/60 · Date/Time 8/29/12  10:15

Fill in the blanks and check all that apply

### SUBJECTIVE:

Chief Complaint: (L) shoulder pain
Date and time of onset: Couple years
Location and description of problem:
(L) shoulder
Pain: Scale of 0-10 (0=no pain 10=worst pain): 6-10
  Area of pain (L) shoulder
  Quality of pain: ☐ dull ☐ sharp ☒ aching
            ☐ throbbing ☐ spasm
If low back pain or flank pain assess for urinary
symptoms: ☐ Low back pain ☐ Flank pain
Urinary symptoms: ☐ Urinary frequency ☐ Dysuria
          ☐ Burning on urination ☐ Hematuria
What makes it better? Gabapentin
History of prior pain / duration: (L) shoulder
pain x dy
Accompanying symptoms: ☐ Muscle spasms
          ☐ Numbness    ☐ Tingling
          ☐ Other:  N/A

History of: ☐ fever ☐ chills ☐ headache
       ☐ nausea ☐ vomiting ☐ diarrhea ☐ fatigue
       ☐ Trauma
History of chronic illness: ☐ Arthritis ☐ Cancer
☒ Diabetes ☐ Blood dyscrasias ☐ Renal Disease
Other: HTN, HLP .
Allergies: PCN .
Current medications: Gabapentin 160 omg tid

### OBJECTIVE:

Vital signs: BP: 129/82 Pulse: 80  Resp: 18
 Temp: 97 Weight: 218   ☐ Urine dipstick
Observe the following: Extremity: shoulder
☒ Upper ☐ Lower ☐ Right ☒ Left
 Describe: Color: Normal
☐ Warmth ☐ Tenderness ☐ Deformity
☐ Swelling ☐ Sensation ☐ Circulation
Describe:
            N/A
Muscle: ☐ Atrophy ☐ Hypertrophy ☐ Weakness
       ☐ Tremors
Range of motion to affected extremity:
☒ Limited ☐ full ☐ other: (L) shoulder
Pain or discomfort with or without movement.

For back pain observe curvature, gait and stance; test
for straight leg raising: N/A

Dipstick urine if current symptoms or history of flank pain, urinary
frequency, dysuria, and /or burning on urination and hematuria
Results of dipstick / urinalysis: N/A

### ASSESSMENT:

☒ Impaired physical mobility related to: pain 6-10

☒ Pain related to / evidenced: Inj & State
ment (L) shoulder
injury

### PLAN:

MD referral completed: (circle)  NO / YES If yes:
☐ STAT ( Positive urine dipstick and patient has signs
    and symptoms consistent with a UTI; alterations in
    circulation or sensation, new deformity or discoloration,
    or patient appears ill or has history of fever, chills,
    headache, nausea, vomiting, or diarrhea; severe muscle
    cramps; muscle weakness with or without fever; warm or
    acutely swollen, joints)
☐ Urgent      ☒ Routine
☐ Orders received by phone from POC
Physician notified (name / time) ___/N/A___
Physician Responded (time) ___/N/A___

Extremity pain or stiffness:
☐ If alteration in circulation or sensation, new
   deformity or discoloration, or patient appears ill or
   has history of fever, chills, headache, nausea,
   vomiting, or diarrhea notify physician STAT.
☐ If none of the above signs and symptoms are
   present:
        ☐ Apply ice or heat as deemed appropriate.
        ☐ Ibuprofen 200mg 1-2 tabs PO Q4-6 hours
RECEIVED      PRN pain while symptoms persist; do not
AUG 3 0 2012    exceed 6 tabs in 24 hours or ·

Graham RN
Signature / Title

---

**ENCOUNTER FORM: MUSCULOSKELETAL COMPLAINTS (NON-TRAUMATIC)**      CSP SAC SD 11/3/11
CDC XXXX

Ex H (13)

California Department of Corrections and Rehabilitation   Health Care Services Request Form 7362 Reference # 89492 47
Division of Correctional Health Care Services                                                                 Inst:CSPSAC

**Encounter Form: Musculoskeletal Complaint (Non Traumatic)**

Name: Balcer                 CDC# K 62174 DOB 12-28-60 Date/Time 8-29-12-10:15

Fill in the blanks and check all that apply

**EDUCATION:**

☑ Assess patient's potential for understanding the
   health information to be provided,
☑ Provide patient education consistent with assessment
   of the condition.
☑ Document the education provide and the patient's
   level of understanding on the nursing protocol
   encounter form.
☑ Refer patient to other resources as needed.
☐ Document all referrals on the nursing protocol
   encounter form.

**DISPOSITION:**

Time released 10:30
☑ Condition on release: Stable
☑ Returned to housing unit ambulatory
☐ Housing reassignment to: _____
☑ Referred for follow-up           Rn
   ☑ Physician clinic   ☑ RN clinic
☐ Referred to higher level of care: (specify) _____

Person/time contacted: _____
Time/Mode of transfer: _____  N/A
ERV contacted (time) _____
ERV arrived (time) _____

I/m c̄ multiple issues
Want a colonoscopy since
he is 52 yrs old. Want
MRI for (L) shoulder as

and ice pack prn for
Has MD line pending
on 9/7/12 at there issues
were added to it.

List name(s) of RN Protocols used:
MUSCULOSKELETAL COMPLAINT

_____ Graham RN.
         Signature / Title

| 1. Disability Code: | 2. Accomodation: | 3. Effective Communication |
|---|---|---|
| ☐ TABE score ≤ 4.0 | ☒ Additional time | ☒ P/I asked questions |
| ☐ DPH ☐ DPV ☐ LD | ☐ Equipment ☐ SLI | ☒ P/I summed information |
| ☐ DPS ☐ DNH N/A | ☐ Louder ☒ Slower | Please check one: |
| ☐ DNS ☐ DDP | ☐ Basic ☐ Transcribe | ☐ Not Reached ☒ Reached |
| TABE 740 | ☐ Other* m/a | *See chrono/notes |

issues.

**ENCOUNTER FORM: MUSCULOSKELETAL COMPLAINTS (NON-TRAUMATIC)**     CSP SAC SD 11/3/11
**CDC XXXX**

*Ex H (14)*

California Department of Corrections and Rehabilitation   Health Care Services Request Form 7362 Reference # 1949297
Division of Correctional Health Care Services                                                          Inst:CSPSAC

### Encounter Form: Musculoskeletal Complaint (Non Traumatic)

Name: Baker                     CDC# K 62174 DOB 6/28/60   Date/Time 8.29.12  10:15

Fill in the blanks and check all that apply

❑ Naproxen 220mg 2 tabs PO 1st hour; 1
  tab Q8-12 hours PRN pain while
  symptoms persist; not to exceed 3 Tabs
  in 24hours
❑ Activity as tolerated.
❑ Instruct patient to follow-up in RN clinic
  in 72 hours if symptoms persist.

**Muscle Cramps:**

❑ Severe muscle cramps; muscle weakness with
  or without fever: Refer STAT to physician.
❑ Mild to moderate muscle pains or cramps,
  without weakness or fever:
  ❑ Advise patient to rest
  ❑ Acetaminophen 325mg 2 tabs PO Q4-6
    hours PRN pain while symptoms persist;
    not to exceed 12 tabs in 24 hours; or
  ❑ Ibuprofen 200mg 1-2 tabs PO Q4-6hours
    PRN pain while symptoms persist; not to
    exceed 6 tabs in 24 hour
    **or**
  ❑ Naproxen 220mg 2 tabs PO 1st hour; 1
    tab Q8-12 hours PRN pain while
    symptoms persist; not to exceed 3 tabs in
    24hours
  ❑ Instruct patient to follow-up in RN clinic in
    72 hours if symptoms persist.

**Joint pain:**

❑ Warm or acutely swollen, joints: Refer
  patient to physician STAT for evaluation.
☑ Joint pain without redness, swelling, or
  deformity:
  ❑ Naproxen 220mg PO 2 tabs 1st hour; 1 tab
    Q8-12 hours PRN pain while symptoms
    persist; not to exceed 3 tabs in 24 hours; **or**
  ☑ Ibuprofen 200mg 1-2 tabs PO Q4-6hours
    PRN while symptoms persist; not to
    exceed 6 tabs in 24 hours;
  ☑ Instruct patient to follow-up in RN clinic
    in 72 hours if symptoms persist,

**Low back pain:**

❑ Acute low back pain: Refer patient t physician
  on a STAT, Urgent, or Routine basis as
  appropriate.
❑ If urine dipstick is positive or patient has signs
  and symptoms consistent with a urinary tract
  infection (UTI) refer the patient to the
  physician STAT.
❑ Chronic low back pain with documented
  diagnosis:
  ❑ Review unit health to confirm diagnosis and
    treatment.
  ❑ Continue recommended exercises and
    provide patient with instructional sheet.
  ❑ Review proper body mechanics with the
    patient.
  ❑ Activity as tolerated. Advise patient to
    avoid prolonged sitting.
  ❑ Acetaminophen 325mg 2 tabs PO Q4-6
    hours PRN pain while symptoms persist;
    not to exceed 12 tabs in 24 hours. **Or**
  ❑ Ibuprofen 200mg 1-2 tabs PO Q4-6 hours
    PRN pain while symptoms persist; not to
    exceed 12 tabs in 24 hours; **or**
  ❑ Naproxen 220mg 2 tabs PO 1st hour; 1 tab
    Q8-12 hours PRN pain while symptoms
    persist; not to exceed 3 tabs in 24 hours; or
  ❑ Instruct patient to follow-up in RN clinic in
    72 hours if symptoms persist.

_____
                Signature / Title

ENCOUNTER FORM: MUSCULOSKELETAL COMPLAINTS (NON-TRAUMATIC)          CSP SAC SD 11/3/
CDC XXXX

Printed 2012.10.04 13:37:07 -07'00

Exh (15)

California Correctional Health Care Services                    CALIFORNIA STATE PRISON, SACRAMENTO

## MEDICAL PROGRESS NOTE

| NAME: BAKER, Timothy | CDCR#: K62174 | DATE OF SERVICE: 09/06/2012 |
| DATE OF BIRTH: 12/28/1960 | HOUSING: C C 006 1021001L | PAROLE DATE: |

TIME:

CHIEF COMPLAINT:
1. Refusal of regular insulin.
2. Left shoulder pain.
3. Rash.

SUBJECTIVE: This is a 51-year-old African-American male who is quite well known to me. He was seen on 08/03/2012 for his chronic care issues including his diabetes. He was recently observing Ramadan and was refusing his regular insulin. He says since then he has been taking it on a regular basis. The LVNs do report that he did refuse his regular insulin a few nights ago. He says he is taking his medication as prescribed and he has had no hypoglycemic episodes. The patient was evaluated. All of his questions were answered and his laboratories were reviewed.

He does have a history of chronic shoulder pain bilaterally. He says he has received cortisone injections in the right shoulder, but now his left shoulder is bothering him. He cannot sleep on his stomach because he has a CPAP machine and he wears a mask. He has no numbness or tingling sensation. He says the pain gets worse when he tries to lift his hand above his head. Currently he is taking ibuprofen and gabapentin for his chronic pain and he says it helps him somewhat.

He also has a rash on the dorsal aspect of the left foot. It does itch and he is requesting hydrocortisone for it.

MEDICATIONS:
1. Amlodipine 10 mg.
2. Atenolol 50 mg b.i.d.
3. Benztropine.
4. Gabapentin 1200 mg t.i.d.
5. Ibuprofen.
6. Lantus 25 units twice a day.
7. Losartan 25 mg.
8. Metformin 1000 mg b.i.d.
9. Sublingual nitroglycerin p.r.n.
10. Artificial Tears.
11. Simvastatin 80 mg.
12. Geodon.

**ALLERGIES: PENICILLIN.**

OBJECTIVE: VITAL SIGNS: Blood pressure 116/75, temperature 98, pulse 79, respirations 20. Height 5 feet 10 inches. Weight 216. GENERAL APPERANCE: He is healthy appearing male. Awake, alert, oriented. He answers questions appropriately. EXTREMITIES: Examination of the left shoulder, there is mild tenderness to palpation of the left acromioclavicular joint. Internal rotation is minimally limited secondary to discomfort. Hand grip strength is 5/5 without any neurovascular deficits. Examination of the left foot, the dorsal aspect, is a circular, well delineated lesion about the size of a quarter, consistent with tinea.

ASSESSMENT AND PLAN:
1. Left shoulder acromioclavicular arthrosis and tendinosis. The patient was consented for a cortisone injection. The risks and benefits were explained. Using sterile technique 1 mL of lidocaine and 1 mL of Kenalog 40 mg was injected into the AC joint without any complications. The patient tolerated the procedure quite well.
2. Refusal of regular insulin. It was an isolated episode. He understood that if his blood sugars are not well controlled, his hemoglobin A1C will increase, as well as his risk for stroke and myocardial infarction, and he agrees not to refuse.
3. Tinea pedis. Clotrimazole cream twice a day, foot hygiene. No indication for hydrocortisone cream.

*Ex H( 16)*

California Correctional Health Care Services

CALIFORNIA STATE PRISON, SACRAMENTO

4. Health Care maintenance. Stool for occult blood x3.

EDUCATION: NO EFFECTIVE COMMUNICATION ISSUES

FOLLOWUP: P.r.n.

X BH
_____

Behroz Hamkar, MD
Digitally authenticated on 9/14/2012 12:54 PM

BH/mo D: 09/06/2012 09:26:00 am           T: 09/12/2012 08:31:29 am          Job #: 527399

# DIAGNOSTIC RADIOLOGICAL IMAGING DRI SCRIPPS

79 SCRIPPS DRIVE #100
SACRAMENTO, CA 95825
Telephone (916) 921-1300 / Fax (916) 921-1095

**BAKER, TIMOTHY K**
MRN:   00348560-2
DOB:  12/28/1960    Sex:   M

BEHROZ HAMKAR, MD
100 PRISON ROAD
REPRESA, CA 95671

Date of Service:  3/11/2013
Exam:    (DRI) LT/26/LOCAL X-RAY SHOULDER MIN 2 VIEWS    Fax #    (916) 294-3115

C 6   121

CDC #K62174

EXAMINATION: X-RAY LEFT SHOULDER "READ ONLY"

HISTORY:  Pain for 7-8 months.  Cortisone injection was helpful.

TECHNIQUE:  Two views performed at CSP, Sacramento are presented for interpretation (READ ONLY).

FINDINGS:  There is no fracture seen.  The glenohumeral joint is mildly narrowed.  The acromioclavicular joint is mildly narrowed as well.  There are no significant spurs or erosions, however.

IMPRESSION:

1. No fracture or dislocation is identified.

2. Mild narrowing present at both the glenohumeral joint, as well as the acromioclavicular joint.

End of diagnostic report for accession:    25332477
Dictated:          03/12/2013 12:29PM
Dictated By:             Woo, Hon, M.D.
Transcribed By:         LC 03/12/2013 12:39PM
Signed By:              Hon Woo, M.D.  03/12/2013  2:48PM

ORIGINAL
Date: 3.13
Sign:
RADIOLOGY


RECEIVED
MAR 14 2013

Page 1 of 1

Confidential Saved 2014-08-08T17:44:58Z

STATE OF CALIFORNIA                                                                          DEPARTMENT OF CORRECTIONS

# COMPREHENSIVE ACCOMMODATION CHRONO

**INSTRUCTIONS:** A physician shall complete this form if an inmate requires an accommodation due to a medical condition. Circle P if the accommodation is to be permanent, or T if the accommodation is to be temporary. If the accommodation is temporary, write the date the accommodation expires on the line. A new form shall be generated when a change to an accommodation is required or upon renewal of a temporary accommodation. Any new form generated shall include previous accommodations, if they still apply. Chronos indicating permanent accommodations shall be reviewed annually. This form shall be honored as a permanent chrono at all institutions.

