UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY RAY BAKER,<br><br>    Plaintiff,<br><br>    v.<br><br>J. MACOMBER, et al.,<br><br>    Defendants. | No.  2:15-cv-0248 GEB AC P<br><br><br>ORDER |

   Plaintiff, a state prisoner proceeding pro se with a civil rights action, requests appointment of counsel.

   The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

   The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of

1

counsel.  The burden of demonstrating exceptional circumstances is on the plaintiff.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

In the present case, plaintiff seeks appointment of counsel on the grounds that he has serious mental health disabilities and low educational scores, and relies on the assistance of other prisoners in the preparation of his legal documents.  Plaintiff also avers that the excessive force complained of in this action caused him permanent numbness and disability in his left shoulder, requiring the testimony of a medical expert to adequately support his claim.  See ECF No. 13.  Plaintiff also asserts that appointment of counsel is necessary "to ensure [] balanced pretrial conference proceedings and trial[.]"  Id. at 1.

Plaintiff has submitted no documentation to substantiate his alleged educational, mental health, and physical impairments.  Moreover, it is premature to anticipate trial and pretrial proceedings.  Significantly, this action has been narrowed to one claim, against one defendant.  Plaintiff's pleading was sufficient to establish a cognizable excessive force claim against defendant McCowan, indicating that plaintiff (with or without the assistance of other inmates) was able to articulate his claims pro se in light of the complexity of the legal issues involved.  Plaintiff appears capable of identifying evidence essential to his claim, and formulating his discovery requests accordingly.[1]  For these reasons, the court finds that plaintiff has not met his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for appointment of counsel, ECF No. 13, is denied without prejudice.

DATED: October 9, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's discovery requests may include the following:  (1) requests for admission (yes-or-no statements of fact) directed to each defendant, see Fed. R. Civ. P. 36; (2) up to twenty-five interrogatories (questions) directed to each defendant, see Fed. R. Civ. P. 33; and (3) requests for copies of documents, electronically stored information, or other tangible evidence directed to each defendant, see Fed. R. Civ. P. 34.