UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY RAY BAKER, | No. 2:15-cv-0248 GEB AC P |
| Plaintiff, | |
| v. | ORDER and |
| J. MACOMBER, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a state prisoner presently incarcerated at California State Prison Sacramento (CSP-SAC), who proceeds pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Presently pending is plaintiff's second motion for preliminary injunctive relief. See ECF No. 23. For the reasons that follow, this court recommends that plaintiff's motion be denied.

This action proceeds on plaintiff's original complaint against sole defendant Correctional Officer J. McCowan on plaintiff's claims for excessive force and deliberate indifference to plaintiff's serious medical needs. See ECF Nos. 1, 10. Plaintiff alleges that, on August 10, 2012, during his previous incarceration at CSP-SAC, defendant McCowan used excessive force when he cuffed plaintiff behind his back and raised his arms unnecessarily high, and at the same time deprived plaintiff of his scheduled insulin injection. McCowan answered the complaint, ECF No. 20, and the court issued a Discovery and Scheduling Order on January 4, 2016, ECF No. 21.

1    Plaintiff commenced this action when he was incarcerated at California State Prison Los
2    Angeles County (CSP-LAC).  ECF No. 1.  Plaintiff was transferred back to CSP-SAC in late
3    December 2015.  ECF No. 22.

4    By order filed September 18, 2015, the court denied plaintiff's first motion for injunctive
5    relief because it was too "wide-ranging."  The court denied the motion without prejudice to
6    plaintiff filing a new motion that "is specific as to any harm he has sustained and the reasons he
7    believes he is at risk of further harm, and by whom."  See ECF No. 10 at 12-3.

8    In his present motion, plaintiff seeks "an emergency court order to force defendants
9    Warden Jeff Macomber and J. McCowan into compliance."  ECF No. 23 at 1.  Plaintiff seeks a
10   "permanent temporary preliminary injunction TRO," immediate release of his legal materials
11   following his transfer, and appointment of counsel.  Id. at 4.

12   Plaintiff explains that he is in a "Psychiatric Services Unit (PSU) for the mentally ill,"
13   where he has "been assaulted, denied my legal property access to the courts, medical, mental
14   health treatment" (sic).  ECF No. 23 at 1.  Plaintiff states that, "I'm on a locked down program in
15   a prison inside of a prison (PSU).  I'm escorted everywhere in restraints no phone calls, law
16   library access."  Id. at 3.  Plaintiff avers that "I was suicide (sic) on 12/26/15 due to all of the
17   denials I've experienced since my arrival here on 12/24/15."  Id.  Plaintiff explains, id. at 3 (sic):

> I'm suicide.  I swallowed a razor on 12/26/2015 at 8:00 am.  I'm high risk medical.  I'm on a hunger strike.  I'm a Type II insulin dependent diabetic with polyneuropathy, diabetic neuropathy.  I've got vision acuity in my right eye (via) detached retina & macular degeneration due to an attempted murder by 8 officers at CSP-Los Angeles County Lancaster on August 121, 2015.

22   Plaintiff also asserts that, when he arrived back at CSP-SAC, he was poked "fairly hard"
23   in the chest by an unknown officer because plaintiff had "written him up," and that Sgt.
24   Williamson denied plaintiff his legal property on 12/26/15, telling plaintiff, "You're not getting
25   your shit today."  Id. at 2.  Plaintiff complains that he doesn't have access to the law library or
26   any legal forms, and that he was sent back to CSP-SAC for "officials to kill me as I'm in
27   imminent danger and fear for my life."  Id.  Plaintiff alleges that the racism at CSP-SAC "is very
28   apparent" and the correctional officers and senior management are "very bad."  Id. at 3.

