UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY RAY BAKER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. MACOMBER, et al.,<br><br>　　　　　Defendants. | No.  2:15-cv-0248 GEB AC P<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff is a state prisoner at California State Prison Sacramento (CSP-SAC) proceeding pro se with a civil rights action against sole defendant Correctional Officer J. McCowan.  Pending is defendant's motion for terminating sanctions pursuant to Rule 11, Federal Rules of Civil Procedure.  Plaintiff has filed an opposition to the motion; defendant has filed a reply.  For the reasons discussed herein, this court recommends that defendant's motion be denied.

　　　　Defendant's motion is based on his contention that an exhibit to plaintiff's complaint is a forged medical record.  The exhibit is a CDCR Form 7219 that purportedly recounts plaintiff's August 10, 2012 medical visit with CSP-SAC Licensed Vocational Nurse (LVN) J. Maalihan

////

////

////

////

1

concerning plaintiff's alleged injuries that form the basis of this action.[1]  See Complaint, ECF No. 1 at 59.

Defense counsel has submitted a declaration from LVN Maalihan (now a Registered Nurse (RN)), signed March 1, 2016, who has examined the disputed form.  Maalihan avers that the form is not in his handwriting and that, "despite working in the Facility C clinic on August 10, 2012, at no time on August 10, 2012 did I medically evaluate, nor administer treatment to inmate Baker[.]" Maalihan Decl., ¶¶ 8-9, ECF No. 29-3 at 2.  Defense counsel has also submitted a declaration from CSP-SAC Litigation Coordinator T. Kraemer, signed March 1, 2016, who avers that his search of plaintiff's central file revealed no "CDCR Form 7219, dated August 10, 2012 and filled out by Nurse J. Maalihan," although such form "is a custody document that would be found in an inmate's Central File."  Defendant contends that these declarations demonstrate that the subject form was forged and that plaintiff has intentionally misled the court in contravention of Rule 11,[2] requiring the imposition of terminating sanctions.

In opposition, plaintiff initially contends that the subject document "was given to [plaintiff] by the escorting Correctional Sergeant C. Andes approximately 2 weeks after the event."  ECF

---

[1]  The court has found that the complaint states cognizable claims against defendant McCowan for excessive force and deliberate indifference to plaintiff's serious medical needs. See ECF No. 10 at 6-9.

[2]  Rule 11, Federal Rules of Civil Procedure provides in pertinent part:
>    (b) Representations to the Court.  By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>       (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>       (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>       (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>       (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

1 No. 30 at 1. Plaintiff avers, id. at 2:

> Plaintiff was unaware of the 7219 being an allegedly forged medical document. Plaintiff contends that he could not have reasonably forged a medical document of any sort as he does not have access to any medical documents. Plaintiff can only rely on what was sent to him through institutional mail during normal mail pass hours.

Plaintiff has submitted another CDCR Form 7219 which he asserts, with supporting documentation, that he obtained from Supervising Registered Nurse (SRN) II L. Ybanez. Plaintiff has submitted a copy of his March 13, 2016 request directed to the CSP-SAC nursing staff, requesting that "SRN II L. Ybanez of C Facility Medical Clinic . . . locate a 7219 dated on August 10, 2012 . . . produced somehow in its original form, RN Joe Maalihan filled it out." Id. at 3. On March 15, 2016, SRN Ybanez provided plaintiff with a copy of the form, with the notation: "Made a copy of the CDCR 7219 dated 8/10/12 to be provided to you." Id. The Form 7219 provided by SRN Ybanez is distinctly different from that originally provided by plaintiff, including the handwriting, although it also indicates that it was completed by J. Maalihan.[3] Cf. ECF No. 30 at 4, with ECF No. 1 at 59.

In reply, defendant asserts that terminating sanctions are still warranted because it is now clear that "plaintiff submitted a medical document with his complaint which he could not authenticate and now admits was false." ECF No. 31 at 1. Although defendant "does not concede that the new 7219 submitted by plaintiff in his opposition is authentic" (id. at 2), he has made no apparent further inquiry of declarants Maalihan or Kraemer.

////

---

[3] On February 22, 2016, plaintiff submitted a prior request for the original Form 7219, directed to RN J. Maalihan. See ECF No. 30 at 5. In response, plaintiff received a form letter dated February 25, 2016, from CSP-SAC Health Record Services, which informed plaintiff of the following, id. at 6:
> CDCR 7219 is no longer considered a medical document; this document is filed in your Case Record in Central File as of 2010. In order to obtain this document you must contact your Correctional Counselor on your block, they can assist you with your request. If you still desire a medical file review for your records, contact Medical Records and we will send you the documents to fill out and return to us.

3

"Rule 11 is intended to deter baseless filings in district court and imposes a duty of 'reasonable inquiry' so that anything filed with the court is 'well grounded in fact, legally tenable, and not interposed for any improper purpose.'" Islamic Shura Council of Southern California v. F.B.I., 757 F.3d 870, 872 (9th Cir. 2014) (quoting Cooter & Gell v. Hartmarx Corporation, 496 U.S. 384, 393 (1990)). "Rule 11 sanctions shall be assessed if the paper filed in district court and signed by an attorney or an unrepresented party is frivolous, legally unreasonable or without factual foundation, even though the paper was not filed in subjective bad faith." Golden Eagle Distributing Corp. v. Burroughs Corp., 801 F.2d 1531, 1538 (9th Cir. 1986) (citation and internal quotation marks omitted). "A motion for sanctions may not be filed, however, unless there is strict compliance with Rule 11's safe harbor provision." Islamic Shura Council, 757 F.3d at 872 (citations omitted). See Fed. R. Civ. P. 11(c)(2) ("The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.").

Defendant does not assert, and has made no showing, that he complied with the safe harbor/mandatory notice procedures set forth in Rule 11.[4] Moreover, the court finds no basis on which to find objective bad faith based on plaintiff's inclusion of the contested Form 7219 as an exhibit to the complaint. The contested form is only one of 121 pages of exhibits to the complaint. Plaintiff is incarcerated and proceeding pro se, and has attempted to remedy the problem identified by defendant. If this case proceeds to trial, the parties may litigate the authenticity of this form and/or of plaintiff's newly submitted form.[5]

---

[4] Although plaintiff's February 22, 2016 inquiry directed to RN Maalihan, see n.3, supra, may reflect his response to defendant's initial notice pursuant to Rule 11's safe harbor provision, defendant does not aver that he provided such notice.

[5] Even at summary judgment, this court may consider exhibits that are not authenticated, provided they are relevant and may be admissible at trial. See Fraser v. Goodale, 342 F.3d 1032, 1036 (9th Cir. 2003) (evidence which could be made admissible at trial may be considered on summary judgment); see also Aholelei v. Hawaii Dep't of Pub. Safety, 220 Fed. Appx. 670, 672 (9th Cir. 2007) (district court abused its discretion in not considering plaintiff's evidence at summary judgment, "which consisted primarily of litigation and administrative documents involving another prisoner and letters from other prisoners" which evidence could be made admissible at trial through the other inmates' testimony at trial).

Accordingly, for the foregoing reasons, IT IS HEREBY RECOMMENDED that defendant's motion for terminating sanctions, ECF No. 29, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 3, 2016

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE