UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY RAY BAKER,

        Plaintiff,

   v.

J. MACOMBER, et al.,

        Defendants.

No.  2:15-cv-0248 GEB AC P

ORDER

Plaintiff is a state prisoner at California State Prison Sacramento (CSP-SAC), who proceeds pro se and in forma pauperis with this civil rights action against defendant Correctional Officer (CO) J. McCowan.  Presently pending are plaintiff's third and fourth requests for appointment of counsel.  See ECF Nos. 27, 32.  For the reasons that follow, plaintiff's requests are denied without prejudice.

The court denied without prejudice plaintiff's first and second requests for appointment of counsel.  See ECF Nos. 18, 24.  The court reasoned that this action presents relatively straightforward claims against only one defendant, and that plaintiff's complaint and briefing indicate he is capable of articulating his claims and arguments and pursuing essential discovery despite his pro se status.  Although plaintiff stated that he relied on other inmates to prepare his court filings, the court noted that plaintiff had submitted no documentation to substantiate his alleged educational, mental health, and physical impairments.  See ECF No. 18 at 2.  Plaintiff has

1

1   now submitted documentation supporting these allegations.

2          Plaintiff had the assistance of Unit Field Representative M. Desilets in preparing his

3   fourth request for appointment of counsel.  See ECF No. 32 at 5.  Plaintiff has submitted

4   documentation demonstrating that he is housed at the Psychiatric Services Unit (PSU) for

5   treatment of mood disorder, antisocial personality disorder, recurring depression and post-

6   traumatic stress disorder (PTSD).  See ECF No. 32 at 2, 7.  Plaintiff is assigned to the Enhanced

7   Outpatient Program (EOP).[1]  ECF No. 27 at 5.  A May 2015 Inmate Health Assessment form

8   noted that plaintiff was also assigned to the Developmentally Disabled Program but appeared to

9   have "adequate cognitive functioning."  ECF No. 27 at 12.   However, plaintiff's TABE (Test of

10  Adult Basic Education) score is apparently "O."  See ECF No. 27 at 5 ("under 4.0/no TABE"); id.

11  at 9 ("TABE Reading score of 0.0"); id. at 14 (Initial TABE Score 00.0, dated 9/16/2011).

12  Consistently, staff notes from a December 2015 Classification Hearing indicate that plaintiff "did

13  not appear to understand the communication" despite wearing his hearing aid, reiterating in his

14  own words matters that were explained to him, and asking appropriate questions.  ECF No. 27 at

15  5.

16         Plaintiff is mobility impaired and uses a cane; he wears special shoes and is restricted to

17  bottom bunks in lower tier cells.  ECF No. 27 at 13, 14, 16.  Plaintiff is sight impaired, which he

18  describes as progressive macular degeneration in his right eye and "thin nerves" in his left eye.

19  ECF No. 32 at 2, 4.  Plaintiff wears prescription glasses.  ECF No. 27 at 14, 16.  Plaintiff is

20  entitled to accommodations under the Americans with Disabilities Act (ADA), and has a

21  permanent chrono requiring special cuffing and waist chains.  ECF No. 27 at 14, 16.

22         Plaintiff again states that he relies on the assistance of other inmates to prepare his legal

23  documents.  He asserts that the issues involved in this case are complex and outside his

24  "comprehension and full understanding."  ECF No. 27 at 1.  Plaintiff states that he is "unable to

25  _____

26  [1]  EOP "provides care to mentally disordered inmate-patients who would benefit from the
    structure of a therapeutic environment that is less restriction than inpatient settings" and includes
    inmates with "a serious mental illness that is of long duration with moderate to severe and

27  persistent functional impairments."  CDCR Mental Health Services Delivery System, Program
    Guide Overview, Chap. 1(D)(2) (2009).

28

2

1    comprise witnesses, affidavits or statements or to gather discover info." Id. Plaintiff contends

2    that appointed counsel will be necessary at trial to examine and cross-examine witnesses.

3    Plaintiff also asserts that appointment of a neutral medical expert will be required "to explain to

4    the court and jury the extent of plaintiff's injuries and suffering from defendant's constitutional

5    violations." ECF No. 27 at 2.

6         As plaintiff was previously informed, this court is without authority to require counsel to

7    represent indigent prisoners in Section 1983 cases. Mallard v. United States Dist. Court, 490 U.S.

8    296, 298 (1989). However, under 28 U.S.C. § 1915(e)(1), this court may request the voluntary

9    assistance of an attorney in exceptional circumstance. See Terrell v. Brewer, 935 F.2d 1015,

10   1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test

11   for exceptional circumstances requires an evaluation of plaintiff's likelihood of success on the

12   merits of his claims and ability to articulate his claims pro se in light of the complexity of the

13   factual and legal issues presented by his case. See Wilborn v. Escalderon, 789 F.2d 1328, 1331

14   (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common

15   to most prisoners, such as lack of legal education and limited law library access, do not establish

16   the requisite exceptional circumstances. The burden of demonstrating exceptional circumstances

17   is on the plaintiff. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

18        This court must carefully assess these matters in each case because there are far fewer

19   attorneys willing to undertake such representation than the number of requests for appointed

20   counsel filed by prisoners in civil rights cases.

21        Plaintiff has demonstrated that he has significant mental, emotional and physical

22   disabilities that impair his ability to pursue litigation on his own behalf. Nevertheless, many of

23   plaintiff's personal challenges are shared by other prisoners and are therefore not exceptional

24   within the prison context. Moreover, the factual allegations of this case are succinct[2] and

25   ───────────────

26   [2] The facts of the instant case are relatively short in duration and of limited complexity. Plaintiff
     alleges that on August 10, 2012, at 3:00 p.m., he entered CSP-SAC's Facility C Medical Clinic to
     obtain his afternoon insulin injection. In response to plaintiff's verbal interaction with another
27   CO, defendant McCowan rushed into the clinic and exchanged words with plaintiff. McCowan
     told plaintiff to "stand up turn around face the wall and cuff-up." ECF No. 1 at ¶ 14. Plaintiff
28   (continued…)

1  plaintiff's legal claims – Eighth Amendment claims for excessive force and deliberate

2  indifference to plaintiff's serious medical needs – are straightforward.  See ECF No. 10 at 6-9.

3  Because ultimate resolution of this case will depend on the parties' credibility, the court is unable

4  to conclude at this juncture that plaintiff has a strong likelihood of success on the merits of his

5  claims.  Should this case proceed to trial, appointed counsel for plaintiff appears warranted.

6  However, at this juncture,[3] and in light of the limited number of available volunteer attorneys,

7  appointment is not clearly warranted.  Matters of credibility cannot be determined on summary

8  judgment.  Should defendant file a motion for summary judgment, plaintiff should submit all of

9  his evidence in opposition and attempt, to the best of his ability (and/or with the continuing

10  assistance of other inmates), to respond to defendant's arguments in a manner that conforms with

11  the Local Rules.  The court will liberally construe plaintiff's filings, as it is required to do.  See

12  Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010).

13       For these reasons, the court finds that plaintiff has not met his burden of demonstrating

14  exceptional circumstances warranting the appointment of counsel at this time.

15       Plaintiff's request for appointment of a neutral medical expert will also be denied.  The

16  purpose of a court-appointed expert under Federal Rule of Evidence 706 is to assist the trier of

---

told McCowan that he had a medical chrono authorizing only frontal waist restraints but
McCowan insisted that plaintiff cuff-up behind his back.  Defendant placed plaintiff in handcuffs
and "abruptly fastwalked him out of the clinic toward a holding cage outside in the sally port
whereupon defendant told plaintiff in a threatening manner 'You feel Froggy Jump!'"  Id. at ¶ 17.
Plaintiff told defendant that he wasn't afraid of him.  Defendant "walked plaintiff out of plain
view of . . . others as well as out of view of the cameras that are located out in the sally port
above the top floor pointing downwards at the sally port and the visiting room stairs.  Defendant
took Baker by his right arm in cuffs then raised the arms up midway passed (sic) plaintiff's back.
Beyond their designed capacity."  Id. at ¶ 18.  Defendant placed plaintiff in the holding cage on
the farthest side of the sally port and removed the cuffs.  Id. at ¶¶ 18, 19.  Defendant disregarded
plaintiff's complaints of pain in his left shoulder and wrists.  Id. at ¶ 19.  Defendant denied
plaintiff's request to speak with a nurse or the sergeant on duty.  Id. at ¶ 20.  While in the holding
cage, plaintiff complained of pain and heat exhaustion because it was over 100 degrees outside.
Id.  Sergeant Andes stopped by to talk with plaintiff, then talked with defendant; Andes returned
to plaintiff, put him in cuffs and escorted plaintiff to the Medical Clinic where plaintiff was seen
by LVN Joe Maalihan who completed a Form 7219 Medical Report.  Id. at ¶ 21.  Andes then
released plaintiff back to his housing unit.  Id. at ¶ 24.
[3]  The discovery deadline expired in this action on April 29, 2016; the dispositive motion deadline
is July 29, 2016.  See ECF No. 21.

1 fact, not to serve as an advocate, and the court retains the authority to appoint a neutral expert

2 witnesses at any time.  <u>See</u> <u>Walker v. American Home Shield Long Term Disability Plan</u>, 180

3 F.3d 1065, 1071 (9th Cir. 1999) ("district court . . . has the discretion to appoint an expert sua

4 sponte under Federal Rule of Evidence 706(a)"); <u>Pedraza v. Jones,</u> 71 F.3d 194, 196 (5th Cir.

5 1995) ("[t]he plain language of section 1915 does not provide for the appointment of expert

6 witnesses to aid an indigent litigant").

7   Accordingly, IT IS HEREBY ORDERED that plaintiff's motions for appointment of

8 counsel, ECF Nos. 27, 32, and related request for appointment of a neutral medical expert, are

9 denied without prejudice.

10 DATED: May 3, 2016

11

12      ALLISON CLAIRE
       UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28