UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY RAY BAKER,<br><br>Plaintiff,<br><br>v.<br><br>J. MACOMBER, et al.,<br><br>Defendants. | No. 2:15-cv-0248 GEB AC P<br><br><br>ORDER |

### I. **Introduction**

Plaintiff is a state prisoner at California State Prison Sacramento (CSP-SAC), proceeding pro se and in forma pauperis with this civil rights action against sole remaining defendant Correctional Officer J. McCowan. In his original complaint, plaintiff contends that defendant McCowan's conduct on August 10, 2012 constituted excessive force and deliberate indifference to plaintiff's serious medical needs in violation of the Eighth Amendment. Presently pending is plaintiff's motion to compel discovery, ECF No. 50; plaintiff's initial request for court intervention to locate his legal materials, ECF No. 52; and plaintiff's request for leave to file a motion for sanctions based on the repeated confiscation of his property, ECF No. 58. For the reasons that follow, the court grants in part plaintiff's motion to compel discovery, and denies his request for leave to file a sanctions motion. The court will reset the deadline for plaintiff's opposition to defendant's motion for summary judgment.

1

## II. Plaintiff's Legal Materials, February 2017

On February 15, 2017, plaintiff requested the court's intervention in locating and returning his legal materials. See ECF No. 52. The court requested that the Office of the California Attorney General inquire into the location of plaintiff's legal materials and his access to them. See ECF No. 56. On March 29, 2017, CSP-SAC Correctional Officer R. Kendall, the Property Officer assigned to the Administrative Segregation Unit's A-6 Block where plaintiff was then housed, filed and served a declaration which provides in pertinent part:

> 2. As a Correctional Officer in the unit, I have received training on the proper ways to package, store, seal, and catalog an inmate's property. An inmate's property is solely in the custody of CDCR when an inmate is on limited property access or temporarily away from the facility.
>
> 3. I was asked by the Office of the Attorney General to account for inmate Baker's legal property following his January 27 2017 assignment to Administrative Segregation.
>
> 4. On January 27 2017, I received notice to pack Baker's cell as he was assigned to Administrative Segregation. Inmates housed in Administrative Segregation are not permitted to have the same amount of property as general population inmates. I was tasked with then packing Baker's excess property and putting it into storage to hold for him until he was not [sic] longer housed in Administrative Segregation. During the packing process, each of Baker's eight boxes were labeled and sealed with tape to protect the contents. Additionally, a CDCR Form 1083 was generated to log any instances where the inmate or any member of staff accessed the property.
>
> 5. On January 31, 2017, Baker returned to general population.
>
> 6. On February 22 2017, Baker signed a CDCR Form 143 acknowledging that he had received his eight boxes of property. A true and correct copy of the CDCR Form 143 is attached as Exhibit A.
>
> 7. On February 22 2017, Baker's eight boxes of property were returned with their originally-taped seal in place. Additionally, the CDCR Form 1083 did not note that anyone had tampered with or opened Baker's property boxes. There is no indication that anyone tampered place with Baker's property.

ECF No. 57 at 1-3.

A copy of the CDCR Form 143 pertinent to plaintiff's property is attached to and consistent with Officer Kendall's declaration. See ECF No. 57 at 5 (Ex. A).

The court is satisfied that plaintiff obtained possession of his legal materials on February 22, 2017, shortly after he initially requested the court's assistance.

### III. Plaintiff's Legal Materials, March 2017

On March 27, 2017, plaintiff signed and mailed a "Request for Leave to File a Motion for Sanctions Against Defendants," based on the March 23, 2017 confiscation of his legal and personal property. See ECF No. 58. Plaintiff avers that when he was returned to "General Population Main Line C Yard" on March 23, 2017, "Officer[] Jones, Officer Moore, and Property Room Officer G. Presel" took plaintiff's property because Sergeant Porter directed that it be inventoried. Id. at 1. Plaintiff states that his property "had already been inventoried and cleared for issuance to plaintiff on 3/23/2017 by C/O R. Kendall of A Facility 6-Block EOP prior to plaintiff's return to the GP Main Line on said date." Id. Plaintiff contends that "Property Room Officer G. Presel is deliberately withholding plaintiff's legal/personal property out of race based retaliation against plaintiff for him filing grievances and suits against CSP-Sacramento co-workers and superiors." Id. Plaintiff alleges that his property is being withheld as leverage to get plaintiff to sign a "1083 Property Inventory Sheet" for whatever property may be returned to him, which "means that plaintiff's lost, stolen, damaged property will be taken as a sacrifice if plaintiff signs the 1083." Id. at 2. Plaintiff avers that he has not seen his property since March 24, 2017, when it "was all disarranged and mixed up and put in plastic bags." Id. Plaintiff requests that the court enforce or reissue its order filed March 15, 2017, again direct an inquiry into the location of plaintiff's property and impose sanction on "defendants" in the amount of $10,000.

The correctional officers alleged to have recently confiscated plaintiff's property are not defendants in this action. For that reason, plaintiff cannot pursue a retaliation claim or seek sanctions against these officers in this action. Further, this court has no authority to intervene in the temporary confiscation of property associated with a change in housing. See e.g., Shaw v. Chang, 2015 WL 355497, at *6, 2015 U.S. Dist. LEXIS 10625, at *18-9 (N.D. Cal. 2015) and cases cited therein (due process not implicated in the temporary loss of personal property due to a prisoner's housing move or reclassification). Because plaintiff indicates that his property is being

////

3

withheld because he has refused to sign a property inventory form, the court will not involve itself further.

Plaintiff's "Request for Leave to File a Motion for Sanctions Against Defendants" will be denied.

**IV.     Plaintiff's Motion to Compel Discovery**

Plaintiff moves to compel further responses to Plaintiff's Interrogatories, Set One, and Plaintiff's Request for Production of Documents, Set One. See ECF No. 50. Defendant has opposed the motion. See ECF No. 51. The requests and disputed responses are addressed in numerical order.[1]

**A.     Plaintiff's Interrogatories, Set One**

Plaintiff moves for further responses to all ten of the interrogatories he propounded. For the reasons set forth below, defendant will be required to serve supplemental responses to plaintiff's Interrogatory Nos. 2, 7 and 8, as construed below.

**1. Interrogatory No. 1**

INTERROGATORY NO. 1: Identify any and all documents relating to use of force and reporting the use of force policies and procedures.

RESPONSE TO INTERROGATORY NO. 1: Responding party states that the following sections of Title 15 are responsive: 3268, 3268.1, 3268.2, 3268.3, and 3279. Responding party states that the following sections of the Department Operations Manual are responsive: 51020.1, 51020.2, 51020.3, 51020.4, 51020.5, 51020.6, 51020.7, 51020.8, 51020.9, 51020.10, 51020.11, 51020.12, 51020.12.1, 51020.12.2, 51020.12.3, 51020.12.4, 51020.12.5, 51020.12.6, 51020.17, 51020.17.1, 51020.17.2, 51020.17.3, 51020.17.4, 51020.17.5, 51020.17.6, 51020.17.7, 51020.17.8, 51020.18, 51020.18.1, 51020.18.2, 51020.19, 51020.19.1, 51020.19.2, 51020.19.3, 51020.19.4, 51020.19.5, 51020.21, 51020.22, 51030.1, 51030.2, 51030.3, 51030.4, 51030.4.1, 51030.4.2, 51030.5, 51030.5.1, 51030.5.2, and 51030.6.

PLAINTIFF'S CHALLENGE: "I specifically asked defendant to identify not cite or quote the sections in the (DOM) Department Operational Manual." ECF No. 50 at 3.[2]

---

[1] In light of plaintiff's pro se and incarcerated status, the court rejects defendant's contention that plaintiff's motion should be denied due to his failure to initiate a meet and confer on the disputed discovery matters before bringing this motion.

[2] Plaintiff's quoted material includes minor edits without any substantive significance.

4

DEFENDANT'S OPPOSITION: "Plaintiff provides no explanation for how Defendant McCowan's response was deficient. (ECF No. 50 at 3.) Indeed, Plaintiff's interrogatory specifically asks McCowan to identify all documents relating to use of force reporting and the above-mentioned documents are responsive to this request. Thus, McCowan should not be compelled to further respond." ECF No. 51 at 2.

**Ruling:** Defendant's response to Interrogatory No. 1 is satisfactory for the reasons stated by defendant; the court finds plaintiff's challenge to be without merit.

### 2. Interrogatory No. 2

INTERROGATORY NO. 2: Identify any and all documents relating to prison staff training and education as pertains to IST [In-Service Training] Code B2670, title DOM [Department Operations Manual], Chapter 5 Art 2 [§ 51020.1 et seq.] Use of Force Rv.

RESPONSE TO INTERROGATORY NO. 2: Responding party states that documents from the Use of Force training are responsive to this request.

PLAINTIFF'S CHALLENGE: "I specifically asked defendant to identify any and all documents relating to prison staff training and education as it pertains to IST Code B2670 Title DOM Chapter 5 Art. 2 Use of Force Revision. IST Code B2670 is not available for review in the [DOM]." ECF No. 50 at 3.

DEFENDANT'S OPPOSITION: "Plaintiff again provides no explanation for how Defendant McCowan's response was deficient. (ECF No. 50 at 3.) The Use of Force training documents are responsive to this request, and have appropriately been identified. Plaintiff's complaint that the documents are not available for review is because those documents are privileged, as shown by the declaration of J. Brown in support of Defendant's Privilege Log. Thus, McCowan should not be compelled to further respond as the requested documents have been identified." ECF No. 51 at 3.

**Ruling:** For the following reasons, the court directs defendant to serve plaintiff with a supplemental response to this interrogatory as construed herein.

Defendant's initial response to Interrogatory No. 2 was vague, as underscored by defendant's explanation in opposition to plaintiff's motion. Defendant's Privilege Log was provided in response to plaintiff's Request for Production No. 1, which sought "Any and all rules, regulations and policies of the CDCR about the treatment of Disabled Prisoners regarding cuffing and waist restraints." See ECF No. 50 at 15. Defendant identified as responsive CDCR's "Use of Force Training Documents from the Correctional Officer Academy," dated January 2010, and

5

withheld the materials on the ground that their disclosure could jeopardize the safety and security of California prisons, citing Cal. Code Regs. tit. 15, §§ 3321 and 3450(d), and based on the official information privilege, citing Cal. Evid. Code § 1040 and <u>Kerr v. U.S. District Court</u>, 511 F.2d 192, 198 (9th Cir. 1975). <u>See id.</u> Plaintiff has not challenged defendant's response to this production request or defendant's privilege log.

However, plaintiff sought distinctly different information in his Request for Production No. 1 and Interrogatory No. 2. The production request sought materials describing CDCR procedures for restraining disabled prisoners with cuffs and/or waist restraints. The interrogatory sought the identification of materials concerning CDCR's revised policies concerning the use of force, as articulated in In-Service Training (IST) Code B2670. Defendant's new assertion that the subject IST provision is within CDCR's privileged January 2010 Use of Force Training Documents underscores the inadequacy of defendant's initial response.

Accepting defendant's representation that the subject IST provision is confidential and should remain so for security reasons, the court nevertheless construes plaintiff's Interrogatory No. 2 to request relevant information. **Defendant will be required to serve plaintiff with a supplemental response to Interrogatory No. 2 that identifies all of defendant McCowan's training and education concerning the use of force, including all pertinent dates and descriptions.**

### 3. Interrogatory No. 3

> <u>INTERROGATORY NO. 3</u>: Identify any and all documents relating to the incident complained of in the complaint and which occurred on August 10, 2012.
>
> <u>RESPONSE TO INTERROGATORY NO. 3</u>: Responding party states that the following documents are responsive to this request: an August 10, 2012 CDCR Form 7219 authored by Nurse Joe Maalihan, Log No. SAC-C-12-02492 authored by Timothy Baker, and an August 10, 2012 Healthcare request Form 7362 authored by Timothy Baker.
>
> <u>PLAINTIFF'S CHALLENGE</u>: "RN Joe Maalihan has sworn under penalty of perjury that first he didn't treat me on August 10, 2012. Then after plaintiff submitted the original 7219 authored by Joe Maalihan he subsequently changed his position as to what actually happened on 8/10/12. It goes to credibility of Defendant J. McCowan." ECF No. 50 at 3.

| | |
|---|---|
| 1 | DEFENDANT'S OPPOSITION: "Despite labeling it as an objection, Plaintiff does not appear to have an objection to this response. (ECF No. 50 at 3.) All documents responsive to this request have been identified and thus no further response should be compelled." ECF No. 51 at 3. |

**Ruling:** Defendant's response to Interrogatory No. 3 is satisfactory for the reasons stated by defendant; the court finds plaintiff's challenge to be without merit.

### 4. Interrogatory No. 4

INTERROGATORY NO. 4: Identify any and all parties who conducted any investigatory action regarding this incident at any time between August 10, 2012, and the date of this request.

RESPONSE TO INTERROGATORY NO. 4: Responding party states that the following individuals have investigated this incident: Nurse J. Maalihan, Litigation Coordinator T. Kraemer, Sergeant K. Steele, Doctor B. Hamkar, and Correctional Counselor J. McCowan.

PLAINTIFF'S CHALLENGE: "Dr. B. Hamkar has sworn under penalty of perjury that I had refused a medical treatment appointment on 8/10/12. But offered no evidence to support his contentions." ECF No. 50 at 3.

DEFENDANT'S OPPOSITION: "Again, despite labeling it as an objection, Plaintiff does not appear to have an objection to this response or request further information. (ECF No. 50 at 3.) All individuals responsive to this request have been identified. Thus, no further response should be compelled." ECF No. 51 at 4.

**Ruling:** Defendant's response to Interrogatory No. 4 is satisfactory for the reasons stated by defendant; the court finds plaintiff's challenge to be without merit.

### 5. Interrogatory No. 5

INTERROGATORY NO. 5: Identify any and all parties who had cause to create any document regarding this incident at any time between August 10, 2012, and present.

RESPONSE TO INTERROGATORY NO. 5: Responding party objects to this request on the ground that the request is vague as to the phrase "create any document." Without waiving the objection, responding party states that Nurse J. Maalihan produced a CDCR Form 7219 regarding this incident.

PLAINTIFF'S CHALLENGE: "Plaintiff contends that this is not privileged information and that the request is [not] 'vague' as to "create any document." Create = means 1). Bring into existence. 2). To originate. So its not vague. Dr. Hamkar did not produce any documents relative to his sworn affidavit. Plaintiff's request was/is clear and explicit." ECF No. 50 at 4.

7

| | |
|---|---|
| 1 | DEFENDANT'S OPPOSITION: "Plaintiff erroneously contends that Defendant made an assertion of privilege. (ECF No. 50 at 4.) To the extent "this incident" refers to the allegations of August 10, 2012, the CDCR Form 7219 created by J. Maalihan is responsive to this request. (Id.) In sum, all documents responsive to this request have been identified. Thus, no further response should be compelled." ECF No. 51 at 4. |

**Ruling:** Defendant's response to Interrogatory No. 5 is satisfactory for the reasons stated by defendant; the court finds plaintiff's challenge to be without merit.

### 6. Interrogatory No. 6

INTERROGATORY NO. 6: Identify any documents related to any complaint, grievance, criticism, censure, reprimand, rebuke, directed at the defendant(s) as listed in the complaint prior to or subsequent to the incident giving rise to this proceeding.

RESPONSE TO INTERROGATORY NO. 6: After a diligent search, responding party states that there are no documents or staff complaints responsive to this request.

PLAINTIFF'S CHALLENGE: "Plaintiff asked defendant to identify any documents related to any complaints, grievance, criticism, censure, reprimand, rebuke directed at the defendant. However the defendant's response is too vague as to a diligent search and failed to identity any documents he did find in relation to plaintiff's request." ECF No. 50 at 4.

DEFENDANT'S OPPOSITION: "Plaintiff's objection appears to challenge the validity of Defendant McCowan's response, but does not provide any evidence that Defendant's investigation should have identified any specific documents. (ECF No. 50 at 4.) Defendant diligently searched for any documents that he could identify that were responsive to this request and found none. Thus, as all reasonable investigation has been conducted, and (sic) no further response should be compelled." ECF No. 51 at 4.

**Ruling:** Defendant's response to Interrogatory No. 6 is satisfactory for the reasons stated by defendant; the court finds plaintiff's challenge to be without merit.

### 7. Interrogatory No. 7

INTERROGATORY NO. 7: Correctional-Officer J. McCowan Controlled Use of Force Immediate Use of Force and Non-Deadly Force.

RESPONSE TO INTERROGATORY NO. 7: Objection. The interrogatory is unintelligible as drafted, and therefore responding party cannot provide a response.

PLAINTIFF'S CHALLENGE: "Plaintiff contends that defendant has cited and quoted every DOM section allegedly relating to Use

of Force, Immediate Force & Non Deadly Force. Plaintiff contends that defendant has allegedly been trained in this area as OJT [On-the-Job Training] requires him to be so. Plaintiff left out the word Training. It's merely an oversight. Defendant is intelligent and can reasonably deduce what plaintiff's intentions were and are. Defendant fails to offer any response that's within his personal knowledge." ECF No. 50 at 4.

DEFENDANT'S OPPOSITION: "Plaintiff's objection indicates that it was defense counsel's burden to deduce which word (or words) was omitted from his interrogatory. (ECF No. 50 at 4.) As drafted, Plaintiff's interrogatory remains unintelligible. Because Defendant provided a reasonable objection, no further response should be compelled." ECF No. 51 at 5.

**Ruling:** Although defendant's objection and opposition are reasonable in light of the poor wording of this interrogatory, the court liberally construes this request, consistent with Interrogatory No. 2, to require the identification of defendant McCowan's training concerning the "Use of Force," the "Immediate Use of Force," and the "Use of Non-Deadly Force," including all pertinent dates and descriptions. **So construed, the motion is granted.**

### 8. Interrogatory No. 8

INTERROGATORY NO. 8: Identify and attach copies of any and all documents relating to prison medical clinic diabetic-care and treatments.

RESPONSE TO INTERROGATORY NO. 8: Responding party objects to the request for production made within the interrogatory request and no documents will be produced. Without waiving the objection, responding party states section 3355 of Title 15 is responsive to this request and Volume 4, Chapter 1.4, Section 4.1.4 of the Inmate Medical Services, Policies and Procedures.

PLAINTIFF'S CHALLENGE: "Defendant J. McCowan's counsel has stated that his client has training in escorting inmates with medical and mental health disabilities to and from the Medical Clinic for appointments and therefore should have reasonable knowledge of prison medical clinic, diabetic-care treatments or treatment Policies & Procedures. But defendant offering no documents would only confirm plaintiff's contentions of defendant's J. McCowan's inability to comply with policies and procedures of the medical clinic rules as they relate to patients. He can only offer up sections from the CCR Title 15. Plaintiff was clear and explicit in his request." ECF No. 50 at 5.

DEFENDANT'S OPPOSITION: "Plaintiff's objection to Defendant's response appears to be mainly conjecture and argument (ECF No. 50 at 5), but fails to show that Defendant's objections were invalid. Documents responsive to Plaintiff's

request were identified, but were not produced as document production is reserved for limited circumstances. See Fed. R. Civ. P. 33(d) [business records]. Thus, Defendant McCowan should not be compelled to further respond." ECF No. 51 at 5.

**Ruling:** The court liberally construes this interrogatory to require defendant, in a supplemental response, to identify any education or training defendant McCowan received concerning the routine and/or urgent medical needs of diabetic prisoners, and concerning the escort of prisoners to and from the medical clinic, including prisoners with medical disabilities. **So construed, the motion is granted.**

### 9. Interrogatory No. 9

INTERROGATORY NO. 9: Can you state the names and addresses or otherwise identify and locate any person to who you or your attorneys knowledge claims to know of facts relevant to the conduct described in these interrogatories.

RESPONSE TO INTERROGATORY NO. 9: Objection. For privacy reasons, responding party states that no addresses or complete names can be provided. Responding party further objects to this request on the grounds that it is overly broad and that the interrogatory is vague as to the phrase "conduct described in these interrogatories." Without waiving the stated objections and to the extent the interrogatory seeks witnesses to the alleged events of August 10, 2012 at issue in Plaintiff's complaint, there are no witnesses.

PLAINTIFF'S CHALLENGE: "Plaintiff reasserts that in discovery that these names are not a matter of privacy or privilege when he offers no other solutions such as critiquing this plaintiff's request. As it relates to all of the people who are parties and nonmoving parties. As they may have an interest in the outcome or proceedings of this civil case. Thus they should be disclosed. Plaintiff asserts that the defendant J. McCowan's counsel has personal knowledge of witnesses and potential witnesses as it was asked in plaintiff's deposition on March 24, 2016 to state anyone present on August 10, 2012." ECF No. 50 at 5.

DEFENDANT'S OPPOSITION: "Plaintiff states that his interest in this civil case supersedes any privacy concerns for persons with knowledge relevant to this case. (ECF No. 50 at 5.) Plaintiff has not set forth any reasonable justification for needing the addresses or full names of alleged witnesses. Even if Plaintiff had met this burden, Defendant McCowan stated that there were no witnesses. Thus, Defendant McCowan should not be compelled to further respond." ECF No. 51 at 5-6.

**Ruling:** Defendant's response to Interrogatory No. 9 is satisfactory for the reasons stated

by defendant; the court finds plaintiff's challenge to be without merit.

### 10. Interrogatory No. 10

> INTERROGATORY NO. 10: Identify and attach a copy of any and all documents showing who was on duty at C Facility Medical at 3:00 PM on the day of August 10, 2012.
>
> RESPONSE TO INTERROGATORY NO. 10: Responding party objects to the request for production demanded through an interrogatory and therefore no documents will be produced. Without waiving the objection, responding party states that the following staff members were on duty in C Facility Medical at the time in question: Y. Vasquez, J. McCowan, and J. Maalihan.
>
> PLAINTIFF'S CHALLENGE: "Plaintiff asserts that Defendant J. McCowan has personal information regarding who all was on duty at C Facility Medical Clinic on August 10, 2012. Plaintiff is asking for all of the names of CDCR staffers that were on duty on said date. In the event that this matter proceeds to trial plaintiff is avoiding any unforeseeable surprises or foreseeable surprises for that matter. Plaintiff is asking that the requested information be provided as it is pertinent to his defense and case as are all of the questions plaintiff posed in his First Set of Interrogatories and Production of Documents Request. The aforementioned CDCR staffers are witnesses for defendant Officer J. McCowan or potential witnesses." ECF No. 50 at 6.
>
> DEFENDANT'S OPPOSITION: "Plaintiff does not seem to take issue with the response provided. To the extent Plaintiff requests production of documents through interrogatories, it is improper unless the Defendant chooses to produce records in lieu of a response. See Fed. R. Civ. P. 33(d) [business records]. Since all known staff members have been identified, Defendant McCowan should not be compelled to further respond." ECF No. 51 at 6.

**Ruling:** Defendant's response to Interrogatory No. 10 is satisfactory for the reasons stated by defendant; the court finds plaintiff's challenge to be without merit.

### B. Plaintiff's Requests for Production of Documents, Set One

Plaintiff seeks further production related to only one request, Request for Production No. 5. That request, and defendant's response are as follows, ECF No. 50 at 20:

> Request for Production No. 5: Any and all review of the Sallyport camera's view that's located above the C Facility visiting rooms wall. And a review of C Facility Medical Clinics holding cages in the sallyport.
>
> Response to Request for Production No. 5: Responding party objects to this request on the grounds that the request is compound, ambiguous, and unintelligible as drafted. To the extent the request seeks camera footage from August 10, 2012, there is no video

11

responsive to this request. Without waiving the objections, no video responsive to this request will be produced.

Plaintiff challenges defendant's response on the ground that the subject camera was intended to capture any activities in the sally port, breeze way and medical clinic where defendant's challenged conduct allegedly occurred. Plaintiff reasonably asserts that any filming of this conduct on August 10, 2012 is highly relevant to his claims. Plaintiff notes, however, that it appears "the camera in question has been removed thus destroying evidence." ECF No. 50 at 7.

Defendant responds that he "has conducted reasonable investigation and is yet to discover any footage of this incident. To the best of his knowledge, there is no footage of this alleged event." ECF No. 51 at 7.

As frustrating as it may be for plaintiff, defendant can do no more than conduct a reasonable investigation to locate the requested material. When no responsive material is located after a reasonable investigation, there is no basis for compelling defendant's further production. However, defendant remains under a continuing obligation to produce responsive material if it is later discovered.

Accordingly, plaintiff's request for further production pursuant to his Request for Production No. 5 is denied without prejudice.

**V.     Conclusion**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel discovery, ECF No. 50, is granted in part.

2. Within fourteen (14) days after the filing date of this order, defendant shall serve plaintiff with supplemental responses to his Interrogatory Nos. 2, 7 and 8, as set forth in this order; in all other respects, plaintiff's motion to compel discovery is denied.

3. Plaintiff's motion for leave to file a motion for sanctions, ECF No. 58, is denied.

////

////

////

////

4. Plaintiff's opposition to defendant's motion for summary judgment is due thirty days after service of the supplemental discovery responses here ordered.

SO ORDERED.

DATED: April 26, 2017

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE