UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY RAY BAKER,<br><br>  Plaintiff,<br><br>  v.<br><br>J. MACOMBER, et al.,<br><br>  Defendants. | No. 2:15-cv-0248 GEB AC P<br><br>ORDER |

INTRODUCTION

Plaintiff is a state prisoner incarcerated at California State Prison Sacramento (CSP-SAC), under the authority of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff proceeds pro se with this civil rights action against sole defendant correctional officer J. McCowan, on claims of excessive force and deliberate indifference to plaintiff's serious medical needs. ECF No. 10. Discovery has closed. ECF No. 60. Pending for decision after completion of the parties' briefing is defendant's motion for summary judgment. ECF No. 54.

Currently pending before the court are three matters filed by plaintiff: (1) a motion for extended time to respond to defendant's motion for summary judgment, ECF No. 61; (2) a motion for court order directing CDCR officials to locate and return plaintiff's missing legal materials, ECF No. 62; and (3) a motion for appointment of counsel, ECF No. 63. For the reasons that follow, plaintiff's motions are denied with the exception that defendant's counsel is directed to

contact CSP-SAC officials in an attempt to locate plaintiff's relevant legal materials.

## EXTENSION OF TIME

Plaintiff requests an additional 45 days to file an opposition to defendant's motion for summary judgment, because he currently lacks access to his "most pertinent" legal materials. ECF No. 61 at 2. Plaintiff's request is granted, subject to the further delay occasioned by this order.

## LEGAL MATERIALS

Plaintiff informs the court that he was moved to segregated housing on May 8, 2017, due to his own safety concerns. Correctional Officers Jones, Enriquez and Presel packed and inventoried plaintiff's property, including several boxes of legal materials, and moved them to Receiving & Release (R&R). Plaintiff avers that the boxes were not sealed and his legal materials were clearly visible and vulnerable. Plaintiff later signed for possession of 8 boxes, which included 7 boxes of legal materials and 1 box of personal property; plaintiff was informed that he could retrieve 1 more box of legal materials. However, despite having 4 remaining boxes of legal materials, plaintiff avers that none could be located. Plaintiff states, ECF No. 62 at 2-3:

> I'm missing two complete case files, exhibits, supporting documents, citations, case laws, legal books for Cases 2:15-cv-0248 GEB AC P, Baker v. Macomber et al. [instant case] [and] 2:15-cv-09486 PA GJS, Baker v. Soto et al. I'm also missing all of my disputed factual evidence to defeat defendants' motion for summary judgment. Everything I need is in those 4 remaining boxes.

For good cause shown, the court will direct the Deputy Attorney General representing defendant McCowan to contact the CSP-SAC Litigation Coordinator to ascertain whether plaintiff's legal materials in this action can be located and provided to plaintiff.

## REQUEST FOR APPOINTMENT OF COUNSEL

Plaintiff has filed his fifth request for appointment of counsel in this case. Plaintiff avers that he is "legally blind and is very restricted in his ability to try and effectively litigate the pending case." ECF No. 63 at 1. Plaintiff avers that he qualifies for accommodations under the Americans with Disabilities Act, and that his disabilities include vision loss, decreased visual acuity, cataracts, macular degeneration, glaucoma, and 20/200 best corrected/uncorrected vision

in both eyes. Id. at 2. Plaintiff has provided supporting documentation from his medical and other prison records, endorsed by a correctional counselor. Id. at 5. Plaintiff further avers that he has only an eighth-grade education, is untrained in the law, and thus requires the assistance of counsel to further prosecute this action.

As the court has previously informed plaintiff, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. The burden of demonstrating exceptional circumstances is on the plaintiff. Palmer v.Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

For the reasons most recently stated by this court, see ECF Nos. 18, 24, 34, the court again finds that plaintiff has failed to meet his burden of demonstrating the requisite exceptional circumstances. As the undersigned reasoned in denying plaintiff's third and fourth requests for appointment of counsel, ECF No. 34 at 3-4 (fns. omitted):

> This court must carefully assess these matters in each case because there are far fewer attorneys willing to undertake such representation than the number of requests for appointed counsel filed by prisoners in civil rights cases.
>
> Plaintiff has demonstrated that he has significant mental, emotional and physical disabilities that impair his ability to pursue litigation on his own behalf. Nevertheless, many of plaintiff's personal challenges are shared by other prisoners and are therefore not exceptional within the prison context. Moreover, the factual allegations of this case are succinct and plaintiff's legal claims – Eighth Amendment claims for excessive force and deliberate indifference to plaintiff's serious medical needs – are

3

straightforward. See ECF No. 10 at 6-9. Because ultimate resolution of this case will depend on the parties' credibility, the court is unable to conclude at this juncture that plaintiff has a strong likelihood of success on the merits of his claims. Should this case proceed to trial, appointed counsel for plaintiff appears warranted. However, at this juncture, and in light of the limited number of available volunteer attorneys, appointment is not clearly warranted. Matters of credibility cannot be determined on summary judgment. Should defendant file a motion for summary judgment, plaintiff should submit all of his evidence in opposition and attempt, to the best of his ability (and/or with the continuing assistance of other inmates), to respond to defendant's arguments in a manner that conforms with the Local Rules. The court will liberally construe plaintiff's filings, as it is required to do. See Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010).

For these reasons, the court finds that plaintiff has not met his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

For these same reasons, plaintiff's instant request for appointment of counsel will also be denied without prejudice. Should this action proceed to trial, the court will consider a renewed request for appointment of counsel.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel, ECF No. 63, is denied without prejudice.

2. Plaintiff's motion for the court's assistance in locating his legal property, ECF No. 62, is granted:

    A. Within twenty-one (21) days after the filing date of this order, Mr. Derrek J. Lee, the Deputy Attorney General representing defendant in this action, shall file and serve a statement that reflects the following:

        1. Mr. Lee's inquiry to the CSP-SAC Litigation Coordinator (and any other appropriate CDCR official) concerning the location of plaintiff's legal materials relevant to the instant action; and

        2. If plaintiff is not in possession of all relevant legal materials, identify the missing materials, their location(s), and the date(s) when the materials will be delivered to plaintiff.

4

B.  If plaintiff is not in possession of all relevant legal materials within the twenty-one (21) day period provided herein, Mr. Lee shall file and serve a statement informing the court when such materials are delivered to plaintiff; if necessary, Mr. Lee shall file and serve status reports every fourteen (14) days until such materials are delivered to plaintiff.

C.  If, after a diligent search, plaintiff's relevant legal materials cannot be located, Mr. Lee shall promptly inform the court.

3. Plaintiff's motion for extended time, ECF No. 61, is granted; plaintiff shall file and serve his opposition to defendant's motion for summary judgment within forty-five (45) days after he obtains his relevant legal materials, as identified by Mr. Lee in a statement so informing the court.  Defendant's reply, if any, shall be filed within seven days after plaintiff's opposition is docketed.  See Local Rule 230(l).

SO ORDERED.

DATED: June 13, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE