UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY RAY BAKER, | No. 2:15-cv-0248 GEB AC P |
| Plaintiff, | |
| v. | ORDER |
| J. MACOMBER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action in which he claims that defendant McCowan used excessive force and was deliberately indifferent to plaintiff's serious medical needs. The parties have filed cross-motions for summary judgment, which are pending. See ECF No. 54 (defendants' motion); ECF No. 71 (plaintiff's motion).

This order addresses the following preliminary matters: (1) plaintiff's motion to submit additional evidence, ECF No. 76, and defendant's opposition thereto, ECF No. 77; (2) plaintiff's proffered additional evidence (one-page disability assessment dated June 9, 2017), ECF No. 79, which defendant moves to strike, ECF No. 80; and (3) plaintiff's motion for leave to submit a supplemental brief and evidence (two single-page medical assessments dated August 17, 2017 and September 26, 2017, respectively, plus the one-page disability assessment dated June 9,

////

1

2017), ECF No. 81, and defendant's motion to strike, ECF No. 82. In addition, plaintiff filed a surreply without leave of court. ECF No. 73.

Defendant opposes the court's consideration of these matters because the undersigned did not authorize the filing of additional briefing, because plaintiff's exhibits are unauthenticated, and because plaintiff improperly attempts to make medical diagnoses.

Defendants' objections are overruled. Plaintiff's additional briefing is short, his exhibits are few, and the filings are relevant to the issues in this case. In considering the briefing of a pro se plaintiff on summary judgment, the court does not require formal authentication of his exhibits. Evidence which can be made admissible at trial may be considered on summary judgment. See Fraser v. Goodale, 342 F.3d 1032, 1036 (9th Cir. 2003) ("At the summary judgment stage, we do not focus on the admissibility of the evidence's form [but] . . . on the admissibility of its contents."). See also Aholelei v. Hawaii Dept. of Public Safety, 220 Fed. Appx. 670, 672 (9th Cir. 2007) (district court abused its discretion in not considering plaintiff's evidence at summary judgment because it could be made admissible at trial). The court is required to liberally construe the filings of pro se litigants.

For these reasons, the court will consider plaintiff's limited additional briefing and exhibits in considering the merits of the parties' cross-motions for summary judgment. However, plaintiff is directed to refrain from any further filings in this case. Defendant will be permitted to file an optional supplemental brief that addresses the contents and merits of plaintiff's additional submissions.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions to submit additional evidence and briefing, ECF Nos. 76 & 81, are GRANTED; the court will consider these matters as well as plaintiff's filings at ECF Nos. 73 and 79; however, plaintiff is directed to submit no additional briefing or evidence in this case, at the risk of sanctions.

2. Defendant's motions to strike plaintiff's additional evidence and briefing, ECF Nos. 80 & 82, are DENIED.

////

3. Defendant may, within twenty-one days after the filing date of this order, file and serve a statement addressing plaintiff's additional evidence and briefing; the court will not consider any further filings from plaintiff.

IT IS SO ORDERED.

DATED: December 20, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE