UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY RAY BAKER, | No. 2:15-cv-0248 TLN AC P |
| Plaintiff, | |
| v. | ORDER |
| J. MACOMBER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner incarcerated at the California Substance Abuse Treatment Facility in Corcoran, under the authority of the California Department of Corrections and Rehabilitation. Plaintiff proceeds pro se with this civil rights action against sole defendant correctional officer J. McCowan. Following the court's March 30, 2018 decision on the parties' cross-motions for summary judgment, this action proceeds against McCowan on the following claims: (1) the use of excessive force, and (2) deliberate indifference to plaintiff's serious medical needs premised on defendant's failure to abide by plaintiff's medical chrono for frontal waist restraints. See ECF Nos. 88, 85.

Currently pending is plaintiff's sixth request for appointment of counsel. See ECF No. 86. This order grants plaintiff's request in part, for purposes of representing plaintiff at a mandatory settlement conference.

////

The undersigned previously found, in assessing plaintiff's fifth request, that appointment of counsel would be appropriate if this case survived the parties' dispositive motions. See ECF No. 64 at 2-4. The court then found, as it does now, that the following matters present exceptional circumstances warranting appointment of counsel after summary judgment, see id. at 2-3:

> Plaintiff avers that he is "legally blind and is very restricted in his ability to try and effectively litigate the pending case." ECF No. 63 at 1. Plaintiff avers that he qualifies for accommodations under the Americans with Disabilities Act, and that his disabilities include vision loss, decreased visual acuity, cataracts, macular degeneration, glaucoma, and 20/200 best corrected/uncorrected vision in both eyes. Id. at 2. Plaintiff has provided supporting documentation from his medical and other prison records, endorsed by a correctional counselor. Id. at 5. Plaintiff further avers that he has only an eighth-grade education . . . .

The court also finds that plaintiff has a reasonable likelihood of success on the merits of this action but is now not capable of effectively pursuing his own interests. See Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). The current legal posture of this case, together with plaintiff's serious medical challenges, warrant appointment of counsel at this time. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); see also General Order No. 230, U.S. District Court, Eastern District of California (setting forth the criteria and procedure for appointment of counsel in Section 1983 cases).

The undersigned further finds that there is a reasonable possibility that a settlement conference may resolve the case. Accordingly, the undersigned will direct the court's Alternative Dispute Resolution Coordinator to locate an attorney willing to represent plaintiff for that limited purpose, viz., to meet with plaintiff, review the documents in this case, and represent plaintiff at a mandatory settlement conference. The settlement conference will be scheduled after counsel's appointment and in consultation with defense counsel.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for appointment of counsel, ECF No. 86, is granted in part; counsel is appointed for the limited purpose of representing plaintiff at a mandatory settlement conference.

2. The Clerk of Court is directed to contact Ms. Sujean Park, Alternative Dispute Resolution Coordinator, for the purpose of locating an attorney admitted to practice in this court who is willing to accept this appointment.

SO ORDERED.

DATED: April 3, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE