UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY RAY BAKER, | No. 2:15-cv-0248 TLN AC P |
| Plaintiff, | |
| v. | ORDER |
| J. MACOMBER, et al., | |
| Defendants. | |

Plaintiff Timothy Ray Baker is a state prisoner currently incarcerated at Salinas Valley State Prison (SVSP) under the authority of the California Department of Corrections and Rehabilitation (CDCR). In this civil rights action, filed pursuant to 42 U.S.C. § 1983, plaintiff claims the use of excessive force and deliberate indifference to plaintiff's serious medical needs by defendant J. McCowan, a correctional officer. Pending are the separate requests of plaintiff and his appointed counsel, David Bonilla, to relieve counsel from his representation of plaintiff due to irreconcilable differences, and to appoint new counsel. See ECF Nos. 110, 111. For the reasons that follow, current counsel is relieved from his representation of plaintiff; however, plaintiff must now proceed pro se.

The undersigned has reviewed the requests of plaintiff and his counsel, and the declaration filed by Mr. Bonilla, under the standards set forth in Local Rule 182(d) and Rule 3-700(A)(2), California Rules of Professional Conduct. The court finds good cause to relieve Mr. Bonilla from

his representation of plaintiff and finds that his withdrawal will not unduly prejudice plaintiff. For these reasons, Mr. Bonilla will be relieved of his appointment as plaintiff's legal representative.

Appointment of another attorney for plaintiff is more problematic. Although plaintiff previously demonstrated circumstances warranting the appointment of counsel, see ECF No. 99, the number of attorneys willing to volunteer their services in this court is very limited. Moreover, while some of plaintiff's frustrations with current counsel appear partly warranted, Mr. Bonilla was not the first attorney appointed to represent plaintiff. In April 2018, the court appointed attorney Rebecca Weinstein-Hamilton for the limited purpose of representing plaintiff at the June 2018 settlement conference in this case. Due to the significant number of prisoner cases pending in this court, in contrast to the limited number of available attorneys, equity and fairness require that plaintiff now proceed in this action pro se. Moreover, because this case has been pending in this court for more than four years, to the disadvantage of both parties, the interests of justice require that this action continue to proceed. The court finds that the present circumstances of the case do not require further appointment of counsel after the Joint Pretrial Statement is filed.

Accordingly, IT IS HEREBY ORDERED that:

1. The parties' requests that Mr. Bonilla be permitted to withdraw his legal representation of plaintiff, ECF Nos. 110, 111, are GRANTED.

2. Effective immediately, Mr. Bonilla's appointment is limited to cooperation in the preparation of the Joint Pretrial Statement, as specified below. The appointment will terminate upon filing of the Pretrial Statement, and plaintiff shall thereafter represent himself in propria persona.

3. The deadline for the parties' Joint Pretrial Statement is extended to **March 1, 2019**. Defendant's counsel shall prepare, file and serve the joint statement in consultation with plaintiff and Mr. Bonilla, who shall assist defendant's counsel as needed.

4. The Final Pretrial Conference scheduled before District Judge Nunley on March 21, 2019, is VACATED; all matters will be decided on the papers.

////

5. The trial in this action remains scheduled to commence before District Judge Nunley, in Courtroom No. 2, on **Monday, May 20, 2019, at 9:00 a.m.** The parties estimate a three-day trial. By separate order, the court will issue a writ ad testificandum to obtain plaintiff's presence at trial.

IT IS SO ORDERED.

DATED: January 31, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE