UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY RAY BAKER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. MACOMBER, et al.,<br><br>　　　　Defendants. | No. 2:15-cv-0248 TLN AC P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se with this civil rights action, again requests appointment of counsel. Trial is scheduled to commence in this case on April 27, 2020.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish

1

exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Counsel was previously appointed in this case, but appointed counsel and plaintiff averred irreconcilable differences and requested that counsel be relieved. The court granted the request but denied plaintiff's request that new counsel be appointed. See ECF No. 113. Thereafter both parties prepared and submitted their respective pretrial statements, plaintiff doing so pro se.

Plaintiff now requests appointment of counsel for purposes of preparing for, and representing him at, trial. However, no legal expertise is required at the present time. Plaintiff may, in early 2020, request appointment of counsel for purposes of representing him at his April 20, 2020 trial.

Accordingly, IT IS HEREBY ORDERED that plaintiff's current request for appointment of counsel, ECF No. 128, is DENIED without prejudice.

DATED: May 20, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE