UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY RAY BAKER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. MACOMBER, et al.,<br><br>　　　　　Defendants. | No. 2:15-cv-0248 TLN AC P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983. Discovery has closed and all motions have been decided. This case is scheduled for trial before the Honorable Troy L. Nunley commencing April 27, 2020. See ECF No. 134.

Currently pending is plaintiff's renewed request for appointment of counsel. ECF No. 139. However, the reasons for denying plaintiff's last request for appointment of counsel still apply. See ECF No. 130 at 2:[1]

---

[1] Plaintiff was previously informed, ECF No. 130 at 1-2:

> The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991);

1

Counsel was previously appointed in this case, but appointed counsel and plaintiff averred irreconcilable differences and requested that counsel be relieved. The court granted the request but denied plaintiff's request that new counsel be appointed. See ECF No. 113. Thereafter both parties prepared and submitted their respective pretrial statements, plaintiff doing so pro se.

Plaintiff now requests appointment of counsel for purposes of preparing for, and representing him at, trial. However, no legal expertise is required at the present time. Plaintiff may, in early 2020, request appointment of counsel for purposes of representing him at his April 20, 2020 trial.

For these reasons, the court again finds that plaintiff's instant request for appointment of counsel is not supported by exceptional circumstances. See n.1, supra.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for appointment of counsel, ECF No. 139, is denied without prejudice.

DATED: August 27, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

2