UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY RAY BAKER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>J. MACOMBER, et al.,<br><br>　　　　Defendants. | No. 2:15-cv-0248 TLN AC P<br><br><br>ORDER |

This prisoner civil rights case is scheduled for trial before the Honorable Troy L. Nunley on April 27, 2020. The Amended Pretrial Order was filed on June 11, 2019. ECF No. 134. An Amended Order and Writ of Habeas Corpus ad Testificandum was issued on March 4, 2020, providing for plaintiff's attendance at trial. ECF No. 153. This order addresses the attendance at trial of plaintiff's non-expert witnesses.

As set forth in the Amended Pretrial Order, plaintiff identified the following three witnesses, ECF No. 134 at 4:

　　　　1. James L. Davis (inmate)[1]

　　　　2. Correctional Officer M. Dulaney

---

[1] In future communications, plaintiff must provide the CDCR Number for this inmate. The CDCR Inmate Locator website lists one inmate with the name "James L. Davis," and two additional inmates named "James Davis" with middle names beginning with "L."

1

3. Correctional Officer Olsen

Plaintiff has not submitted the information necessary to obtain the trial attendance of these witnesses. The Amended Pretrial Order directed that "each party is responsible for ensuring the attendance of any witness he intends to call and may not rely on another party to produce the witness." Id. The process and procedures for ensuring the trial attendance of witnesses was previously set forth by the court in the Discovery and Scheduling Order filed January 4, 2016. ECF No. 21. A copy of that order was sent to plaintiff with the Amended Pretrial Order. ECF No. 134 at 3. Plaintiff was instructed that "[i]nstead of the deadlines set forth in that order, plaintiff shall file and serve any motion for the court's assistance in obtaining the attendance of a witness at trial at least two months prior to trial." Id.

The filing deadline for plaintiff's motion was therefore February 27, 2020. The court has waited an additional few days to allow for the mailing of plaintiff's motion but it has not yet been received. Moreover, review of plaintiff's Pretrial Statement, ECF No. 121, demonstrates that plaintiff has not yet informed the court of his reasons for identifying these witnesses. With this order, the court will again send plaintiff a copy of the Discovery and Scheduling Order (ECF No. 21) which clearly sets forth the standards and procedures for obtaining the attendance of his trial witnesses, which plaintiff should read together with the Amended Pretrial Order (ECF No. 134).

In summary, to obtain the attendance of his inmate witness by the court's issuance of a writ of habeas corpus ad testificandum, plaintiff must inform the court, with supporting affidavit(s), whether the witness will testify voluntarily and demonstrate the witness's actual knowledge of relevant facts.

Further, to obtain the attendance of the two correctional officers, the procedures differ depending on whether they agree to testify voluntarily. If they agree to testify, then plaintiff need only inform them of the date and time of trial. If one or both do not agree to testify, plaintiff must prepare and submit a subpoena for service by the United States Marshal and submit a money order, made payable to the witness, for the amount of the witness's travel expenses plus the required $40.00 daily witness fee. Plaintiff is informed that neither of the identified correctional officers are defendants in this action and neither officers are named in defendant's list of

witnesses.  See ECF No. 134 at 4.  Therefore, the trial attendance of these officers is entirely dependent on plaintiff's compliance with the court's instructions.

Plaintiff will be required to submit all necessary information to the court on or before Friday, March 27, 2020.

Accordingly, IT IS HEREBY ORDERED that:

1. On or before Friday, March 27, 2020, plaintiff shall submit to the court all information necessary to obtain the trial attendance of his non-expert witnesses.[2]

2. Due to the imminent trial date, no extensions of time will be granted absent a showing of compelling need and demonstration that a brief extension of time will lead to the expected result.

3. The Clerk of Court is directed to send plaintiff, together with a copy of this order, copies of:  (a) the Discovery and Scheduling Order (ECF No. 21); (b) the Amended Pretrial Order (ECF No. 134); and (c) two blank subpoena forms.

DATED: March 10, 2020

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[2]  This date is the deadline for the court's *receipt* of plaintiff's information, *not* the date that plaintiff should submit the information to correctional staff for mailing.