UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY RAY BAKER,<br><br>Plaintiff,<br><br>v.<br><br>J. MACOMBER, et al.,<br><br>Defendants. | No. 2:15-cv-00248-TLN-AC<br><br>**ORDER** |

On January 6, 2020, Plaintiff filed a motion to appoint counsel. (ECF No. 149.) On February 11, 2020, before the Court issued its ruling on Plaintiff's pending motion, Plaintiff filed an additional motion to appoint counsel. (ECF No. 151.)

The Court notes that Plaintiff has a lengthy history of requesting the appointment of counsel in this litigation. The first five motions to appoint counsel were all denied. (ECF Nos. 13, 18, 23–24, 27–28, 32, 34, 63–64.) Plaintiff's sixth motion was granted for the limited purpose of representing Plaintiff at a mandatory settlement conference. (ECF Nos. 86, 89–90.) Plaintiff's seventh motion was also granted, for the limited purposes of trial preparations and representing Plaintiff at trial (ECF Nos. 98–100); however, approximately five months later, Plaintiff and his appointed attorney reached an impasse and the attorney was relieved (*see* ECF Nos. 110–111, 113). Thereafter, Plaintiff's eighth and ninth motions to appoint counsel were denied. (ECF Nos. 114–115, 117–118.) And Plaintiff's tenth and eleventh motions to appoint

1

counsel were denied, without prejudice to renewal at the beginning of 2020 for purposes of trial. (ECF Nos. 128, 130, 139, 145.)  Plaintiff's current motions are based on the assertion that Plaintiff lacks sufficient education and legal training and suffers from a number of "qualifying ADA disabilities."[1]  Trial is currently set for April 27, 2020.  (*See* ECF No. 134.)

District courts lack the requisite authority to require counsel to represent indigent prisoners in § 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, a court may request an attorney to voluntarily represent such plaintiffs.  *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider a plaintiff's "likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (finding district court did not abuse discretion in declining to appoint counsel).  Neither of these considerations is dispositive and instead must be viewed together. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  The burden of demonstrating exceptional circumstances is on the plaintiff.  *See Palmer*, 560 F.3d at 970.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.[2]

---

[1] Plaintiff claims that he is "legally blind" and therefore unable to effectively litigate the pending case.  Plaintiff also claims that he qualifies for accommodations under the Americans with Disabilities Act, and that his disabilities include vision loss, decreased visual acuity, cataracts, macular degeneration, glaucoma, 20/200 best corrected/uncorrected vision in both eyes, coronary artery disease, incontinence, bowel and bladder "mishaps," a brain tumor, and a torn rotator cuff in his right arm.  Plaintiff has provided some supporting documentation from his medical and other prison records.  Plaintiff further asserts that he has inadequate cognitive function and no high school diploma, does not understand civil trial proceedings or the law, and thus requires the assistance of counsel to further prosecute this action.  (ECF No. 149.)

[2] *See, e.g., Wood*, 900 F.2d at 1335–36 (denying appointment of counsel where plaintiff complained he had limited access to law library and lacked legal education); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984) (upholding district court's denial of appointment of counsel to indigent litigant who had no background in practice of law, yet who had thoroughly presented issues in pleading); *see also Arellano v. Dean*, 2018 WL 3970073 (S.D. Cal. Aug. 20, 2018) (denying motion where plaintiff argued he was blind and that as a result, he needed assistance

In evaluating the *Palmer* factors, this Court finds that Plaintiff has failed to establish circumstances warranting the appointment of counsel. Here, Plaintiff has not demonstrated a likelihood of success on the merits. Furthermore, while the Court is not unsympathetic to Plaintiff's multiple health ailments, the circumstances alleged by Plaintiff are common to many prisoners and therefore do not demonstrate the existence of exceptional circumstances warranting further appointment of counsel. Moreover, to date, Plaintiff has adequately presented his claims to the Court, despite his stated disabilities; this is evidenced by Plaintiff's numerous filings including a cross-motion for summary judgment and his separate pretrial statement.

Nor does the Court find that any difficulty Plaintiff experienced in attempting to litigate his case derived from the complexity of the issues involved. Indeed, Plaintiff's legal claims — Eighth Amendment claims for excessive force and deliberate indifference asserted against a single defendant — are not particularly complex. Finally, the Court notes that Plaintiff rejected his former trial attorney due to dissatisfaction with that attorney's communication and anticipated litigation skills, then requested the Court reappoint a *different* attorney to his case. (*See* ECF No. 110.) The Court is unpersuaded that any further assistance is required, and Plaintiff is not entitled to a pro bono appointment to the attorney of his choice. To the contrary, due to the significant number of prisoner cases pending before this Court, in contrast to the limited number of available attorneys, equity and fairness require that Plaintiff now proceed in this action *pro se*.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motions for the Appointment of Counsel (ECF Nos. 149, 151) are DENIED.

Dated: March 10, 2020

_____
Troy L. Nunley
United States District Judge

---

from other inmates to litigate his case).

3