UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY RAY BAKER,<br><br>    Plaintiff,<br><br>    v.<br><br>J. MACOMBER, et al.,<br><br>    Defendants. | No. 2:15-cv-00248-TLN-AC<br><br>**ORDER** |

This case is set for trial on April 27, 2020. The Court issued an Amended Final Pretrial Order on June 11, 2019. (ECF No. 134.) Presently before the Court is Plaintiff's Request for a Court-appointed neutral expert medical witness. While Plaintiff does not seek such relief through any substantive motion currently pending before this Court, the Court notes Plaintiff asserts a request for the appointment of a neutral medical expert witness in his Pretrial Statement, and Plaintiff's request is also noted in the Amended Pretrial Order. (*See* ECF No. 121 at 8 ("Plaintiff is Requesting A Court Appointed Neutral Expert Medical Witness."); ECF No. 134 at 4 (same).) The Court further notes Plaintiff previously requested a neutral medical expert witness on February 24, 2016 (ECF No. 27 at 2), and Plaintiff's motion was denied (ECF No. 34 at 4).

Under Federal Rule of Evidence 706(a), the Court has the discretion to appoint an expert witness *sua sponte* at any time. *Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999). However, the purpose of a court-appointed expert under

1

| | |
|---|---|
| 1 | Rule 706 is to assist the trier of fact, not to serve as an advocate. *See Pedraza v. Jones*, 71 F.3d |
| 2 | 194, 196 (5th Cir. 1995) ("[t]he plain language of section 1915 does not provide for the |
| 3 | appointment of expert witnesses to aid an indigent litigant."); accord, *Boring v. Kozakiewicz*, 833 |
| 4 | F.2d 468, 474 (3d Cir. 1987), *cert. denied*, 485 U.S. 991 (1988). Importantly, these principals are |
| 5 | not altered when a district court authorizes a party to proceed *in forma pauperis* pursuant to 28 |
| 6 | U.S.C. § 1915. *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993); *see also Tedder v. Odel*, 890 |
| 7 | F.2d 210, 211–12 (9th Cir. 1989) (an indigent prisoner must bear the costs of litigation, including |
| 8 | payment of fees or expenses for witnesses). Accordingly, an expert may be appointed to assist |
| 9 | the trier of fact only where it "will promote accurate factfinding." *Gorton v. Todd*, 793 F. Supp. |
| 10 | 2d 1171, 1179 (E.D. Cal. 2011). |

Here, Plaintiff has not filed a motion requesting the Court appoint a neutral medical expert witness; he has merely requested a Court-appointed expert in his pretrial statement. (*See* ECF No. 121 at 8; ECF No. 134 at 4.) Plaintiff does not specify the anticipated scope of testimony of his requested expert witness. Nor does Plaintiff otherwise provide any argument in support of his request. In sum, Plaintiff fails to demonstrate that the trier of fact needs evidence from a Court-appointed expert.

For these reasons, the Court finds Plaintiff has not established that the circumstances of this case warrant the appointment of a neutral medical expert witness. Accordingly, IT IS HEREBY ORDERED that Plaintiff's requests for a Court-appointed neutral medical expert witness (ECF No. 121 at 8; ECF No. 134 at 4) are DENIED, without prejudice.

IT IS SO ORDERED.

**DATED: March 16, 2020**

Troy L. Nunley
United States District Judge

2