## A. HOUSING

None

| | | |
|---|---|---|
| 1. Barrier Free/Wheelchair Access  P / T _____ | 4. Bottom Bunk | P /(P) _1 d m._ |
| 2. Ground Floor Cell  _Lower Tier_ P/(T) _1 d m_ | 5. Single Cell (See 128-C date: _____ ) | P / T _____ |
| 3. Continuous Powered Generator  P / T _____ | 6. Permanent OHU / CTC (circle one) | P / T _____ |
| | 7. Other _____ | P / T _____ |

## B. MEDICAL EQUIPMENT/SUPPLIES

None

| | | |
|---|---|---|
| 8. Limb Prosthesis | P / T _____ | 16. Wheelchair: (type) _____ | P / T _____ |
| 9. Brace _knees, (both)_ | P /(P) _1 d m._ | 17. Contact Lens(es) & Supplies | P / T _____ |
| 10. Crutches | P / T _____ | 18. Hearing Aid | P / T _____ |
| 11. Cane: (type) _____ | P / T _____ | 19. Special Garment: | |
| 12. Walker | P / T _____ | (specify) _____ | P / T _____ |
| 13. Dressing/Catheter/Colostomy Supplies | P / T _____ | 20. Rx. Glasses: _____ | P / T _____ |
| 14. Shoe: (specify) _____ | P / T _____ | 21. Cotton Bedding | P / T _____ |
| 15. Dialysis Peritoneal | P / T _____ | 22. Extra Mattress | P /(P) _1 d m._ |
| | | 23. Other _C-PAP_ | P /(T) _1 d m._ |

## C. OTHER

None

| | |
|---|---|
| 24. Attendant to assist with meal access   P / T _____ and other movement inside the institution. | 26. Therapeutic Diet: (specify) _____ |  P / T _____ |
| Attendant will not feed or lift the inmate/patient or perform elements of personal hygiene. | 27. Communication Assistance |  P / T |
| | 28. Transport Vehicle with Lift |  P / T |
| 25. Wheelchair Accessible Table   P / T _____ | 29. Short Beard _Frontal or waist chain only_ | P / T _____ |
| | 30. Other | P /(T) _1 d m._ |

## D. PHYSICAL LIMITATIONS TO JOB ASSIGNMENTS

Based on the above, are there any physical limitations to job assignments?   ☐ Yes   ☒ No

If yes, specify: _____

| INSTITUTION  _CSP - SAC_ | COMPLETED BY (PRINT NAME)  _Jim Ma_ | TITLE  _P/S._ |
|---|---|---|
| SIGNATURE  _[signature]_ | DATE  _11/14/13_ | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH |
| HCM/CMO SIGNATURE  _[signature]_ | DATE  _11/26/13_ | _Baker, Timothy_ |
| APPROVED (list the number of items approved)  _2, 4, 9, 22, 23, 30_ | | _K 62174_ |
| DENIED (list the number of items denied) | | _DOB: 12/28/60_ |

**COMPREHENSIVE ACCOMMODATION CHRONO**

_C6-121._

CDC 7410 (08/04)

Distribution:
Original - Unit Health Record      Canary - Central File      Pink - Correctional Counselor      Gold - Inmate

Ex H(19)

I need Emergency Treatment for Pain Relief
This is my 2nd Request since 1-10-14

0072835

STATE OF CALIFORNIA
CDC 7362 (Rev. 03/04)

**HEALTH CARE SERVICES REQUEST FORM**

DEPARTMENT OF CORRECTIONS

## PART I: TO BE COMPLETED BY THE PATIENT
*A fee of $5.00 may be charged to your trust account for each health care visit.*

If you believe this is an urgent/emergent health care need, contact the correctional officer on duty.

| REQUEST FOR: | MEDICAL ☑ | MENTAL HEALTH ☐ | DENTAL ☐ | MEDICATION REFILL ☐ |
|---|---|---|---|---|

NAME  Timothy R Baker

CDC NUMBER  #K62174

HOUSING  FC6-121C

PATIENT SIGNATURE  [signature]

DATE  Jan 15 2014

REASON YOU ARE REQUESTING HEALTH CARE SERVICES. (Describe Your Health Problem And How Long You Have Had The Problem) I was forced to Cuff up behind my back on 1-10-14 By C/o Herrera & C/o Mcdonnell. I explained to them that I have A waist restraints or frontal chains Chrono only. They disregarded my medical conditions, I've been in pain in my left shoulder since 1-10-14. This is ongoing abuse of staff.

*NOTE: IF THE PATIENT IS UNABLE TO COMPLETE THE FORM, A HEALTH CARE STAFF MEMBER SHALL COMPLETE THE FORM ON BEHALF OF THE PATIENT AND DATE AND SIGN THE FORM*

## PART III: TO BE COMPLETED AFTER PATIENT'S APPOINTMENT
☐ Visit is not exempt from $5.00 copayment. (Send pink copy to Inmate Trust Office.)

## PART II: TO BE COMPLETED BY THE TRIAGE REGISTERED NURSE

| Date / Time Received: | 1-16-14 | 0800 | Received by: | Mc Gelroy RN |
|---|---|---|---|---|
| Date / Time Reviewed by RN: | 1-16-14 | 0800 | Reviewed by: | Mc Gelroy RN |

S:                     Pain Scale: 1  2  3  4 ⑤ 6  7  8  9  10

O:   T:      P:      R:      BP:          WEIGHT:

A:
P:  RN Give                              pt is seen & problems
☐ See Nursing Encounter Form            addressed today

                                                        1/17/14.

E:
                                        J. Ma. MD   10:10

| APPOINTMENT SCHEDULED AS: | EMERGENCY (IMMEDIATELY) ☐ | URGENT (WITHIN 24 HOURS) ☐ | ROUTINE (WITHIN 14 CALENDAR DAYS) ☐ |
|---|---|---|---|

REFERRED TO PCP:                        DATE OF APPOINTMENT:
COMPLETED BY  Keith R. Long             NAME OF INSTITUTION  CSP Sac

| PRINT / STAMP NAME  Keith R. Long | SIGNATURE / TITLE  [signature] LVN | DATE/TIME COMPLETED  1-17-14  1315 |
|---|---|---|

CDC 7362 (Rev. 03/04)   Original - Unit Health Record   Yellow - Inmate (if copayment applicable)   Pink - Inmate Trust Office (if copayment applicable) 2 Gold - Inmate

8110050996 RR Donnelley ©2011, All rights reserved. DRC - 0667

Ex H (20)

1A

**NOTE:  SEND COPY OF PHYSICIAN'S ORDER FOR MEDICATION
TO PHARMACY AFTER EACH ORDER IS SIGNED.**

| Order Date | Time | Problem # | Physician's Order and Medication (Orders must be dated, timed, and signed.) |
|---|---|---|---|
| 1/15/14 | 14:34 | | 1. RTC in 7-10 days for (L) shoulder steroid injection & update 1845 |
| | | | |
| | | | |
| | | | |
| | | | Noted 01/15/14 @ 1450 |
| | | | |

2014 JUN 16 PM 8 23

| ALLERGIES: NKDR | INSTITUTION CSP-SAC | ROOM / WING C6-121↓ |
|---|---|---|

Confidential
client information
See W & I Code, Sections 4514 and
5328

CDC NUMBER, NAME (LAST, FIRST, MI)

Baker, Timothy
K62174
DoB. 12-28-1960

**PHYSICIAN'S ORDERS**

CDC 7221 (4/90)
STATE OF CALIFORNIA          OSP 09 118447     DEPARTMENT OF CORRECTIONS

Confidential Saved 2014-02-11T22:13:01Z

Ex H (21)

California Correctional Health Care Services                    CALIFORNIA STATE PRISON, SACRAMENTO

## MEDICAL PROGRESS NOTE

| NAME: BAKER, TIMOTHY | CDCR#: K62174 | DATE OF SERVICE: 01/17/2014 |
|---|---|---|
| DATE OF BIRTH: 12/28/1960 | HOUSING: C C 006 1021001L | PAROLE DATE: |

Test of Adult Basic Education (TABE) Score not available.

CHIEF COMPLAINT/REASON FOR VISIT: The patient is here for multiple issues:
1. Worsening of left shoulder pain.
2. Followup on skin rash in his left temporal and occipital scalp.
3. Update his Chrono.

SUBJECTIVE: The patient is a 53-year-old African-American male here for the above purposes:
1. Left shoulder pain. He has had chronic left shoulder pain for years and he had a steroid injection by another medical provider some time in 2012. He stated that injection provided quite significant pain relief for a long time. Recently his shoulder pain is getting worse. He denies new injury but he stated he had trouble sleeping on his left side because of shoulder pain. He requests another steroid injection.
2. Skin rash located in his left temporal area and occipital area in scalp. He was evaluated by a nurse about 1-2 weeks ago and the nurse referred him to my line for further evaluation. He has had this issue for some time and he was seen by another medical provider in the past and the medical provider prescribed the ketoconazole 2% shampoo to let him use. He stated he has been using it but it does not seem to completely resolve the rash. He also described the rash started with some pimples and then ruptured with pus and at the beginning was red and swollen. Now the swelling goes down but he still feels it and with slight itchiness.
3. Chrono update. He has an old Chrono regarding his mobility impairment; particularly, he had the right knee surgery almost 40 years ago and he had rupture of a ligament in his right knee and he had trouble to ambulate, and he needed a cane to assist with his ambulation. Last time when I evaluated him approximately 1-2 months ago, I had a brief discussion with him. I told him I will not renew his Chrono for a cane since he works in the place that he will not be allowed to have a cane. That makes me feel he does not need a cane at all but now he stated he does need a cane for walking and he wanted a Chrono to update it.

MEDICATIONS: There was no change in medications since last visit.

**ALLERGIES:**

OBJECTIVE: VITAL SIGNS: Blood pressure 128/78, pulse rate 77, respirations 18, temperature 99.2. Pulse oximetry saturation 99% on room air. Height 5 feet 10 inches. Weight 230 pounds. Body mass index 33. GENERAL: The patient is awake, alert and oriented x3, in no acute distress. SKIN: Examination of the skin in his scalp showed 3 patchy hyperpigmented lesions in his temporal and occipital scalp. I do not see any active discharge or skin breakdown. This is actually scar tissue from previous infection. EXTREMITIES: Examination of his left shoulder showed no deformity. There was quite significant tenderness to palpation at his acromioclavicular joint and at the lateral aspect of his left shoulder. I do not see significant muscle atrophy but his range of motion is limited, particularly abduction. He is able to actively abduct his left shoulder to about 140 degrees and on frontal flexion he is able to actively flex to about 90 degrees. The Hawkins test is positive. Cross arm test is also positive. The empty can test is negative. Internal and external rotation of his left shoulder is very limited. Examination of his right knee showed a healed scar in the right medial aspect of the knee, and his passive range of motion is good. I do not see significant instability but he does have some issues or trouble to do squat examination.

ASSESSMENT/PLAN:
1. Left shoulder pain. I believe he has acromioclavicular joint arthritis and pain, and I also believe he has subacromial bursitis. For that I will bring him back in 7-10 days for another steroid injection.
2. Skin rash in the temporal and occipital scalp. That is scar tissue from previous skin infection. I do not think ketoconazole will be a good choice for that but I will prescribe Hibiclens solution to let him use 3 times weekly.
3. Updated Chrono. After discussion with the patient, I agreed to update the Chrono to put him back on the cane Chrono so that he can use a cane for ambulation.

DICTATED BY Jian Ma, MD
BAKER TIMOTHY

California Correctional Health Care Services    CALIFORNIA STATE PRISON, SACRAMENTO

EDUCATION: See above.

EFFECTIVE COMMUNICATION: I do not have his TABE Score but effective communication achieved by using simple language, by slow speech and also by asking the patient to voice back my treatment plan and recommendations with his own words.

FOLLOWUP: Will follow up in 7-10 days for the steroid injection in the left shoulder and as previously scheduled in April for chronic care.

DISABILITY CODE:
( ) TABE  score less than 4.0
( ) DPH ( ) DPV ( ) LD
( ) DPS ( ) DNH
( ) DNS ( ) DDP

ACCOMMODATION:
( ) Additional time
( ) Equipment ( ) SLI
( ) Louder (X) Slower
( ) Basic ( ) Transcribe
( ) Other*

EFFECTIVE COMMUNICATION:
( ) Patient-inmate asked questions.
(X) Patient-inmate summed information
PLEASE CHECK ONE
( ) Not reached*  (X) Reached
    *See Chrono/notes

COMMENTS:

X jm
_____

Jian Ma, MD
Digitally authenticated on 1/27/2014 4:13 PM

JM/dr  D: 01/17/2014 10:17:00 am          T: 01/24/2014 07:00:03 am          Job #: 874045

2014 JAN 28 PM 12 32



California Correctional Health Care Services                    CALIFORNIA STATE PRISON, SACRAMENTO

## MEDICAL PROCEDURE NOTE

| NAME: BAKER, TIMOTHY | CDCR#: K62174 | DATE OF SERVICE: 01/28/2014 |
|---|---|---|
| DATE OF BIRTH: 12/28/1960 | HOUSING: C C 006 1021001L | PAROLE DATE: |

The patient's Test of Adult Basic Education (TABE) score is unavailable.

DATE OF PROCEDURE: 01/28/2014

PREOPERATIVE DIAGNOSIS: Left shoulder pain, particularly front shoulder and acromioclavicular joint.

POSTOPERATIVE DIAGNOSIS: Left shoulder pain, particularly front shoulder and acromioclavicular joint.

PROCEDURE PERFORMED: Left shoulder steroid injection.

SURGEON: Dr. Jian Ma, MD

DESCRIPTION OF PROCEDURE: The patient is a 53-year-old African American male with chronic left shoulder pain who is here for a scheduled left shoulder steroid injection. I evaluated him two weeks ago. I felt he is a good candidate for that procedure. Today he stated his shoulder pain is the same as before and he still prefers to get the steroid injection. He otherwise denies fever or chills.

OBJECTIVE: VITAL SIGNS: His vitals today are normal. Blood pressure 125/87, temperature 98.0, pulse rate 79, respirations 20. Pulse oxygen saturation 98% on room air.

PROCEDURE: He is placed in a sitting position. His local area in his left shoulder was prepped with alcohol three times then I injected the mixture of medication, 1% lidocaine 2 mL with 1 mL of Kenalog, which is including the 40 mg into two spots, one is the acromioclavicular joint and the other one is median to acromioclavicular joint, which is the most tender spot. I split the above mentioned mixture of medication into half and half, and half of them into one of the spots. The patient tolerated the procedure well and there were no immediate complications. After the procedure I covered the injection sites with a band aid.

POSTPROCEDURE INSTRUCTIONS/EDUCATION: I told the patient to take it easy on his activities, particularly the activity that required weightbearing or carrying in his left shoulder or arm, but he is encouraged to do the gentle range of motion exercises. I also told the patient that a steroid injection may temporarily increase his sugar numbers. This could be of particular concern since he is diabetic and on insulin.

EFFECTIVE COMMUNICATION: I do not have his TABE score, but effective communication is achieved by using simple language, by slow speech and also by asking the patient to repeat my treatment plan and recommendation with his own words.

FOLLOWUP: Follow up in two to three weeks for his postinjection followup.


X jm
_____

Jian Ma, MD
Digitally authenticated on 2/7/2014 3:59 PM

JM/jn   D: 01/28/2014 12:34:00 pm          T: 02/05/2014 09:36:46 am          Job #: 881005


DICTATED BY Jian Ma, MD
BAKER TIMOTHY                                          Confidential Saved 2014-02-11T22    K62174

California Correctional Health Care Services                    CALIFORNIA STATE PRISON, SACRAMENTO

## CHART NOTE

| NAME: BAKER, TIMOTHY | CDCR#: K62174 | DATE OF SERVICE: 01/28/2014 |
|---|---|---|
| DATE OF BIRTH: 12/28/1960 | HOUSING: C C 006 1021001L | PAROLE DATE: |

The patient missed one diabetic sugar check and insulin injection after noontime. The reason the patient did not come down for the sugar check and insulin injection is that the patient just received a flu shot and he was under the weather and he felt sick and not well. Therefore, he did not want to come down and he wanted to rest.

The nurse already documented the incidence and discussed with the patient about the importance of compliance of his insulin regimen. The patient agreed that he will keep the sugar checks as scheduled and receive insulin as scheduled from now on. The patient does not need to be seen by me today or tomorrow, since his issue has been discussed by the nurse.

DISABILITY CODE:
( ) TABE  score less than 4.0
( ) DPH ( ) DPV ( ) LD
( ) DPS ( ) DNH
( ) DNS ( ) DDP
( ) Not Applicable

ACCOMMODATION:
( ) Additional time
( ) Equipment ( ) SLI
( ) Louder  ( ) Slower
( ) Basic ( ) Transcribe
( ) Other*

EFFECTIVE COMMUNICATION:
( ) Patient-inmate asked questions.
( ) Patient-inmate summed information
PLEASE CHECK ONE
( ) Not reached*   ( ) Reached
    *See Chrono/notes

COMMENTS:


X jm
_____
Jian Ma, MD
Digitally authenticated on 2/7/2014 3:59 PM

JM/lc   D: 01/29/2014 08:57:00 am        T: 02/05/2014 01:45:50 pm        Job #: 881616

2014 FEB 10  AM 7 33

EX H (25)

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

## COMPREHENSIVE ACCOMMODATION CHRONO

**INSTRUCTIONS:** A physician shall complete this form if an inmate requires an accommodation due to a medical condition. Circle P if the accommodation is to be permanent, or T if the accommodation is to be temporary. If the accommodation is temporary, write the date the accommodation expires on the line. A new form shall be generated when a change to an accommodation is required or upon renewal of a temporary accommodation. Any new form generated shall include previous accommodations, if they still apply. Chronos indicating permanent accommodations shall be reviewed annually. This form shall be honored as a permanent chrono at all institutions.

### A. HOUSING

| | | | | |
|---|---|---|---|---|
| None | | Bottom Bunk | P/T | 12m |
| Barrier Free/Wheelchair Access | P/T | Single Cell (See 128-C date: _____ ) | P/T | |
| Ground Floor Cell  Lower tier | P/T  12m | Permanent OHU / CTC (circle one) | P/T | |
| Continuous Powered Generator | P/T | Other | P/T | |

### B. MEDICAL EQUIPMENT/SUPPLIES

| | | | | |
|---|---|---|---|---|
| None | | Wheelchair: (type) _____ | P/T | |
| Limb Prosthesis | P/T | Contact Lens(es) & Supplies | P/T | |
| Brace  Bilat knees | P/T  12m | Hearing Aid | P/T | |
| Crutches | P/T | Special Garment: Vest (mobility | | |
| Cane: (type) (wood) | P/T  12m. | (specify)  impaired | P/T  12m. | |
| Walker | P/T | Rx. Glasses: _____ | P/T | |
| Dressing/Catheter/Colostomy Supplies | P/T | Cotton Bedding | P/T | |
| Shoe: (specify) _____ | P/T | Extra Mattress | P/T  12m | |
| Dialysis Peritoneal | P/T | Other  C-PAP. | P/T  12m | |

### C. OTHER

| | | | | |
|---|---|---|---|---|
| None | | Therapeutic Diet: (specify) | P/T | |
| Attendant to assist with meal access and other movement inside the institution. | P/T | Communication Assistance | P/T | |
| Attendant will not feed or lift the inmate/patient or perform elements of personal hygiene. | | Transport Vehicle with Lift | P/T | |
| | | Short Beard | P/T | |
| Wheelchair Accessible Table | P/T | Other  Frontal/waist chain only | P/T  12m | |

### D. PHYSICAL LIMITATIONS TO JOB ASSIGNMENTS

Based on the above, are there any physical limitations to job assignments?  ☒ Yes  ☐ No

If yes, specify: 1. Avoid prolonged standing/walking more than 45 min continuously.
2. Avoid carrying/lifting ≥ 35 LBs.

| INSTITUTION  CSP-SAC | COMPLETED BY (PRINT NAME)  Jim Ma md. | TITLE  P/S |
|---|---|---|
| SIGNATURE | DATE  2-25-14 | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH |
| HCM/CMO SIGNATURE | DATE  2/28/14 | Baker, Timothy |
| (CIRCLE ONE)  (APPROVED) / DENIED | | K6=174. |
| — S+D — | | DOB: 12-28-1960 |
| COMPREHENSIVE ACCOMMODATION CHRONO | | C6-121. |

CDC 7410 (03/04)

## MEDICAL PROGRESS NOTE

| NAME: BAKER, TIMOTHY | CDCR#: K62174 | DATE OF SERVICE: 09/02/2014 |
|---|---|---|
| DATE OF BIRTH: 12/28/1960 | HOUSING: C 005 1152001L | PAROLE DATE: |

TIME: 1:07 p.m.

Test of Adult Basic Education (TABE) score is not available.

CHIEF COMPLAINT: Left shoulder pain, bilateral knee pain and request for glucometer for diabetes.

SUBJECTIVE: The patient is a 53-year-old male with complaint of left shoulder pain since 2012. He claims "excessive use of force by an officer". He said he was cuffed from the back and lifted up and since then he has had pain. After that he was treated by two physicians, Dr. Hamkar and Dr. Ma; both of them gave him steroid injections which he claims had helped. He said since coming to California Men's Colony (CMC) he had exacerbation of the pain after he was cuffed again in the back. He is right handed and is able to do his basic daily activities. He is currently on Tylenol and naproxen. He has tried applying ice and he stated the pain does go down significantly from a 9/10 to a 5/10.

The patient also has bilateral knee pain. He states he used to have bilateral knee braces. X-rays showed mild patellofemoral arthritis medial joint space osteoarthritis and some spurs. She is currently being cell fed and waiting to be transferred due to his mobility issues.

CURRENT MEDICATIONS:
1. Liquid tears.
2. Nasacort allergy spray.
3. Tylenol 650 mg t.i.d. p.r.n.
4. Amlodipine 10 mg daily.
5. Aspirin 81 mg daily.
6. Atenolol 50 mg b.i.d.
7. Bismuth salicylate chewable tablets.
8. CTM.
9. Docusate sodium.
10. Gabapentin 1600 mg twice daily.
11. Lantus insulin 50 units every evening.
12. Losartan 25 mg in the morning.
13. Metformin 1 gram b.i.d.
14. Naproxen.
15. Sublingual nitroglycerin.

**ALLERGIES: PENICILLIN.**

OBJECTIVE: VITAL SIGNS: Afebrile, blood pressure 125/83, pulse 63, respiratory rate 12. Oxygen saturation 99% on room air. Height 5 feet 10 inches. Weight 217 pounds. Body mass index 31. GENERAL: Patient walks without difficulty. He is wearing his mobility vest. He sat down and got up from the chair without problems. No facial grimacing from pain. NECK: Supple. LUNGS: Clear to auscultation bilaterally. HEART: Normal S1, S2. Regular rate and rhythm. No murmur. ABDOMEN: Normal bowel sounds, soft, nontender. MUSCULOSKELETAL: Left shoulder with limited abduction to about 40 degrees. Pain is elicited by internal rotation and external rotation.

LABORATORY DATA/DIAGNOSTIC DATA:
X-ray of right knee from 08/15/2014 as mentioned above.
EMG from 07/31/2014 showed peripheral neuropathy, polyneuropathy of axonal type and moderate in severity.
X-ray of left shoulder from 03/11/2013 showed no fracture or dislocation but with mild narrowing present at both glenohumeral joint and AC joint.

DICTATED BY Susan Pido, MD
BAKER TIMOTHY

ASSESSMENT AND PLAN:

1. Left shoulder pain with arthritis. He has limited range of motion. He responded well to ice so I will continue that for the next two weeks. He will be referred to Dr. Griffin to see if another injection would be helpful. Continue with Tylenol and naproxen. He did have a previous Chrono for front cuffing only and so I will update that Chrono.

2. Bilateral knee pain. The patient will be referred to Physical Therapy for knee strengthening exercises. Continue with Tylenol and naproxen. I am not sure that bilateral knee braces are medically necessary. We will have the physical therapist evaluate that as well.

3. Diabetes. The patient's most recent hemoglobin A1c was 6.5. His fingersticks are good. He will continue his current medication. He will be referred to the triage nurse for diabetic education and evaluation for a glucometer.

EDUCATION/EFFECTIVE COMMUNICATION: TABE not available. Simple and basic language was used to discuss the plan of care. He states he actually has a normal TABE score of 5.2. The patient asked appropriate questions. He stated he understood. Effective communication was achieved.

FOLLOWUP: He will return for a scheduled chronic care visit in October 2014 and followup on knee pain in late September.

| DISABILITY CODE: | ACCOMMODATION: | EFFECTIVE COMMUNICATION: |
|---|---|---|
| () TABE score less than 4.0 | () Additional time | (X) Patient-inmate asked questions. |
| () DPH () DPV () LD | () Equipment () SLI | () Patient-inmate summed information |
| () DPS () DNH | () Louder () Slower | PLEASE CHECK ONE |
| () DNS () DDP | (X) Basic () Transcribe | () Not reached* (X) Reached |
| () Not Applicable | () Other* | *See Chrono/notes |

COMMENTS:



**X** Susan Pido

Susan Pido, MD
Digitally authenticated on 9/5/2014 4:24 PM

SP/jr    D: 09/02/2014 01:13:00 pm      T: 09/04/2014 10:51:35 am      Job #: 1029928

DICTATED BY Susan Pido, MD
BAKER TIMOTHY      DOB: **12/28/1960**      Page 2 of 2      Confidential Saved 2014-11-04T16:35:05Z
DOS: 09/02/2014      K62174

## MEDICAL PROGRESS NOTE

| NAME: BAKER, TIMOTHY | CDCR#: K62174 | DATE OF SERVICE: 09/15/2014 |
|---|---|---|
| DATE OF BIRTH: 12/28/1960 | HOUSING: C 005 1152001L | PAROLE DATE: |

TIME: 10:50 a.m.

SUBJECTIVE: The patient is a 53-year-old male who is here for followup on his right knee pain and also denied Request for Services (RFS) for left shoulder Physical Medicine and Rehabilitation (PM and R) evaluation.

The patient is currently on Tylenol, naproxen, and icing the knee and he states these help with his pain. He has been referred to Physical Therapy for knee strengthening exercises that have been approved. He, however, is expecting to transfer to another institution within this week.

He also had left shoulder pain and was referred to PM and R for a possible steroid injection but that was denied and the recommendation is physical therapy first. He claims he injured the shoulder in 2012 due to "excessive use of force". He had 2 steroid injections which had helped. He claims he was cuffed in the back when he came to California Men's Colony (CMC) and that hurt his shoulder again. He said icing it brings the pain from 9 to 5 out of 10.

He also has diabetes, hypertension, and high cholesterol but this is not a Chronic Care visit. He says his lowest blood sugar was 74. He has no chest pain, shortness of breath, headache, or dizziness. He states he takes his medications regularly.

MEDICATIONS:
1. Liquid tears.
2. Tylenol.
3. Amlodipine 10 mg a day.
4. Aspirin 81 mg a day.
5. Atenolol 50 mg b.i.d.
6. Bismuth chewable.
7. CTM.
8. Docusate.
9. Gabapentin 1600 mg b.i.d.
10. Lantus insulin 50 units in the evening.
11. Losartan 25 mg a day.
12. Metformin 1 gram b.i.d.
13. Naproxen.
14. Sublingual nitroglycerin.
15. Ranitidine.
16. Simvastatin 40 mg a day.
17. Nasacort allergy spray.

**ALLERGIES: PENICILLIN.**

OBJECTIVE: VITAL SIGNS: Afebrile. Blood pressure is 136/85, pulse 64, respirations 18, oxygen saturation 99% on room air. Height 5 feet 10 inches, 218 pounds, body mass index 31. GENERAL: Obese black male who is not in distress. No facial grimacing from pain. He is walking with his cane. He sat down and got up from the chair without problem. LUNGS: Clear to auscultation bilaterally. HEART: Normal S1 and S2. Regular rate and rhythm. No murmur. ABDOMEN: Normal bowel sounds. Soft, nontender. EXTREMITIES: Left shoulder with limited abduction up to about 40 degrees. Extremities show no edema.

ASSESSMENT/PLAN:
1. The patient with left shoulder pain due to claimed injury from "excessive use of force." The patient informed that his RFS to PM and R was denied but the recommendation is to evaluate by Physical Therapy first. An RFS to Physical

DICTATED BY Susan Pido, MD
BAKER TIMOTHY

*Ex H (29)*

Therapy has been generated. Current management with Tylenol, naproxen, and ice brings his pain down from a 9 to 5 out of 10. He will continue with current management. I will continue the ice Chrono for 7 days.

2. The patient with right knee pain. The patient is informed that his physical therapy referral has been approved. He has osteoarthritis of the knees and was referred for knee strengthening exercises. He requested for knee braces but there was a question whether it is necessary. He was issued knee braces at prior institution but had not used them at CMC and so far has been able to manage without it.

3. The patient filled a 7362 on 09/08/2014 with viral gastroenteritis symptoms and this has resolved. His cough has also resolved.

4. The patient's Chronic Care issues are currently stable. He is scheduled for a Chronic Care visit on 10/22/2014.

EDUCATION: As above.

FOLLOWUP: Return for Chronic Care visit 10/22/2014.

The patient has no Test of Adult Basic Education (TABE) score but claims that he had a college degree and had a normal TABE score. Simple and basic language was used to discuss the plan of care. He was able to state the plan back correctly and effective communication achieved.

DISABILITY CODE:
() TABE  score less than 4.0
() DPH () DPV () LD
() DPS () DNH
() DNS () DDP
() Not Applicable

ACCOMMODATION:
() Additional time
() Equipment () SLI
() Louder () Slower
(x) Basic () Transcribe
() Other*

EFFECTIVE COMMUNICATION:
() Patient-inmate asked questions.
(x)  Patient-inmate summed information
PLEASE CHECK ONE
() Not reached*   (x) Reached
      *See Chrono/notes

COMMENTS:



X  Susan Pido
_____
Susan Pido, MD
Digitally authenticated on 9/29/2014 4:15 PM

SP/sg   D: 09/15/2014 10:55:00 am            T: 09/18/2014 09:10:24 am            Job #: 1038614

EXH (30) (B)

STATE OF CALIFORNIA

Original

**HEALTH CARE SERVICES**
**PHYSICIAN REQUEST FOR SERVICES**

DEPARTMENT OF CORRECTIONS

SEP 09 2014

(To be completed by requesting Physician and forwarded to Utilization Management Unit)

| PATIENT NAME | CDC NUMBER | INSTITUTION | Side | Facility | Bldg/Dorm | Bed |
|---|---|---|---|---|---|---|
| BAKER, TIMOTHY | K62174 | CMC | E | C | 5 | 152b |

| DATE OF BIRTH | EPRD DATE | | GENDER |
|---|---|---|---|
| 12/28/1960 | 12/9/8 | | Male |

| PRINCIPLE DIAGNOSIS | ICD - 9 CODE | CPT CODE(S) |
|---|---|---|
| left shoulder pain | | |

| REQUESTED SERVICE(S) | # OF DAYS RECOMMENDED |
|---|---|
| PM and R | |

**Please check all that apply:** ☑ Diagnostic Procedure/Consultation ☐ Outpatient/Inpatient ☐ Initial/Follow Up

**Requested Treatment/Service is:** ☐ EMERGENT ☐ URGENT ☑ ROUTINE

*For the purpose of retrospective review, if emergent or urgent, please justify:*

Proposed provider: ___ Anticipated Length of Stay: ___

Expected disposition (i.e. outpatient follow-up, return to institution, transfer)

Medical Necessity (briefly describe the clinical situation: the history of the illness, treatments used, pertinent lab and imaging studies, or questions for the consultant):

53 yo M claims left shoulder was injured in 2012 due to "excessive use of force". He claims an officer cuffed him from the back and lifted him. He had 2 steroid injections after that which helped. He states after coming to CMC he was cuffed in the back and that made the pain worse again. Pain 9/10 down to a 5/10 with ice. Exam Abduction limited to 40, pain with internal and external rotation. Referred for possible repeat injection. On nsaid and tylenol.

SEP 8 2014

Estimated time for service delivery, recovery, rehabilitation and follow-up:

Summary of preliminary or diagnostic work up, conservative treatment provided (if applicable, please provide TB code, CD4, viral load, albumin, total protein and dates within last 3 months): 

BP T 12

Dr. Barber, CP&S

Comments (diagrams, risk factors, prognosis, alternative management, etc.):

| REQUESTING PHYSICIAN PRINTED NAME | APPROVED / AUTHORIZED / DENIED / DEFERRED BY | DATE: |
|---|---|---|
| Pido, S. MD | SP Rt/Rehab PMR | 9/5/14 |
| REQUESTING PHYSICIAN SIGNATURE | DATE 9/2/14 | Utilization management tracking # 15-07-791969 |

| DATE OF CONSULTATION | PRINTED NAME OF CONSULTANT |
|---|---|
| 9/22/14 | annud at CSP-LAC 9/18/14 |

FINDINGS: Denied - D documentation of trial of PT.

RECOMMENDATIONS: Pt notified of denia/ in writing. 7393

FOLLOW-UP OR FURTHER EVALUATIONS REQUESTED: written final

| CONSULTANT SIGNATURE | DATE | CDC NUMBER, NAME (LAST, FIRST, MI) AND DOB |
|---|---|---|
| | | K62174 |
| ETA RN SIGNATURE | DATE | R. Chander, MD, MBA, CCHP Chief Medical Executive CSP-Los Angeles County |
| PCP SIGNATURE | DATE 9/15/14 | BAKER, TIMOTHY |

LAC 14/15 798587

Attach Progress Note page for additional information
**THIS FORM MUST BE RETURNED WITH THE PATIENT!!!**

SEP 23 RECT

DISTRIBUTION
ORIGINAL - FILE IN UHR
GREEN - TO UHR PENDING ORIGINAL
CANARY - CONSULTANT
PINK - UM
GOLD - SPECIALTY SCHEDULER

RECEIVED
SEP 23 2014

DOB: 12/28/1960

PHYSICIAN REQUEST FOR SERVICE (RFS) [BY:] CDC 7243 (Rev. 11/02) CSP-LAC HC Records - Received 126 L

OCT 01 2014

Confidential Saved 2014-11-04T16:35:05Z

Ex H (31)

# COMPREHENSIVE ACCOMMODATION CHRONO

**INSTRUCTIONS:** A physician shall complete this form if an inmate requires an accommodation due to a medical condition. Circle P if the accommodation is to be permanent, or T if it is to be temporary. If the accommodation is temporary, write the date the accommodation expires on the line. A new form shall be generated when a change to an accommodation is required or upon renewal of a temporary accommodation. Any new form generated shall include previous accommodations, if they still apply. Chronos indicating permanent accommodations shall be reviewed annually. This form shall be honored as a permanent chrono at all institutions.

## A. HOUSING

**None**

| | | |
|---|---|---|
| 1. Barrier Free/Wheelchair Access P / T _____ | 4. Bottom Bunk | P / T _____ |
| 2. Ground Floor Cell (P) / T _____ | 5. Single Cell (See 128-C date: _____ ) | (P)/T _____ |
| 3. Continuous Powered Generator P / T _____ | 6. Permanent OHU / CTC (circle one) | P / T _____ |
| | 7. Other | P / T _____ |

## B. MEDICAL EQUIPMENT/SUPPLIES

**None**

| | | |
|---|---|---|
| 8. Limb Prosthesis P / T _____ | 16. Wheelchair: (type) _____ | P / T _____ |
| 9. Brace P / T _____ | 17. Contact Lens(es) & Supplies | P / T _____ |
| 10. Crutches (has) P / T _____ | 18. Hearing Aid | P / T _____ |
| 11. Cane: (type) Single point (P) T _____ | 19. Special Garment: (has) (specify) Mobility vest (P) T _____ | |
| 12. Walker P / T _____ | 20. Rx. Glasses: prescription (has) (P) T _____ | |
| 13. Dressing/Catheter/Colostomy Supplies P / T _____ | 21. Cotton Bedding | P / T _____ |
| Needs 14. Shoe: (specify) Canvas upper (T) _____ | 22. Extra Mattress | P / T _____ |
| 15. Dialysis Peritoneal Size 10 P / T _____ | 23. Other CPAP machine (has) electric outlet (P)/T _____ | |

## C. OTHER

**None**

| | | |
|---|---|---|
| 24. Attendant to assist with meal access P / T _____ and other movement inside the institution. | 26. Therapeutic Diet: (specify) | P / T _____ |
| Attendant will not feed or lift the inmate/patient or perform elements of personal hygiene. | 27. Communication Assistance | P / T _____ |
| | 28. Transport Vehicle with Lift | P / T _____ |
| 25. Wheelchair Accessible Table P / T _____ | 29. Short Beard | P / T _____ |
| | 30. Other Waist Chain | (P) T _____ |

## D. PHYSICAL LIMITATIONS TO JOB ASSIGNMENTS

Based on the above, are there any physical limitations to job assignments? ☑ Yes ☐ No

If yes, specify: Sedentary No prolonged walking — uses cane for more than ten minutes

| INSTITUTION LAC | COMPLETED BY (PRINT NAME) Esther Frances | TITLE NP |
|---|---|---|
| SIGNATURE | DATE 9/25/14 | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH |
| HCM/CMO SIGNATURE P Finander MD | DATE 9/26/14 | Baker, Timothy |
| APPROVED (list the number of items approved): two, four, eleven, fourteen, nineteen, twenty three, thirty | 1047592 | K62174 |
| DENIED (list the number of items denied): | | 12/28/60 |

**COMPREHENSIVE ACCOMMODATION CHRONO**

CDC 7410 (08/04)

CSP-LAC HC Records - Received
SEP 30 2014
Confidential Saved 2014-11-04T16:35:05Z

California State Prison, Los Angeles County

CDCR 128-C

| NAME: BAKER, TIMOTHY | CDCR#: K62174 | DATE OF CHRONO: 09/26/2014 |
|---|---|---|
| DATE OF BIRTH: 12/28/1960 | HOUSING: B 002 1129001LP | PAROLE DATE: |

COMPREHENSIVE ACCOMMODATION CHRONO, 7410

A: HOUSING: Ground floor, permanent. Bottom bunk, permanent.
B: MEDICAL EQUIPMENT/SUPPLIES: Single point cane, permanent. Canvas upper shoes, permanent. Mobility impairment vest, permanent. Prescription eye glasses, permanent. CPAP machine, permanent. Electrical outlet, permanent. Waist chains, permanent.
C: OTHER: None.
D: PHYSICAL LIMITATIONS TO JOB ASSIGNMENTS: Sedentary job, no prolonged walking for more than 10 minutes.

A CDC 7410 has been completed and forwarded to the appropriate parties.


**X** P. Finander MD
_____
Paulette Finander, MD, MBA
Digitally Authenticated on 9/30/2014 7:21 PM


DICTATED BY Paulette Finander, MD, MBA
PF/dr D: 09/26/2014 11:39:00 am T: 09/30/2014 10:00:29 am Job #: 1047592
Orig: C-File cc: ☐ Health Record ☐ Inmate Assignments ☐ Inmate ☐ CC-I ☐ C&PR
-------------------------------------------------------------------------------------------------

*Ex H (33)*

STATE OF CALIFORNIA                                          DEPARTMENT OF CORRECTIONS AND REHABILITATION

**COMPREHENSIVE ACCOMODATION CHRONO**

CDCR 7410 (REV. 05/13)                                                                      **Page 1 of 1**

> **INSTRUCTIONS:** A physician shall complete this form if a patient-inmate requires an accomodation due to a medical condition. Check P if the accomodation is to be permanent, or T if the accommodation is to be temporary. If the accommodation is temporary, enter the date the accommodation expires on the line. A new form shall be generated when a change to an accommodation is required or upon renewal of a temporary accommodation. Any new form generated shall include previous accommodations, if they still apply. Chronos indicating permanent accommodations shall be reviewed annually. This form shall be honored as a permanent chrono al all institutions.

## A . HOUSING

| | | | |
|---|---|---|---|
| None ☐ | | Bottom Bunk | ☑ P ☐ T |
| Barrier Free/Wheelchair Access | ☐ P ☐ T | Single Cell-see 128-C date: | ☐ P ☐ T |
| Ground Floor Cell | ☑ P ☐ T | Permanent ☐ OHU ☐ CTC ☐ | ☐ P ☐ T |
| Continuous Powered Generator | ☑ P ☐ T | Other | ☐ P ☐ T |

## B . MEDICAL EQUIPMENT/SUPPLIES

| | | | |
|---|---|---|---|
| None ☐ | | Wheelchair: (type) | ☐ P ☐ T |
| Limb Prosthesis | ☐ P ☐ T | Contact Lenses & Supplies | ☐ P ☐ T |
| Brace | ☐ P ☐ T | Hearing Aid | ☐ P ☐ T |
| Crutches | ☐ P ☐ T | Special Garment: | |
| Cane: (type) | ☑ P ☐ T | (specify)  Mobility vest | ☑ P ☐ T |
| Walker | ☐ P ☐ T | Rx. Glasses: | ☐ P ☐ T |
| Dressing/Catheter/Colostomy Supplies | ☐ P ☐ T | Cotton Bedding | ☐ P ☐ T |
| Shoe: (specify) | ☐ P ☐ T | Extra Mattress | ☐ P ☐ T |
| Dialysis Peritoneal | ☐ P ☐ T | Other  CPAP | ☑ P ☐ T |

## C . OTHER

| | | | |
|---|---|---|---|
| None ☐ | | Therapeutic Diet: (specify) | ☐ P ☐ T |
| Attendant to assist with meal access and other movement inside the institution | ☐ P ☐ T | Communication Assistance | ☐ P ☐ T |
| Attendant will not feed or lift the patient-inmate or perform elements of personal hygiene | | Transport Vehicle with Lift | ☐ P ☐ T |
| | | Short Beard | ☐ P ☐ T |
| Wheelchair Accessible Table | ☐ P ☐ T | Other  Front cuffing | ☑ P ☐ T |

## D . PHYSICAL LIMITATIONS TO JOB ASSIGNMENTS

Based on the above, are there any physical limitations to job assignments? ☑ Yes ☐ No If yes, specify:

Avoid prolonged walking >45 min continuously, No lifting>35 lbs. Cell Feed until transferred.

Completed By:  S. PIPO        Signature: _____   Title:  MD   Date:  9/2/14
                                                                    mm/dd/yy

| **Institution:**  CMC | Side  E | Facility  C | 3  2014 Bldg./Dorm  5 | Bed  152L |
|---|---|---|---|---|

CME Signature: _____   Date: _____   Dr. Barber  CP&S
                             mm/dd/yy              ☑ Approved        ☐ Denied

| 1. Disability Code: | Accomodation: | 3. Effective Communication: | |
|---|---|---|---|
| ☑ TABE score ≤ 4.0 | ☐ Additional time | ☐ P/I asked questions | CDCR #:  **K62174** |
| ☐ DPH  ☐ DPV  ☐ LD | ☐ Equipment  ☐ SLI | ☐ P/I summed information | |
| ☐ DPS  ☐ DNH | ☐ Louder  ☑ Slower | Please check one: | Name:  **BAKER, TIMOTHY** |
| ☐ DNS  ☐ DDP | ☑ Basic  ☐ Transcribe | ☐ Not reached*  ☐ reached | |
| ☐ Not Applicable | ☐ Other* | * See Chrono/notes | |
| 4. Comments: | | | DOB: 12/28/1960 |

Distribution: Original -eUHR; Copy to Central File, Correctional Counselor, and Inmate

# EXHIBIT COVER PAGE 

Description of this Exhibit:

1. First, Second, Third, Directors Level Reviews, 602 Appeals.
2. CDCR form 22's Request for Interviews/services
3. 3rd Level Review. Director. Administrative Remedies Exhausted.
4. Office of Inspector General (OIG)

Number of pages to this Exhibit ___3 2___ pages.

#'s 40-72

JURISDICTION: (Check only one)

☐ Municipal Court
☐ Superior Court
☐ Appellate Court
☐ State Supreme Court
☒ United States District Court
☐ State Circuit Court
☐ United State Supreme Court
☐ Grand Jury

Ex H (40)

STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION
**INMATE/PAROLEE REQUEST FOR INTERVIEW, ITEM OR SERVICE**
CDCR 22 (10/09)

## SECTION A: INMATE/PAROLEE REQUEST TO Lt. JA Baker, 2nd Request

| NAME (Print): (LAST NAME) | (FIRST NAME) | CDC NUMBER: | SIGNATURE |
|---|---|---|---|
| Baker | Trmothy | K62174 | Timothy R Baker |

| HOUSING/BED NUMBER: | ASSIGNMENT: | HOURS FROM____ TO____ | TOPIC (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC.): Copy of 7219 |

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW: Lt. JA Baker, I am writing to you again maam to get a copy of my last 7219 dated 8-10-12. Sgt Andes lie'd & said he sent me one and that's contrary to the truth. He responded Baker use the proper chain of command, if it's him it certainly does'nt work. He states he never got my request all the time. It's not my fault. Please send me a copy of my 7219

METHOD OF DELIVERY (CHECK APPROPRIATE BOX ) **NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED **
☑ SENT THROUGH MAIL: ADDRESSED TO: CFacility Sgt Lt. JA Baker      DATE MAILED: 9 16 12
☐ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE):

| RECEIVED BY: PRINT STAFF NAME: D. Hester | DATE: 9/16/12 | SIGNATURE: | FORWARDED TO ANOTHER STAFF? (CIRCLE ONE) (YES) NO |
|---|---|---|---|
| IF FORWARDED – TO WHOM: Baker | DATE DELIVERED/MAILED: 9/16/12 | | METHOD OF DELIVERY: (CIRCLE ONE) IN PERSON (BY US MAIL) |

## SECTION B: STAFF RESPONSE

| RESPONDING STAFF NAME: C. Andes | DATE: 9/25/12 | SIGNATURE: C. A | DATE RETURNED: 9/25/12 |
|---|---|---|---|

Inmate Baker again you were given a copy of your 7219 after you recieved your medical evaluation. It is not our responsability to deliver you another copy.

## SECTION C: REQUEST FOR SUPERVISOR REVIEW

PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL. KEEP FINAL CANARY COPY.

I strongly Disagree you never gave me shit you are lying you are covering up for that C/o Mc.Cowan assaulting me. You are likely responsible for it you told me BAKER Go Home MAX I didn't get shit from you. You are a Liar. I'm going to the Cap

| SIGNATURE: Timothy R Baker | DATE SUBMITTED: September 26, 2010 |
|---|---|

## SECTION D: SUPERVISOR'S REVIEW

| RECEIVED BY SUPERVISOR (NAME): | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|

Distribution: Original - Return to Inmate/Parolee; Canary - Inmate/Parolee's 2nd Copy; Pink - Staff Members Copy; Goldenrod - Inmate/Parolee's 1st Copy.

Ex H (41)

**INMATE/PAROLEE REQUEST FOR INTERVIEW, ITEM OR SERVICE**
CDCR 22 (10/09)

## SECTION A: INMATE/PAROLEE REQUEST

| NAME (Print)    (LAST NAME) | (FIRST NAME) | CDC NUMBER: | SIGNATURE: |
|---|---|---|---|
| Baker    Timothy | | #K62174 | Timothy R Baker |

| HOUSING/BED NUMBER: | ASSIGNMENT: | HOURS FROM 0830 to 1000 | TOPIC (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC.): |
|---|---|---|---|
| FC6-121L | ABE III | | 2nd Request for 7219 |

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW:

Capt DeRoco I am writing to you for your help I've wrote to Lt. JA Baker & Sgt Andes for my 7219 incident report. I was assaulted by staff on Aug 10, 2012 while in cuffs it was C/o McCowan, Sgt Andes lied & said he sent me one after I requested it from (Lt.) A Baker. I never ever received a 7219 from him ever, I've wrote Lt Baker and Sgt Andes 2 times now but TO NO AVAIL!

METHOD OF DELIVERY (CHECK APPROPRIATE BOX ) **NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED **

☑ SENT THROUGH MAIL:  ADDRESSED TO Capt Di DeRoco    DATE MAILED: 9 24 12

☐ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE):

| RECEIVED BY: PRINT STAFF NAME: | DATE: | SIGNATURE: | FORWARDED TO ANOTHER STAFF? (CIRCLE ONE) (YES)  NO |
|---|---|---|---|
| G Woodru | 9-24-12 | | |

| IF FORWARDED – TO WHOM: | DATE DELIVERED/MAILED: | METHOD OF DELIVERY: (CIRCLE ONE)  IN PERSON  BY US MAIL |
|---|---|---|
| Capt. DeRoco | 9-25-12 | |

## SECTION B: STAFF RESPONSE

| RESPONDING STAFF NAME: | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| C. Andes | 9/26/12 | C. Amed | 9/26/12 |

Inmate Baker this is the 3rd form 22 I've answered to your request for another 7219. Attained is the final copy I'll be sending you.

## SECTION C:  REQUEST FOR SUPERVISOR REVIEW

PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL. KEEP FINAL CANARY COPY.

| SIGNATURE: | DATE SUBMITTED: |
|---|---|
| | |

## SECTION D:  SUPERVISOR'S REVIEW

| RECEIVED BY SUPERVISOR (NAME): | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| | | | |

Ex H (42)

INMATE/PAROLEE REQUEST FOR INTERVIEW, ITEM OR SERVICE
CDCR 22 (10/09)

## SECTION A: INMATE/PAROLEE REQUEST    TO: Capt D, DeRoco

| NAME (Print): (LAST NAME) (FIRST NAME) Baker Timothy | CDC NUMBER: K62174 | SIGNATURE: Timothy G Baker |
|---|---|---|
| HOUSING/BED NUMBER: FCG-121 L | ASSIGNMENT: ABE III | HOURS FROM 0830 TO 1000 | TOPIC (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC.): Sgt Andes, Inciting |

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW:

Today 9-26-12 Sgt C. Andes became confrontational
and argumentive for me exercising my rights
to file Grievance for him denying me my 7219 for
an injury I sustained from Excessive force on 8-10-12
By C/o McCowan. He told me to stop writing his supervisors
He then Called me a "RAT" and to stop Snitching. This
was done in front of C/o Fields, C/o Carlson, & C/o wooden ask
them while interviewing them

METHOD OF DELIVERY (CHECK APPROPRIATE BOX) **NO RECEIPT WILL BE PROVIDED IF MAILED **    9-26-12

☑ SENT THROUGH MAIL   ADDRESSED TO: Capt D, DeRoco _____ DATE MAILED: 9-26-12

☐ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE):

| RECEIVED BY: PRINT STAFF NAME: C. McCloud | DATE: 9/27/12 | SIGNATURE: | FORWARDED TO ANOTHER STAFF? (CIRCLE ONE) YES  NO |
|---|---|---|---|
| IF FORWARDED – TO WHOM: Capt DeRoco | DATE DELIVERED/MAILED: 9/27/12 | | METHOD OF DELIVERY: (CIRCLE ONE) IN PERSON  BY US MAIL |

## SECTION B: STAFF RESPONSE

| RESPONDING STAFF NAME: J A BAKER LT | DATE: 10/8/12 | SIGNATURE: J. Baker Lt | DATE RETURNED: 10/8/12 |
|---|---|---|---|

If you wish to file a staff complaint
against Sergeant Andes then submit an
Inmate Appeal - 602.

## SECTION C: REQUEST FOR SUPERVISOR REVIEW

PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL. KEEP FINAL CANARY COPY.

Dissatisfied Lt. J. Baker. I've already tried all of that
And the Appeals Coordinator K.A. Daly, T. Wood, & J. Lynch
Held it beyond its time constraints. It was denied because
of that reason. So Please get Sgt C. Andes to get me a 7219.
As you Can Clearly see Lt. Baker Has non compliant.

| SIGNATURE: Timothy G Baker | DATE SUBMITTED: Oct 15, 2012 |
|---|---|

## SECTION D: SUPERVISOR'S REVIEW

| RECEIVED BY SUPERVISOR (NAME): | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| | | | |

Returned unAnswered or Responded to on 10-18-12.

Distribution: Original - Return to Inmate/Parolee; Canary - Inmate/Parolee's 2nd Copy; Pink - Staff Members Copy; Goldenrod - Inmate/Parolee's 1st Copy.

Ex.4 (43)

C6-121

State of California                                                    ATTACHMENT E-3

# Memorandum

Date   :   September 16, 2012

To    :    BAKER (K-62174)
           FC6-121, CSP-SAC

Subject:   **STAFF COMPLAINT RESPONSE - APPEAL # SAC-C-12-02492**

**APPEAL ISSUE:**
You claim that staff used excessive force while escorting you to a holding cell.

**DETERMINATION OF ISSUE:**
A review of the allegations of staff misconduct presented in the written complaint has been completed. Based upon this review your appeal has been handled as follows:

☒    PROCESSED AS A STAFF COMPLAINT APPEAL INQUIRY

**SUMMARY FOR APPEAL INQUIRY:**
You were interviewed regarding this appeal on September 16, 2012. You stated in the attached CDCR 602, Inmate /Parolee Appeal, that Officer J. McCowan used excessive force while escorting you to the holding by overextending your arms and wrists.

**CHOOSE ONE:**
☒ A Confidential Inquiry was conducted. The following information was reviewed as a result of your allegations of staff misconduct: CDCR 602 Inmate Appeal, authored by you. The following witnesses were questioned: Officer J. McCowan and you.

**FINDINGS FOR AN APPEAL INQUIRY:**
Your appeal is PARTIALLY GRANTED at the ☒ First level ☐ Second level:

☒ An inquiry into your allegation has been conducted.

ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE. As such, the details of any inquiry will not be shared with staff, members of the public, or inmates. Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process. However, you have the right to be notified if after a review of your allegations, it is determined that staff violated CDCR policy. In this case:

☒ The inquiry is complete. Staff did not violate CDCR policy.

Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process. If you wish to appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Director's Level of Review.

Ex H (44)

State of California                                             Department of Corrections and Rehabilitation

# Memorandum

Date  :   December 12, 2012

To    :   BAKER (K62174, FC6-121L)
          California State Prison, Sacramento

Subject:   **STAFF COMPLAINT RESPONSE - APPEAL #SAC-C-12-02492 - SECOND LEVEL
           RESPONSE**

**APPEAL ISSUE:** You claim that on August 10, 2012, excessive force was used against you
by Officer McCowan while you were in handcuffs. You claim that he over extended your
arms and wrists while in cuffs within C-Facility medical clinic.

**DETERMINATION OF ISSUE:** Your allegation of staff misconduct has been reviewed by
the hiring Authority. As a result of that review your appeal was referred for an appeal inquiry.

**SUMMARY FOR APPEAL INQUIRY:** You were interviewed regarding this appeal on
September 16, 2012. You stated in the attached CDCR-602 that Officer J. McCowan had
used excessive force while escorting you to the holding cage by overextending your arms and
wrists.

> ➢ **An Appeal Inquiry has been conducted and reviewed by the hiring authority.** The
> following individuals were interviewed: Officer J. McCowan. As a result of your staff
> misconduct allegation the following information was reviewed: Appeal #SAC-C-12-02492.
> Staff (did not) violate CDCR policy with respect to the issues raised.

**FINDINGS:** Your appeal is PARTIALLY GRANTED in that an Appeal Inquiry into your
allegation has been/is being conducted.

**ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE.** As such,
the details of any inquiry or investigation will not be shared with staff, members of the public,
or offender appellants. Although you have the right to submit a staff complaint, a request for
administrative action regarding staff or the placement of documentation in a staff member's
personnel file is beyond the scope of the staff complaint process. Allegations of staff
misconduct do not limit or restrict the availability of further relief via the inmate appeals
process. If you wish to appeal the decision, you must submit your staff complaint appeal
through all levels of appeal review up to, and including, the Secretary's Level of Review.
Once a decision has been rendered at the Third Level, your administrative remedies will be
considered exhausted.

Name _TIM V. VIRGA_        _signature_                    _12-13-12_
      Hiring Authority          Signature                     Date

STATE OF CALIFORNIA—DEPARTMENT OF CORRECTIONS AND REHABILITATION                    EDMUND G. BROWN JR., GOVERNOR

**OFFICE OF APPEALS**
1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



February 20, 2013

BAKER, TIMOTHY, K62174
California State Prison, Sacramento
P.O. Box 29
Represa, CA 95671

RE: TLR# 1208191    SAC-12-02492    STAFF COMPLAINTS

The Office of Appeals, California Department of Corrections and Rehabilitation (CDCR) acts as the third level of review as established in California Code of Regulations (CCR) Title 15, Article 8. The Office of Appeals examines and responds to inmate and parolee appeals, after the institution or parole region has responded at the Second Level of Appeal.

Your appeal has been rejected pursuant to the California Code of Regulations, Title 15, Section (CCR) 3084.6(b)(7). Your appeal is missing necessary supporting documents as established in CCR 3084.3. All documents must be legible (If necessary, you may obtain copy(ies) of requested documents by sending a request with a signed trust withdrawal form to your assigned counselor). Your appeal is missing:

- CDCR Form 1858, Rights and Responsibilities Statement

J. D. LOZANO, Chief
Office of Appeals

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b). Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted. However, a separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if the appeal on the cancellation is granted.

**\*\*\*\*PERMANENT APPEAL ATTACHMENT - DO NOT REMOVE\*\*\*\***

STATE OF CALIFORNIA
GA-22 (9/92)

# INMATE REQUEST FOR INTERVIEW

DEPARTMENT OF CORRECTIONS

| DATE | TO | FROM (LAST NAME) | | CDC NUMBER |
|---|---|---|---|---|
| 3-3-13 | Chief Inmate Appeals J.D. Lozano | Baker T.R. | | K62174 |

| HOUSING | BED NUMBER | WORK ASSIGNMENT | JOB NUMBER | |
|---|---|---|---|---|
| FC6-121 | Low | MKWC-018 | FROM | TO |

| OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.) | ASSIGNMENT HOURS |
|---|---|
| | FROM 0600   TO 1200 |

**Clearly state your reason for requesting this interview.**
You will be called in for interview in the near future if the matter cannot be handled by correspondence.

Ex H (46)

Per Your Request CDCR 1858 Rights & Responsibility
Statement. Attached Thereto this 602 Inmate
Appeal. Please Process this 602 in a timely manner
Thank You. Respectfully Submitted

Do NOT write below this line. If more space is required, write on back.

INTERVIEWED BY                                         DATE

DISPOSITION

**OFFICE OF APPEALS**

$Ex H (47)$

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



April 16, 2013

BAKER, TIMOTHY, K62174
California State Prison, Sacramento
P.O. Box 29
Represa, CA 95671

RE: TLR# 1208191    SAC-12-02492    STAFF COMPLAINTS

Mr. BAKER:

The Office of Appeals has received your appeal regarding the above matter. It has been forwarded to the Appeals Coordinator at SAC for further action.

The Appeals Coordinator has 30 working days to complete the action requested by the Office of Appeals. If you have not received the original appeal and notification of the further action taken within a reasonable amount of time, contact the Appeals Coordinator.

If not satisfied with the further action taken by the institution, please attach an amended Section "F" to your appeal, re-date Section "F", and resubmit to the Office of Appeals.

**Please note that time constraints apply for resubmitting your appeal.** If dissatisfied with the Amended Second Level Response, you must resubmit your complete appeal for a Third Level Response within 30 calendar days of receiving the Amended Second Level Response.

J. D. LOZANO, Chief
Office of Appeals

**Ex H (48)**

## SECTION A: INMATE/PAROLEE REQUEST

TO: Appeals Coordinator K.A. Daly

| NAME (Print): (LAST NAME) | (FIRST NAME) | CDC NUMBER: | SIGNATURE: |
|---|---|---|---|
| Baker | Timothy | # K62174 | |

| HOUSING/BED NUMBER: | ASSIGNMENT: | HOURS FROM 0400 to 1130 | TOPIC (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC.): |
|---|---|---|---|
| FCG-121 Low | DRL FC-011 | | Pending 602 Appeal |

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW:

To: Appeals Coordinator K.A. Daly. I am writing to you to request that you please process my TLR #1208191 SAC-12-02492 staff Complaint 602 Appeal. I received this document from office of Third Level Review on 4-18-13. I need this 602 processed in a timely manner to Avoid time constraints. Please make the Amendments and forward it to me at your earliest convenience, Thank You

METHOD OF DELIVERY (CHECK APPROPRIATE BOX) **NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED**

☑ SENT THROUGH MAIL: ADDRESSED TO: Appeals Coord K.A. Daly          DATE MAILED: 5-9-13

☐ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE):

| RECEIVED BY: PRINT STAFF NAME: | DATE: | SIGNATURE: | FORWARDED TO ANOTHER STAFF? (CIRCLE ONE) YES NO |
|---|---|---|---|
| | | | |

| IF FORWARDED -- TO WHOM: | | DATE DELIVERED/MAILED: | METHOD OF DELIVERY: (CIRCLE ONE) IN PERSON BY US MAIL |
|---|---|---|---|
| | | | |

## SECTION B: STAFF RESPONSE

| RESPONDING STAFF NAME: | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| T. Woods | 5/10/13 | | 5/10/13 |

Baker your appeal is currently being processed by the appeal coordinator, you will be receiving notification shortly.

## SECTION C: REQUEST FOR SUPERVISOR REVIEW

PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL. KEEP FINAL CANARY COPY.

| SIGNATURE: | DATE SUBMITTED: |
|---|---|
| | |

## SECTION D: SUPERVISOR'S REVIEW

| RECEIVED BY SUPERVISOR (NAME): | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| | | | |

Ex # (49)

TO: Appeals Coordinator K.A Daly   URGENT!

STATE OF CALIFORNIA
GA-22 (9/92)

**INMATE REQUEST FOR INTERVIEW**

DEPARTMENT OF CORRECTIONS

| DATE 6-4-13 | TO Appeals Coordinator K.A Daly | FROM (LAST NAME) Baker T.R. | | CDC NUMBER K6217Y |
|---|---|---|---|---|
| HOUSING FC6-121 | BED NUMBER Low | WORK ASSIGNMENT | JOB NUMBER FROM          TO | |
| OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.) | | | ASSIGNMENT HOURS FROM          TO | |

**Clearly state your reason for requesting this interview.**

You will be called in for interview in the near future if the matter cannot be handled by correspondence.

K.A. Daly You need to process my 602 now and send it to me immediatley. You've had it since April 18, Im 602ing you now. You are playing damn games. Process my 602 Now! Im writing Chief Inmate Appeals with this.

Do NOT write below this line.  If more space is required, write on back.

INTERVIEWED BY  Baker, this appeal has been completed, once it has been logged   DATE 6/6/13

DISPOSITION and copied you will receive your appeal. It was granted in part by the 2ⁿᵈ level.

T. Woods, CCI
Appeals

Ex H (50)

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION
**INMATE/PAROLEE REQUEST FOR INTERVIEW, ITEM OR SERVICE**
CDCR 22 (10/09)

CSP- Sacramento

## SECTION A: INMATE/PAROLEE REQUEST

TO: Appeals Coord. K.A. Daly

| NAME (Print): (LAST NAME) | (FIRST NAME) | CDC NUMBER: | SIGNATURE: |
|---|---|---|---|
| Baker | Timothy | # K62179 | Timothy K Baker |

| HOUSING/BED NUMBER: | ASSIGNMENT: | HOURS FROM: | TOPIC (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC.): |
|---|---|---|---|
| FC6-121 Low | LAU-C.015 | 0800 / 430 | Pending 602 Staff Complaint, etc. |

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW:

TO: Appeals Coordinator K.A. Daly
This is my 3rd & final demand for the return of my
TLR#1208191- Sac-12-0893 Staff Complaint 602
The office of TLR in Sacramento sent it back to you on
4-16-13 for you to Amend the 2nd Level Review. You
refuse to Comply. You are obstructing my access to the
Courts Per CCR Title 15 3160(a) I need to exhaust my Admin
Remedies

METHOD OF DELIVERY (CHECK APPROPRIATE BOX) **NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED **
☑ SENT THROUGH MAIL: ADDRESSED TO: Appeals Coordinator K.A. Daly   DATE MAILED: 6-6-13
☐ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE):

| RECEIVED BY: PRINT STAFF NAME: | DATE: | SIGNATURE: | FORWARDED TO ANOTHER STAFF? (CIRCLE ONE)   YES   NO |
|---|---|---|---|
| IF FORWARDED – TO WHOM: | | DATE DELIVERED/MAILED: | METHOD OF DELIVERY: (CIRCLE ONE)   IN PERSON   BY US MAIL |

## SECTION B: STAFF RESPONSE

| RESPONDING STAFF NAME: | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| KA DALY, CCI | 6/10/13 | | 6/12/13 |

INMATE APPEAL OFFICE IS IN POSSESSION OF #TLR-120819| AS /
OUR OFFICE IS AWAITING ADDITIONAL CLARIFICATION/DOCUMENTATION
FOR EVENTUAL AMENDED SLR RESPONSE - THANK YOU FOR YOUR
PATIENCE.

## SECTION C: REQUEST FOR SUPERVISOR REVIEW
PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL. KEEP FINAL CANARY COPY.

| SIGNATURE: | DATE SUBMITTED: |
|---|---|

## SECTION D: SUPERVISOR'S REVIEW

| RECEIVED BY SUPERVISOR (NAME): | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|

Distribution: Original - Return to Inmate/Parolee; Canary - Inmate/Parolee's 2nd Copy; Pink - Staff Members Copy; Goldenrod - Inmate/Parolee's 1st Copy.

Ex H (51)

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE/PAROLEE REQUEST FOR INTERVIEW, ITEM OR SERVICE
CDCR 22 (10/09)

## SECTION A: INMATE/PAROLEE REQUEST

| NAME (Print) (LAST NAME) | (FIRST NAME) | CDC NUMBER: | SIGNATURE |
|---|---|---|---|
| Baker | Timothy | K62174 | Timothy R. Baker |

| HOUSING/BED NUMBER: | ASSIGNMENT: | HOURS FROM 0740 TO 1430 | TOPIC (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC.): |
|---|---|---|---|
| FCG-121L | LAU-C-015 | | Pending 602 Appeal |

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW: To: Appeals Coordinator
KA Daly I am checking to see what is the
status on 602 Appeal # TLR #1208091-SAC-12-08492
When do expect to be Completed with it. How soon
it's been over 2 months now since you've had it
A response is requested.

METHOD OF DELIVERY (CHECK APPROPRIATE BOX) **NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED **

☐ SENT THROUGH MAIL - ADDRESSED TO: _____ DATE MAILED: 6 - 27 - 13
☐ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE):

| RECEIVED BY: PRINT STAFF NAME: | DATE: | SIGNATURE: | FORWARDED TO ANOTHER STAFF? (CIRCLE ONE) YES NO |
|---|---|---|---|
| | 6/27/13 | | |

| IF FORWARDED - TO WHOM: Appeals Coordinator | DATE DELIVERED/MAILED: | METHOD OF DELIVERY: (CIRCLE ONE) IN PERSON BY US MAIL |
|---|---|---|

## SECTION B: STAFF RESPONSE

| RESPONDING STAFF NAME: T. Woods | DATE: 7/2/13 | SIGNATURE: | DATE RETURNED: 7/2/13 |
|---|---|---|---|

You must write directly to 3 level appeals office for
this information, SAC appeal does not keep records for 3 level -

## SECTION C: REQUEST FOR SUPERVISOR REVIEW

PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL. KEEP FINAL CANARY COPY.

I strongly disagree. My 602 was sent to you on April 16th
from Chief Office of Appeals D.J.D. Lozano to be Amended
now it's July 7th & you have not amended it but
Rather keep lieing to me telling me different stories. You
need to do your jobs more effectively. I'm requesting your Boss

| SIGNATURE: Timothy R. Baker | DATE SUBMITTED: July 7, 2013 |
|---|---|

## SECTION D: SUPERVISOR'S REVIEW

| RECEIVED BY SUPERVISOR (NAME): J.J. Lynch, CC II | DATE: 7/9/13 | SIGNATURE: | DATE RETURNED: 7/9/13 |
|---|---|---|---|

Your appeal has been received at SAC and it is being amended by the second
Level Reviewer.

Distribution: Original - Return to Inmate/Parolee; Canary - Inmate/Parolee's 2nd Copy; Pink - Staff Members Copy; Goldenrod - Inmate/Parolee's 1st Copy.

$Ex H (52)$

**OFFICE OF APPEALS**

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



July 23, 2013

BAKER, TIMOTHY, K62174
California State Prison, Sacramento
P.O. Box 29
Represa, CA 95671

RE: TLR# 1208191    SAC-12-02492    STAFF COMPLAINTS

The Office of Appeals, California Department of Corrections and Rehabilitation (CDCR) acts as the third level of review as established in California Code of Regulations (CCR) Title 15, Article 8. The Office of Appeals examines and responds to inmate and parolee appeals, after the institution or parole region has responded at the Second Level of Appeal.

This is in response to your correspondence, dated July 21, 2013, regarding the above listed appeal. This is clearly an institutional issue and cannot be responded to by staff within the Office of Appeals. It is the responsibility of the Chief, OOA to examine inmate/parolee appeals after the appellant has received a decision at the institution/parole region, or Second Level of Review. The OOA will not provide a Third Level of Review for this appeal until it is processed through the Second Level of Review.

If you have not received the original appeal and notification of the further action taken within a reasonable amount of time you may inquire with the Appeals Coordinator at your institution. If not satisfied with the further action taken by the institution, please attach an amended Section "F" to your appeal, re-date Section "F", and resubmit to the Office of Appeals. Please note that time constraints apply for resubmitting your appeal. If dissatisfied with the Amended Second Level Response, you must resubmit your complete appeal for a Third Level Response within 30 calendar days of receiving the Amended Second Level Response.

Keep in mind, any dissatisfaction with the appeals processing should be directed to the hiring authority at SAC, who is responsible for the supervision of the Appeals Coordinators at the institution.

J. D. LOZANO, Chief
Office of Appeals

Ex H (53)

## CONFIDENTIAL SUPPLEMENT TO APPEAL
## AMMENDED "APPEAL INQUIRY"
## (NOT FOR INMATE DISTRIBUTION)

Date: **July 3, 2013**

Appeal Log Number: **SAC-C-12-02492**

Inmate: **BAKER (K-62174)**

Assigned Reviewer: **Sgt. B. Cross**

Witnesses: **N/A**

Accused Staff Member: **Officer J. McCowan**

**Synopsis of Allegation:**

Inmate BAKER is accusing Officer J. McCowan of using excessive force while escorting him to a holding cell by overextending his arms and wrists.

**Findings:**

Inmate BAKER submitted his complaint/allegation on a CDCR Form 602, which was evaluated by the Hiring Authority and deemed to meet the conditions of a staff complaint. Sgt. B. Cross was assigned to conduct a confidential inquiry into BAKER's allegation.

On September 16, 2012, Officer McCowan was interviewed and stated that while he conducted a hands on escort, which is policy while escorting an inmate in restraints, he did not use any force during the escort of inmate BAKER. In BAKER's appeal he states that he voluntarily submitted to handcuffs, as he was asked, and did not communicate to Officer McCowan any special accommodations that BAKER may have had at the time.

**Conclusion:**

Officer J. McCowan conducted his escort of inmate BAKER appropriately and did not violate CDCR policy.

Further Administrative Action Recommended: ☐ Yes ☒ No

Sergeant B. Cross                                    July 3, 2013
                                                    Date

TIM V. VIRGA                                        8-17-D
Warden                                              Date

*Please Read All of my Attempts Attached Herein*

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION
**INMATE/PAROLEE REQUEST FOR INTERVIEW, ITEM OR SERVICE**
CDCR 22 (10/09)

## SECTION A: INMATE/PAROLEE REQUEST  *To Warden Tim V. Virga*

| NAME (Print): (LAST NAME) (FIRST NAME) | CDC NUMBER: | SIGNATURE: |
|---|---|---|
| Baker   Timothy | K62174 | *Timothy R Baker* |

| HOUSING/BED NUMBER: | ASSIGNMENT: | HOURS FROM | TOPIC (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC.): |
|---|---|---|---|
| FC6-121L | LAU-C-015 | 07:00 and 14:00 | Delayed 602 Appeal |

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW:

Hello Warden Tim Virga, Im sending this CDCR 22 to you per Chief Im Appeals office in Sacramento see Attch. Your Appeals Coord. K.A. Daly, T. Woods & Supervisor J.S Lynch will not process my 2nd level Amended 602 per J.D. Lozano Chief office of Appeals request. Theyve had it since April 16, 2013 its now Aug 8th. They refuse to amend it but rather make excuses. Im on time constraints. They are obstructing my access to the courts

METHOD OF DELIVERY (CHECK APPROPRIATE BOX) **NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED**

☐ SENT THROUGH MAIL: ADDRESSED TO: _____   DATE MAILED: **8, 8, 13**

☑ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE):

| RECEIVED BY: PRINT STAFF NAME: | DATE: | SIGNATURE: | FORWARDED TO ANOTHER STAFF? |
|---|---|---|---|
| G. Wooden | K6-8-13 | | (CIRCLE ONE)   YES   (NO) |

| IF FORWARDED – TO WHOM: | DATE DELIVERED/MAILED: | METHOD OF DELIVERY: |
|---|---|---|
| Warden T. Virga | 8-9-13 | (CIRCLE ONE)  IN PERSON  BY US MAIL |

## SECTION B: STAFF RESPONSE

| RESPONDING STAFF NAME: | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| | | | |

## SECTION C: REQUEST FOR SUPERVISOR REVIEW
PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL. KEEP FINAL CANARY COPY.

| SIGNATURE: | DATE SUBMITTED: |
|---|---|
| | |

## SECTION D: SUPERVISOR'S REVIEW

| RECEIVED BY SUPERVISOR (NAME): | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| | | | |

Ex H (55)

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION
**INMATE/PAROLEE REQUEST FOR INTERVIEW, ITEM OR SERVICE**
CDCR 22 (10/09)

## SECTION A: INMATE/PAROLEE REQUEST CCII Hindrich (A)

| NAME (Print): (LAST NAME) | (FIRST NAME) | CDC NUMBER: | SIGNATURE: |
|---|---|---|---|
| Baker | Timothy | #K62174 | mr P Baker |

| HOUSING/BED NUMBER: | ASSIGNMENT: | HOURS FROM 0700/1400 | TOPIC (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC.): |
|---|---|---|---|
| C6-1212 | LAU-C-015 | Pending TLR 602 | |

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW: CCII (A) Hindrich. I am
writing to you to request that you please call to
the appeals coordinators office to check the status
of TLR #120819 | Sac-12-02492 CSP-Sac Appeals office
has had this 602 since 4-16-13. It was supposed to be
amended at the 2nd level per request of COA J.D.Lozano.
in Sacramento. Its way beyond time constraints & 4 months

METHOD OF DELIVERY (CHECK APPROPRIATE BOX) **NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED**
☑ SENT THROUGH MAIL: ADDRESSED TO: CCIIA Hindrich      DATE MAILED: 8/27/13
☐ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE):

| RECEIVED BY: PRINT STAFF NAME: | DATE: | SIGNATURE: | FORWARDED TO ANOTHER STAFF? (CIRCLE ONE)  YES  NO |
|---|---|---|---|
| | | | |

| IF FORWARDED – TO WHOM: | DATE DELIVERED/MAILED: | METHOD OF DELIVERY: (CIRCLE ONE)  IN PERSON  BY US MAIL |
|---|---|---|

## SECTION B: STAFF RESPONSE

| RESPONDING STAFF NAME: | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| T. Woods, CCI | 8/30/13 | Nroch | 8/30/13 |

It is not the responsibility of your CCI or CCII to contact TLR
to inquire about an appeal, you will need to write directly to that
office for a response.

9738 Lincoln Village Dr.
Suite 150
Rancho. Cordova, CA. 95827

## SECTION C: REQUEST FOR SUPERVISOR REVIEW

PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL. KEEP FINAL CANARY COPY.

I strongly disagree. You are very incompetent & unqualified to
be a CCI. I spoke to CCII A Hindrich 2 weeks ago. He told me to
send him the 602 information. This 602 is here at CSP-Sac to
be amended at the 2nd level per request of Chief off of Appeal
J.D.Lozano see Atch. Appeals Coord of CSP-Sac has had my 602 of 4-16

| SIGNATURE: | DATE SUBMITTED: |
|---|---|
| mr P Baker | September 4, 2013. |

## SECTION D: SUPERVISOR'S REVIEW

| RECEIVED BY SUPERVISOR (NAME): | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| J.J. Lynch | 9/6/13 | JJL | 9/6/13 |

First off, character assassination is uncalled for, do not do it again
when corresponding to this office. Second, an amended 2nd level appeal
inquiry response was received from the facility and CCII Daly is completing
your appeal for return to 3rd Level next week.

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**Side 1**

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | SAC | 13-02247 | |

*FOR STAFF USE ONLY*

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available.  See California Code of Regulations, Title 15, Section (CCR) 3084.1.  You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that lead to the filing of this appeal.  If additional space is needed, _only_ one CDCR Form 602-A will be accepted.  Refer to CCR 3084 for further guidance with the appeal process.  No reprisals will be taken for using the appeal process.

**Appeal is subject to rejection if one row of text per line is exceeded.**                **WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| Baker Timothy | #K62174 | C6-121L | LAU-E-015 |

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):

Obstructing Access to Courts/Refusal. Amended 602

**A. Explain your issue** (if you need more space, use Section A of the CDCR 602-A): I have turned in 4 CDCR 22's in re to TLR # 1208191, Sac-12-02492 Staff Complaint See Attch. TLR in Sac sent my 602 to CSP-Sac to be amended @ the 2nd Level on 4-16-13

**B. Action requested** (if you need more space, use Section B of the CDCR 602-A): 1) That my 602 be amended @ the 2nd Level per request of TLR in Sacramento. 2) That time constraints be waived for failure to process 602 in a timely manner.

**Supporting Documents: Refer to CCR 3084.3.**

☑ Yes, I have attached supporting documents.

List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

4 CDCR 22s. And TLR   J.D. Lozano Chief office of Appeals

☐ No, I have not attached any supporting documents. Reason : _____

Inmate/Parolee Signature: _____  Date Submitted: _____

☐ **By placing my initials in this box, I waive my right to receive an interview.**

| **C. First Level - Staff Use Only** | | Staff – Check One:  Is CDCR 602-A Attached? ☐ Yes ☐ No |
|---|---|---|
| This appeal has been: | | |
| ☐ Bypassed at the First Level of Review. Go to Section E. | | |
| ☑ Rejected (See attached letter for instruction)  Date: 5/6/13 AY   Date: _____  Date: _____  Date: _____ | | |
| ☐ Cancelled (See attached letter)  Date: _____ | | |
| ☐ Accepted at the First Level of Review. | | |

Assigned to: _____  Title: _____  Date Assigned: _____  Date Due: _____

First Level Responder:  Complete a First Level response.  Include Interviewer's name, title, interview date, location, and complete the section below.

Date of Interview: _____  Interview Location: _____

Your appeal issue is:  ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other: _____

See attached letter. If dissatisfied with First Level response, complete Section D.

Interviewer: _____ (Print Name)  Title: _____  Signature: _____  Date completed: _____

Reviewer: _____ (Print Name)  Title: _____  Signature: _____

Date received by AC: _____

| AC Use Only |
|---|
| Date mailed/delivered to appellant ____ / ____ / ____ |

INMATE APPEALS BRANCH   STAFF USE ONLY   RECEIVED FEB 28 2014

**D. If you are dissatisfied with the First Level response,** explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response. If you need more space, use Section D of the CDCR 602-A.

Dissatisfied. Per request by the office of Appeals J.D Lozano
You had 30 days to Complete action requested as of 4-16-13. Its
now 9-23-13 5mnths later. you have only offered excuse after excuse on
top of lie after lie. See Supervisors review as of 9-6-13 J.D.Lynch, I got
the 602 on 9-12-13. It was supposed to be Completed the week of
9-16-20-13. It wasn't yet another falsehood. Im Contacting IA & OIG.

Inmate/Parolee Signature: _Amas K. Baker_          Date Submitted: 9-23-13

| E. Second Level - Staff Use Only | Staff – Check One: Is CDCR 602-A Attached?   ☐ Yes   ☐ No |
|---|---|

This appeal has been:
☐ By-passed at Second Level of Review. Go to Section G.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)
☐ Accepted at the Second Level of Review

Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____

Second Level Responder: Complete a Second Level response. If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.

Date of Interview: _____          Interview Location: _____

Your appeal issue is:   ☐ Granted   ☐ Granted in Part   ☐ Denied   ☐ Other: _____

See attached letter. If dissatisfied with Second Level response, complete Section F below.

Interviewer: _____ (Print Name)  Title: _____  Signature: _____  Date completed: _____

Reviewer: _____ (Print Name)  Title: _____  Signature: _____

Date received by AC: _____

| | **AC Use Only**<br>Date mailed/delivered to appellant ___ / ___ / ___ |
|---|---|

**F. If you are dissatisfied with the Second Level response,** explain reason below; attach supporting documents and submit by mail for Third Level Review. It must be received within 30 calendar days of receipt of prior response. Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001. If you need more space, use Section F of the CDCR 602-A.

_____

_____

_____

_____

_____

Inmate/Parolee Signature: _____          Date Submitted: _____

**G. Third Level - Staff Use Only**

This appeal has been:
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)   Date: _____
☐ Accepted at the Third Level of Review.  Your appeal issue is ☐ Granted   ☐ Granted in Part   ☐ Denied   ☐ Other: _____
See attached Third Level response.

| | **Third Level Use Only**<br>Date mailed/delivered to appellant ___ / ___ / ___ |
|---|---|

**Request to Withdraw Appeal:**  I request that this appeal be withdrawn from further review because; State reason. (if withdrawal is conditional, list conditions.)

_____

_____

_____

_____

_____ Inmate/Parolee Signature: _____          Date: _____

Print Staff Name: _____  Title: _____  Signature: _____          Date: _____

Ex H (57)

STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL FORM ATTACHMENT
CDCR 602-A (08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | SAC | 13-02247 | |
| | FOR STAFF USE ONLY | | |

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.

Appeal is subject to rejection if one row of text per line is exceeded.

WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): Baker Timothy | CDC Number: K62174 | Unit/Cell Number: C6-121L | Assignment: LAC1-C-015 |
|---|---|---|---|

A. Continuation of CDCR 602, Section A only (Explain your issue): Its now 8-27-13
it still hasn't been processed. It is beyond
time Constraints. The Appeals Coord has had
this 602 since 4-16-13 approximately 4 mnth
They K.A. Daly CCII T. woods & JJ Lynch is
Maliciously & Sadistically withdding my 602.
They have offered numerous excuses as to
why they have not processed it, they have
disregarded and ignored OTLR J.D Lozanos
request to amend this 602. see attch. Per
CCR title 15 sect 3160(a) I/m Access to Courts
(a) states in part I/m Access to Courts shall
not be obstructed. I only have 6 months from
the time of the incident which occured on
Aug 10, 2012 to file ') A BOC claim ²) Claim with
the Courts 6 mnths After BOC claim. Its been
Year now I am beyond time Constraints. I'll
be time barred from filing suit. There is
a Prohibition against obstructing court Access

Inmate/Parolee Signature: [signature] Date Submitted: August
27, 2013

B. Continuation of CDCR 602, Section B only (Action requested): ¹) That my 602 be amended
at the 2nd level of Review per OTLR J.D Lozano
Chief Office of Appeals, ²) That time Constraints be waived
as All of CSP-Sacramento Appeals Coordinators are
acting Maliciously and Sadistically by not Complies
with CCR title 15 Section 3084.8 Appeal Time Limits
(a)(3)(c)(2)(3)(e). CSP-Soc Appeals Coordinators. ¹) KA Daly
²) T. woods ³) JJ Lynch are in direct violation of my
rights to appeal. Per 3084.1(a). 3) Im requesting that
the Hiring Authority warden Tim V. virga been
Re notified as I did already. All parties listed herein
are defendants to this cause of action As of 8-27-13.

Inmate/Parolee Signature: [signature] Timothy K Baker Date Submitted: August 27, 2013

INMATE APPEALS BRANCH
RECEIVED
FEB 28 2014
STAFF USE ONLY

STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL FORM ATTACHMENT    Document 1    Filed 01/29/15    Page 108 of 128    DEPARTMENT OF CORRECTIONS AND REHABILITATION

CDCR 602-A (08/09)    Side 2

D. Continuation of CDCR 602, Section D only (Dissatisfied with First Level response): On the following days and months after 4-16-13. I've filed approximately 7 CDCR 22s and I to the warden per request of the office of Appeals Chief J.D. Lozano on 8-8-13 see Attch on 7-11-13 I wrote to COA J.D Lozano to file a complaint against CSR Sacramentos Appeals Coordinators and their Supervisor JJ Lynch for dereliction of their job duties K.A. Daly CC II and T. Woods CCI are under direct supervision of JJ Lynch CC II thus making her vicariously responsible for the actions of her employee's on 5-9-13 6-4-13, 6-6-13, 6-27-13, 8-8-13, 8-27-13. I have tried to resolve my staff complaint 602 issues at the lowest level with the Appeals Coordinators and the Hiring Authority warden Tim V. Virga but to NO AVAIL! They are all equally responsible for my no compliance with time constraints. At this juncture their intentions are arbitrary-and are done with maliciously and sadistically, to prevent me from prevailing against officer J. McCowan for his used excessive force on Aug 10, 2012. Warden Tim V. Virga Appeals Coords K.A. Daly CCII, T. Woods CCI, JJLynch CCII, via 3160

Inmate/Parolee Signature: _____    Date Submitted: 9-23-13

F. Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response): _____

Inmate/Parolee Signature: _____    Date Submitted: _____

$Ex\ H(58)$

State of California
**CDC FORM 695**
**Screening For:**
CDC 602 Inmate/Parolee Appeals
CDC i824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

*September 06, 2013*

**BAKER, K62174**
*C  006 1021001L*

LEGAL, Processing of Appeals, 08/30/2013
Log Number: SAC-C-13-02247
(Note: Log numbers are assigned to all appeals for tracking purposes)

The enclosed documents are being returned to you for the following reasons:

*Be advised that your appeal was previously received and is in process.*

*~Please review CDCR 22 Form which was answered on 9/6/13 concerning this issue.*

Appeals Coordinator                    Appeals Analyst
CSP - Sacramento                       CSP-Sacramento

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b).  Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted.   However, a separate appeal can be filed on the cancellation decision.  The original appeal may only be resubmitted if the appeal on the cancellation is granted.

State of California                              Attachment E-2
                                        Department of Corrections and Rehabilitation

# Memorandum

Date  :    September 13, 2013    Rec'd 10-9-13 c/o G. wooden.
                                  Beyond time constraints

To   :    BAKER (K62174, FC6-121L) **(AMENDED)**
         California State Prison, Sacramento

Subject:    **STAFF COMPLAINT RESPONSE - APPEAL #SAC-C-12-02492 - SECOND LEVEL RESPONSE**

         **APPEAL ISSUE:** You claim that on August 10, 2012, excessive force was used against you by Officer McCowan while you were in handcuffs. You claim that he overextended your arms and wrists while in cuffs within C-Facility Medical Clinic.

         **DETERMINATION OF ISSUE:** Your allegation of staff misconduct has been reviewed by the Hiring Authority. As a result of that review, your appeal was referred for an appeal inquiry.

         **SUMMARY FOR APPEAL INQUIRY:** You were interviewed regarding this appeal on September 16, 2012. You stated in the attached CDCR-602 that Officer J. McCowan had used excessive force while escorting you to the holding cage by overextending your arms and wrists. On July 3, 2013, Sgt. B. Cross clarified that you had voluntarily submitted to handcuffs and that you did not communicate to Officer McCowan any special accommodations that you may have had at that time.

         ➤ **An Appeal Inquiry has been conducted and reviewed by the Hiring Authority.** The following individuals were interviewed: Officer J. McCowan. As a result of your staff misconduct allegation the following information was reviewed: Appeal #SAC-C-12-02492. Staff (did not) violate CDCR policy with respect to the issues raised.

         **FINDINGS:** Your appeal is PARTIALLY GRANTED in that an Appeal Inquiry into your allegation has been/is being conducted.

         **ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE.** As such, the details of any inquiry or investigation will not be shared with staff, members of the public, or offender appellants. Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process. Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process. If you wish to appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Secretary's Level of Review. Once a decision has been rendered at the Third Level, your administrative remedies will be considered exhausted.

*Ex H(60)*

California State Prison, Sacramento
 Staff Complaint Response – Appeal log #SAC-C-12-02492
BAKER (K62174, FC6-121L)  **(AMENDED)**
September 13, 2013
Page 2

Name  TIM V. VIRGA          *[signature]*          9-20-13
           Hiring Authority            Signature              Date

**State of California**
**CDC FORM 695**
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

*October 07, 2013*

*BAKER, K62174*
*C 006 1021001L*

LEGAL, Processing of Appeals, 09/25/2013
Log Number: SAC-C-13-02247
(Note: Log numbers are assigned to all appeals for tracking purposes)

The enclosed documents are being returned to you for the following reasons:

*Be advised that your appeal was previously received and is in process.*

*~SAC-12-02492 is still pending a decision. It is noted that SAC has exceeded time constraints through no fault of your own.*

Appeals Coordinator
CSP - Sacramento

Appeals Analyst
CSP-Sacramento

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b). Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted. However, a separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if the appeal on the cancellation is granted.

Exh (602)

STATE OF CALIFORNIA
GA-22 (9/92)

# INMATE REQUEST FOR INTERVIEW

DEPARTMENT OF CORRECTIONS

| DATE | TO | FROM (LAST NAME) | CDC NUMBER |
|---|---|---|---|
| 10-10-13 | Chief Appeals Office J.D. Lozano | Baker T. R. | K62174 |

| HOUSING | BED NUMBER | WORK ASSIGNMENT | JOB NUMBER FROM | TO |
|---|---|---|---|---|
| FCG-121 | L | LAU-C-015 | | |

OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.)

ASSIGNMENT HOURS FROM / TO

## Clearly state your reason for requesting this interview.

You will be called in for interview in the near future if the matter cannot be handled by correspondence.

COA. J.D. Lozano, Im sending you this GA-22. to Show you
how many times Ive tried to get the 602 Amended by CSP-Sac
Appeals Coords. CCII K.A. Daly CCI. T. Woods CC II Supervisor
JJ. Lynch. & Warden Tim. V. Virga. It was a Concerted

Do NOT write below this line. If more space is required, write on back.

INTERVIEWED BY

effort on their part not to process or amend this 602. See
all of their responses & Dates. It was done on 9-13-13. I got
it 10-9-13 after being told for months. Ill get it next week

DATE

DISPOSITION

$Ex\ H\ (63)$

STATE OF CALIFORNIA—DEPARTMENT OF CORRECTIONS AND REHABILITATION                    EDMUND G. BROWN JR., GOVERNOR

**OFFICE OF APPEALS**

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001

December 13, 2013

BAKER, TIMOTHY, K62174
California State Prison, Sacramento
P.O. Box 29
Represa, CA 95671

RE: TLR# 1208191    SAC-12-02492    STAFF COMPLAINTS

Mr. BAKER:

The Office of Appeals has received your appeal regarding the above matter. It has been forwarded to the Appeals Coordinator at SAC for further action.

The Appeals Coordinator has 30 working days to complete the action requested by the Office of Appeals. If you have not received the original appeal and notification of the further action taken within a reasonable amount of time, contact the Appeals Coordinator.

If not satisfied with the further action taken by the institution, please attach an amended Section "F" to your appeal, re-date Section "F", and resubmit to the Office of Appeals.

**Please note that time constraints apply for resubmitting your appeal.** If dissatisfied with the Amended Second Level Response, you must resubmit your complete appeal for a Third Level Response within 30 calendar days of receiving the Amended Second Level Response.

J. ZAMORA, Chief (A)
Office of Appeals

*Robert A. Barton, Inspector General*



*Office of the Inspector General*

March 3, 2014

Timothy Baker K62174
California State Prison - Sacramento
P.O. Box 290066
Represa CA 95671

Dear Timothy Baker:

The Office of the Inspector General has received your correspondence.

We reviewed the issues you raised and forwarded your letter to our regional field staff for action.

As part of our statutory mandates, the Office of the Inspector General oversees the internal affairs investigations and employee disciplinary process of the California Department of Corrections and Rehabilitation (CDCR), monitors CDCR's use-of-force review process, and conducts reviews of CDCR's policies, practices, and procedures.

The Office of the Inspector General does not conduct independent investigations; however, our regional field staff work directly with prison administrators to resolve issues at the local level.

If you require further information regarding the resolution of your complaint, you should contact the institution directly. Since CDCR employee investigations are confidential, the Office of the Inspector General cannot provide you with information regarding the results of any ensuing CDCR investigations we are monitoring.

Thank you for bringing your concerns to our attention.

INTAKE AND REVIEW UNIT
Office of the Inspector General

MM: 13-0016769-01 (13-0002233-PI)

Ex H (65)

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
OFFICE OF APPEALS
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## THIRD LEVEL APPEAL DECISION

Date:   MAY 1 9 2014

In re:   Timothy Baker, K62174
California Men's Colony
P.O. Box 8101
San Luis Obispo, CA 93409-8101

TLR Case No.: 1208191          Local Log No.: SAC-12-02492

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner R. Pimentel, Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I   APPELLANT'S ARGUMENT:** It is the appellant's position that on August 10, 2012, Correctional Officer (CO) J. McCowan used unnecessary and excessive force upon his (appellant's) person. The appellant contends that he was in the clinic and had a confrontation with staff and CO McCowan intervened and verbally abused him. The appellant alleges CO McCowan ordered him to submit to handcuffs and forcefully overextended his arms and threatened him with violence. The appellant contends that the actions of the staff constitute misconduct. The appellant requests that the staff be investigated, that the staff be reprimanded, no reprisals, staff complaint processing, and monetary compensation.

**II   SECOND LEVEL'S DECISION:** The Second Level of Review (SLR) affirms that appropriate supervisory staff have been assigned to conduct an inquiry into this matter. Correctional Sergeant B. Cross reviewed the submitted material and interviewed the involved parties. In order to determine the facts, the inquiry arising from this appeal included an interview of the appellant; interview of department employees; and review of current policies, laws, and procedures. Additional research may have included interviews of other inmate's or review of the appellant's central file. The SLR noted that all staff personnel matters are confidential in nature and the appellant will only be notified whether the action's of the staff were or were not in compliance with policy. The SLR found that the staff were in compliance with policy. The SLR partially granted the appeal in that an inquiry into the appellant's allegations was conducted.

**III   THIRD LEVEL DECISION:** Appeal is denied.

   **A.   FINDINGS:** Upon review of the documentation submitted, it is determined that the appellant's allegations have been reviewed and evaluated by administrative staff and an inquiry has been completed at the SLR. In the event that staff misconduct was substantiated, the institution would take the appropriate course of action. All staff personnel matters are confidential in nature and not privy to the inquiries of other staff, the general public or the inmate population, and would not be released to the appellant. In this case, the institution has reported to the appellant that an inquiry was conducted and concluded that staff did not violate policy. Although the appellant has the right to submit an appeal as a staff complaint, the request for administrative action regarding staff, or the placement of documentation in a staff member's personnel file, or that the staff members be reprimanded is beyond the scope of the appeals process. The Third Level of Review (TLR) reviewed the confidential inquiry which was prepared by the SLR and finds that it adequately addresses the appellant's allegations. Therefore no relief is provided at the TLR.

   The appellant has added new issues and requests to his appeal. The additional requested action is not addressed herein as it is not appropriate to expand the appeal beyond the initial problem and the initially requested action (CDC Form 602, Inmate/Parolee Appeal Form, Sections A and B).

   **B.   BASIS FOR THE DECISION:**
California Penal Code Section: 832.5, 832.7, 5058
California Code of Regulations, Title 15, Section: 3000, 3001, 3005, 3268, 3268.1, 3268.2, 3270, 3350, 3380, 3391

*Ex H (66)*

TIMOTHY BAKER, K62174
CASE NO. 1208191
PAGE 2

**C. ORDER:** No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.  If dissatisfied, the appellant may forward this issue to the California Victims Compensation and Government Claims Board, Government Claims Unit, P.O. Box 3035, Sacramento, CA  95812-3035, for further review.


R. PIMENTEL, Appeals Examiner
Office of Appeals

J. A. ZAMORA, Chief (A)
Office of Appeals

cc:     Warden, SAC
        Appeals Coordinator, SAC

State of California                                                    Department of Corrections and Rehabilitation

# Memorandum

Date   :   February 5, 2014

To     :   BAKER (K62174, FC6-121L)  **(AMENDED)**
           California State Prison, Sacramento

Subject:   **STAFF COMPLAINT RESPONSE - APPEAL #SAC-C-12-02492 - SECOND LEVEL RESPONSE**

**APPEAL ISSUE:** You claim that on August 10, 2012, excessive force was used against you by Officer McCowan while you were in handcuffs. You claim that he overextended your arms and wrists while in cuffs within C-Facility Medical Clinic.

**DETERMINATION OF ISSUE:** Your allegation of staff misconduct has been reviewed by the Hiring Authority. As a result of that review, your appeal was referred for an appeal inquiry.

**SUMMARY FOR APPEAL INQUIRY:** You were interviewed regarding this appeal on September 16, 2012. You stated in the attached CDCR-602 that Officer J. McCowan had used excessive force while escorting you to the holding cage by overextending your arms and wrists. On July 3, 2013, Sgt. B. Cross clarified that you had voluntarily submitted to handcuffs and that you did not communicate to Officer McCowan any special accommodations that you may have had at that time.

> ➢ **An Appeal Inquiry has been conducted and reviewed by the Hiring Authority.** The following individuals were interviewed: Officer Snipes and Officer J. McCowan. As a result of your staff misconduct allegation the following information was reviewed: Appeal #SAC-C-12-02492. Staff (did not) violate CDCR policy with respect to the issues raised.

**FINDINGS:** Your appeal is PARTIALLY GRANTED in that an Appeal Inquiry into your allegation has been/is being conducted.

**ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE.** As such, the details of any inquiry or investigation will not be shared with staff, members of the public, or offender appellants. Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process. Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process. If you wish to appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Secretary's Level of Review. Once a decision has been rendered at the Third Level, your administrative remedies will be considered exhausted.

*Rec'd 2-13-14 C/o G. Wooden*

$Ex H (68)$

California State Prison, Sacramento
Staff Complaint Response – Appeal log #SAC-C-12-02492
BAKER (K62174, FC6-121L) **(AMENDED)**
February 5, 2014
Page 2

Name  JEFF MACOMBER

Hiring Authority (A)          Signature

$\frac{2/10'14}{\text{Date}}$

See section to
Amendment

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (08/09)
DEPARTMENT OF CORRECTIONS AND REHABILITATION
Side 1

Amended Sec F
TLR 1208191

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | SAC | 12- 02492 | 7 |

FOR STAFF USE ONLY

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.
Appeal is subject to rejection if one row of text per line is exceeded.
WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): Baker    Timothy | CDC Number: K62174 | Unit/Cell Number: FCG-121L | Assignment: LAU-C-025 |
|---|---|---|---|

**A. Continuation of CDCR 602, Section A only (Explain your issue) :**

RECEIVED
INMATE APPEALS BRANCH
FEB 28 2014
INMATE APPEALS BRANCH
OCT 17 2013
STAFF USE ONLY

Inmate/Parolee Signature: _____ Date Submitted: _____

**B. Continuation of CDCR 602, Section B only (Action requested):**

Inmate/Parolee Signature: _____ Date Submitted: _____

**D. Continuation of CDCR 602, Section D only (Dissatisfied with First Level response):** _____

_(blank lines)_

**Inmate/Parolee Signature:** _____  **Date Submitted:** _____

**F. Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response):** In Re;To Summary For Appeal Inquiry Amended 2nd Level Response. I'm dissatisfied as it is fabricated and deceptive. I was never interview by Sgt. B. Cross ever in re to this 602. period! See declaration) 10-16-12.) Staff did violate CDCR policy pertaining to excessive force. Policy is a video recording of the I/m shall be made when Allegations of unnecessary excessive use of force has been reported. It shall be documented on a CDCR Form 3013 & I/m interview Guidlines form 3014. Sgt. C. Andes said it was not excessive force & that I can be coffed behind my back during escort. C/o J. Mc. Cowan was told (ver batim) by me that I had a waist restraint Chrono with a medical condition which prevented me from cuffing behind my back, See chrono Attch. C/o J. Mc. Cowan acted Maliciously and Sadistically with no other reason except to Cause harm / pain. I was in total Compliance when I was given an order to cuff up. So I did (CCR title 15 3005) Conduct (a)(b) States I/m will obey all laws and orders from staff

**Inmate/Parolee Signature:** _(signature)_  **Date Submitted:** 10-10-13.

Ex H (70)

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 08/09)
DEPARTMENT OF CORRECTIONS AND REHABILITATION
Side 1

*Amended ~~602~~ Sect*
*TLR1208191*

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | SAC | 12-02492 | 7 |
| | | FOR STAFF USE ONLY | |

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available.  See California Code of Regulations, Title 15, (CCR) Section 3084.1.  You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that lead to the filing of this appeal.  If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process.  No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.                **WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First): *Timothy R. Baker* | CDC Number: *K62174* | Unit/Cell Number: *FC6-101L* | Assignment: |
|---|---|---|---|

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):
*Staff Assault / Excessive Force.*

A.  Explain your issue (If you need more space, use Section A of the CDCR 602-A): _____

_____

_____

_____

B.  Action requested (If you need more space, use Section B of the CDCR 602-A): _____

_____

_____

**Supporting Documents: Refer to CCR 3084.3.**
☐ Yes, I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

_____          _____

_____          _____

☐ No, I have not attached any supporting documents.  Reason : _____

_____

_____

Inmate/Parolee Signature: _____    Date Submitted: _____

☐ By placing my initials in this box, I waive my right to receive an interview.

**C.  First Level - Staff Use Only**                    Staff – Check One:  Is CDCR 602-A Attached?  ☐ Yes  ☐ No
This appeal has been:
☐ Bypassed at the First Level of Review.  Go to Section E.
☐ Rejected (See attached letter for instruction)  Date: _____  Date: _____  Date: _____  Date: _____
☐ Cancelled (See attached letter).  Date: _____
☐ Accepted at the First Level of Review.

Assigned to: _____  Title: _____  Date Assigned: _____  Date Due: _____

First Level Responder:  Complete a First Level response.  Include Interviewer's name, title, interview date, location, and complete the section below.

Date of Interview: _____  Interview Location: _____

Your appeal issue is:  ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other: _____
See attached letter.  If dissatisfied with First Level response, complete Section D.

Interviewer: _____ (Print Name)  Title: _____  Signature: _____  Date completed: _____

Reviewer: _____ (Print Name)  Title: _____  Signature: _____

Date received by AC: _____

| AC Use Only |
| Date mailed/delivered to appellant ____/____/____ |

RECEIVED
FEB 28 2012
INMATE APPEALS BRANCH
STAFF USE ONLY

**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 08/09)                                                          Side 2

**D. If you are dissatisfied with the First Level response,** explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response. If you need more space, use Section D of the CDCR 602-A.

_____

_____

_____

_____

_____

_____

Inmate/Parolee Signature: _____     Date Submitted : _____

**E. Second Level - Staff Use Only**             Staff – Check One: Is CDCR 602-A Attached?  ☐ Yes  ☐ No

This appeal has been:

☐ By-passed at Second Level of Review. Go to Section G.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)
☐ Accepted at the Second Level of Review

Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____

Second Level Responder: Complete a Second Level response. If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.

Date of Interview: _____     Interview Location: _____

Your appeal issue is:  ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other: _____

See attached letter. If dissatisfied with Second Level response, complete Section F below.

Interviewer: _____ Title: _____ Signature: _____ Date completed : _____
       (Print Name)

Reviewer: _____ Title: _____ Signature: _____
      (Print Name)

Date received by AC: _____

| AC Use Only |
| Date mailed/delivered to appellant ____ / ____ / ____ |

**F. If you are dissatisfied with the Second Level response,** explain reason below; attach supporting documents and submit by mail for Third Level Review. It must be received within 30 calendar days of receipt of prior response. Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001. If you need more space, use Section F of the CDCR 602-A.

_Dissatisfied, Sgt. B. Cross has falsified documents and statements_
_I've never been interviewed. By him. Its indicative of CDCR Staff as_
_They are all Complicit in their intentions to Cover up wrong doings. (See)_
_Memo dated 2-17-04 from the Director of Corrections. Re Code of Silence_
_there is A Zero Tolerance. C/o J. McCowan Provoked and Assaulted me. It was_
_unprovoked by me_

Inmate/Parolee Signature: _Inmate R. Baker_     Date Submitted: _Jan 25, 2014_

**G. Third Level - Staff Use Only**

This appeal has been:
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)   Date: _____
☐ Accepted at the Third Level of Review. Your appeal issue is ☐ Granted ☐ Granted in Part ☐ Denied ☐ Other: _____

See attached Third Level response:

| Third Level Use Only |
| Date mailed/delivered to appellant ____ / ____ / ____ |

**H. Request to Withdraw Appeal:** I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

_____

_____

_____

_____

_____ Inmate/Parolee Signature: _____ Date: _____

Print Staff Name: _____ Title: _____ Signature: _____ Date: _____

(See Section F, and ExH(7)
on Reverse si. F.)

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**INMATE/PAROLEE APPEAL**

CDCR 602 (REV. 08/09)

Side 1

Amended Sec F
TLR 1208191

IAB USE ONLY

| Institution/Parole Region: | Log #: | Category: |
|---|---|---|
| SAC | 12-02492 | 7 |

FOR STAFF USE ONLY

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations, Title 15, Section (CCR) 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that lead to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.    WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): Baker Timothy | CDC Number: KG2174 | Unit/Cell Number: FCG-121L | Assignment: LAU-C-015 |
|---|---|---|---|

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):

A. Explain your issue (If you need more space, use Section A of the CDCR 602-A): _____

_____

_____

_____

B. Action requested (If you need more space, use Section B of the CDCR 602-A): _____

_____

_____

_____

**Supporting Documents:** Refer to CCR 3084.3.

☐ Yes, I have attached supporting documents.

List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

_____

_____

☐ No, I have not attached any supporting documents. Reason : _____

_____

_____

_____

Inmate/Parolee Signature: _____    Date Submitted: _____

☐ **By placing my initials in this box, I waive my right to receive an interview.**

RECEIVED FILED
FEB 28 2013
INMATE APPEALS BRANCH

STAFF RECEIVED
OCT 17 2013
INMATE APPEALS BRANCH

INMATE APPEALS BRANCH USE ONLY

**C. First Level - Staff Use Only**     Staff – Check One: Is CDCR 602-A Attached?   ☐ Yes   ☐ No

This appeal has been:

☐ Bypassed at the First Level of Review. Go to Section E.

☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____

☐ Cancelled (See attached letter) Date: _____

☐ Accepted at the First Level of Review.

Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.

Date of Interview: _____     Interview Location: _____

Your appeal issue is:   ☐ Granted   ☐ Granted in Part   ☐ Denied   ☐ Other: _____

See attached letter. If dissatisfied with First Level response, complete Section D.

Interviewer: _____ Title: _____ Signature: _____ Date completed: _____
              (Print Name)

Reviewer: _____ Title: _____ Signature: _____
              (Print Name)

Date received by AC: _____

| AC Use Only |
|---|
| Date mailed/delivered to appellant ____ / ____ / ____ |

**INMATE/PAROLEE APPEAL**    Case 2:15-cv-00248-TLN-AC    Document 1    Filed 01/29/15    Page 125 of 128

CDCR 602 (REV. 08/09)                                                                    Side 2

**D. If you are dissatisfied with the First Level response,** explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response. If you need more space, use Section D of the CDCR 602-A.

Inmate/Parolee Signature: _____     Date Submitted : _____

---

**E. Second Level - Staff Use Only**           Staff – Check One: Is CDCR 602-A Attached?   ☐ Yes   ☐ No

This appeal has been:
☐ By-passed at Second Level of Review. Go to Section G.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)
☐ Accepted at the Second Level of Review

Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____

Second Level Responder: Complete a Second Level response. If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.

Date of Interview: _____      Interview Location: _____

Your appeal issue is:   ☐ Granted   ☐ Granted in Part   ☐ Denied   ☐ Other: _____
See attached letter. If dissatisfied with Second Level response, complete Section F below.

Interviewer: _____ Title: _____ Signature: _____ Date completed : _____
           (Print Name)

Reviewer: _____ Title: _____ Signature: _____
           (Print Name)

Date received by AC: _____

| | AC Use Only<br>Date mailed/delivered to appellant ____/____/____ |
|---|---|

---

**F. If you are dissatisfied with the Second Level response,** explain reason below; attach supporting documents and submit by mail for Third Level Review. It must be received within 30 calendar days of receipt of prior response. Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001. If you need more space, use Section F of the CDCR 602-A.

Dissatisfied. ① CSP-Sac Appeals Coordinators K.A. Daly, T. Woods
J Lynch & Warden Tim V. Virga. Held my 602 until 10-9-13
But signed it on Sept 10-13-13. Was beyond the 30 days in which to
respond to the Amended 602. See 1st page Memo Atch. ② Sgt. B. Cross did not
ever interview me in re to this 602. ③ I did as I was ordered to do Cuff up. see sgt
                                                                         cont'd

Inmate/Parolee Signature: _[signature]_     Date Submitted: 10-10-13

---

**G. Third Level - Staff Use Only**

This appeal has been:
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)   Date: _____
☐ Accepted at the Third Level of Review. Your appeal issue is   ☐ Granted   ☐ Granted in Part   ☐ Denied   ☐ Other: _____
     See attached Third Level response.

| | Third Level Use Only<br>Date mailed/delivered to appellant ____/____/____ |
|---|---|

---

**Request to Withdraw Appeal:** I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

Inmate/Parolee Signature: _____     Date: _____

Print Staff Name: _____ Title: _____ Signature: _____ Date: _____

Ex H (22)

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
DEPARTMENT OF CORRECTIONS AND REHABILITATION
CDCR 602-A (08/09)
Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| Amended Sec F | SAC | 12-02492 | 7 |
| TLR 1208191 | | FOR STAFF USE ONLY | |

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.

Appeal is subject to rejection if one row of text per line is exceeded.    WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| Baker Timothy | KC2174 | FC6-121L | |

A. Continuation of CDCR 602, Section A only (Explain your issue) :

SEE SECTION

F ON Reverse Side.

2nd, 2nd Amdended

Appeal Response.

Inmate/Parolee Signature: _____    Date Submitted: _____

INMATE APPEALS BRANCH

FEB 28 2014

RECEIVED

USE ONLY

B. Continuation of CDCR 602, Section B only (Action requested): _____

Inmate/Parolee Signature: _____    Date Submitted: _____

Case 2:15-cv-00209-MCE-AC Document 1   Filed 01/29/15   Page 127 of 128

**D. Continuation of CDCR 602, Section D only (Dissatisfied with First Level response):** _____

Inmate/Parolee Signature: _____                     Date Submitted: _____

**F. Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response):** Dissatisfied. Requesting 3rd Level Final Review. Please Process this 602. This excessive force was done Maliciously and Sadistically C/o J. McCowan a state officials Conduct violated constitutional rights that were clearly established at the time of the conduct. The use of force was excessive & violates the 8th Amendment prohibition against Cruel and unusal punishment. It was not used in a good faith manner/effort to maintain or restore order but was applied Maliciously and Sadistically for the only purpose of Causing harm (See) Hudson V. McMillian (1992) 501 U.S. 294, L 112 S.Ct 995, 117 L.Ed.2d. Whitley V. Albers (1986) 475 U.S 312 106 S.Ct. 1078, 89 L.Ed.2d 251 C/o supe S. was the proximate Cause of this Excessive Force, she told me I could'nt talk to another Inmate to greet him back. It was A 1st Amendment Right Violations of freedom of speech Restrictions with no reasons to impose them (See) Turner V. Safley (1987) 482 U.S. 78, [107 S.Ct. 2254, 96 L.Ed.2d.64) Frost V. Symington (9th cir 1999)197 F.3d 348

Inmate/Parolee Signature: _____                     Date Submitted: Feb 25, 2014

COA. This Is my Final 2nd 2nd Level Amended Response Please Process this ● 602. My Remedies ● Are Exhausted

Inmate's name (print) Timothy Baker
CDC number # K62174
Housing unit (Yard) B Building # 2-129-Low

## P.R.O.O.F. O.F. S.E.R.V.I.C.E. B.Y. M.A.I.L

I UNDERSIGNED, CERTIFY THAT I AM OVER THE AGE OF EIGHTEEN (18)
YEARS OF AGE, THAT I CAUSED TO BE SERVED A COPY OF THE FOLLOWING
DOCUMENT: 42. USC. 1983. Complaint And Exhibits
(ORIGINAL)
LEGAL / CONFIDENTIAL MAIL ADDRESSED TO:
Clerk of the U.S. District Court
For The Eastern District of California
501 I street, Room 4-200
Sacramento, CA 95814

BY PLACING THE LEGAL/CONFIDENTIAL DOCUMENTS IN AN ENVELOPE,
SEALING IT BEFORE A CORRECTIONAL OFFICER, AND LEAVING IT IN THE
CUSTODY OF THAT SAME OFFICER AT CALIFORNIA STATE PRISON AT
Los Angeles County           TO BE MAILED VIA THE UNITED
STATES MAIL.

THIS HAS BEEN EXECUTED ON (date) Jan 25 2015 AT CALIFORNIA
STATE PRISON AT Los Angeles County, Lancaster, CA   ON
BF-2-129, YARD.                                    93536-7620

I (Inmate print name & CDC number) # K62174 _____ DECLARE
UNDER THE PENALTY OF PERJURY UNDER THE LAW OF THE STATE OF
CALIFORNIA THAT THE ABOVE STATEMENT IS TRUE AND CORRECT.

SIGNATURE OF INMATE

1/25/15

SIGNATURE OF HOUSING OFFICER

_____

SIGNATURE OF MAILROOM STAFF