2

1        "A preliminary injunction is an 'extraordinary and drastic remedy,' 11A C. Wright, A.
2 Miller, & M. Kane, Federal Practice and Procedure § 2948, p. 129 (2d ed.1995) [] (footnotes
3 omitted); it is never awarded as of right, Yakus v. United States, 321 U.S. 414, 440 (1944)."
4 Munaf v. Geren, 553 U.S. 674, 689-90 (2008). "The sole purpose of a preliminary injunction is
5 to "preserve the status quo ante litem pending a determination of the action on the merits." Sierra
6 Forest Legacy v. Rey, 577 F.3d 1015, 1023 (9th Cir. 2009) (citing L.A. Memorial Coliseum
7 Comm'n v. NFL, 634 F.2d 1197, 1200 (9th Cir.1980)); see also 11A Charles Alan Wright &
8 Arthur R. Miller, Federal Practice and Procedure, § 2947 (2d ed. 2010)

9        In evaluating the merits of a motion for preliminary injunctive relief, the court considers
10 whether the movant has shown that "he is likely to succeed on the merits, that he is likely to
11 suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his
12 favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense
13 Council, 555 U.S. 7, 20 (2008); Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009)
14 (quoting Winter). The propriety of a request for injunctive relief hinges on a significant threat of
15 irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldridge, 844
16 F.2d 668, 674 (9th Cir. 1988). A preliminary injunction is appropriate when a plaintiff
17 demonstrates . . . "serious questions going to the merits and a hardship balance [] tips sharply
18 toward the plaintiff, . . . assuming the other two elements of the Winter test are also met."
19 Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011). An injunction
20 against individuals who are not parties to the action is strongly disfavored. Zenith Radio Corp. v.
21 Hazeltine Research, Inc., 395 U.S. 100 (1969).

22        Additionally, in cases brought by prisoners involving conditions of confinement, any
23 preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the
24 harm the court finds requires preliminary relief, and be the least intrusive means necessary to
25 correct the harm." 18 U.S.C. § 3626(a)(2).

26        Plaintiff's instant motion is again too "wide-ranging," addressing matters beyond the
27 scope of this action. Plaintiff has not complied with the court's instructions to identify the
28 specific harm that he has sustained and/or the specific risk of future harm that he is seeking to

prevent. It is routine for legal property to lag behind a prisoner's transfer to another institution. Additionally, although plaintiff generally asserts that he is being denied access to the courts ("I've got responses, 42 U.S.C. § 1983s, motions summary judgements, default motions, change of addresses motifications" (sic), ECF No. 23 at 4), he does not allege any "actual injury," which is the threshold requirement for stating a denial of access claim. See Lewis v. Casey, 518 U.S. 343, 351-53 (1996) ("actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim"). Finally, the only non-self-inflicted injury alleged by plaintiff was a "poke in the chest." These allegations fail to provide any ground for applying the four-factor analysis for considering a motion for preliminary injunctive relief. See Winter, supra, 555 U.S. at 20.

Plaintiff is admonished to refrain from filing repeated motions for injunctive relief. Plaintiff should not seek injunctive relief unless he can allege facts demonstrating the possibility of relevant and specific imminent harm that may be prevented by a narrowly tailored court order. Failure to abide by this warning may result in the imposition of sanctions. See Fed. R. Civ. P. 11.

Plaintiff's request for appointment of legal counsel is similarly flawed. Plaintiff asserts that he requires the assistance of counsel because he "cannot comprise all of my evidence without my legal property." ECF No. 23 at 3. Plaintiff fails to demonstrate the presence of exceptional circumstances warranting the appointment of counsel. See 28 U.S.C. § 1915(e)(1). "Exceptional circumstances" include plaintiff's likelihood of success on the merits of his claims as well a demonstrated inability to pursue such claims in light of the complexity of the legal issues involved. See Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances. Id. Because plaintiff has failed to demonstrate the requisite exceptional circumstances at this time, his request for appointment of counsel will be denied without prejudice.

////

////

1    Accordingly, IT IS HEREBY ORDERED that plaintiff's request for appointment of
2 counsel, ECF No. 23, is denied without prejudice.
3    Additionally, IT IS HEREBY RECOMMENDED that plaintiff's motion for preliminary
4 injunctive relief, ECF No. 23, be denied.
5    These findings and recommendations are submitted to the United States District Judge
6 assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
7 after being served with these findings and recommendations, any party may file written
8 objections with the court and serve a copy on all parties.  Such a document should be captioned
9 "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that
10 failure to file objections within the specified time may waive the right to appeal the District
11 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
12 DATED: January 14, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE