UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY RAY BAKER,<br><br>  Plaintiff,<br><br>  v.<br><br>J. MACOMBER, et al.,<br><br>  Defendants. | No. 2:15-cv-00248-TLN-AC<br><br>**ORDER** |

This matter is before the Court on Plaintiff Timothy Ray Baker's ("Plaintiff") motion titled "Motion for Court's Assistance in Obtaining the Attendance of an Inmate Witness at Trial," which the Court construes as a Motion for Writ of Habeas Corpus ad Testificandum. (ECF No. 159.)

Also before the Court is Plaintiff's Request for a Court-appointed neutral medical expert witness. (ECF No. 160.) This is the third time the Court will address this request; Plaintiff's past requests were denied. (*See* ECF No. 34 at 4; ECF No. 158.)

For the reasons stated herein, Plaintiff's Motion for Writ of Habeas Corpus ad Testificandum is GRANTED. Plaintiff's Motion for a Court-Appointed Neutral Medical Expert Witness is DENIED.

/ / /

/ / /

1

### I.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff initiated this action on January 29, 2015.  (ECF No. 1.)  The case is proceeding on Plaintiff's Eighth Amendment claims for excessive force and deliberate indifference against Defendant Correctional Officer McCowan ("Defendant").  (*See* ECF No. 134 at 1.)  Plaintiff claims that on August 10, 2012, Defendant was deliberately indifferent to Plaintiff's serious medical needs when he refused to abide by Plaintiff's medical chrono for frontal-waist restraints and instead handcuffed Plaintiff with his arms behind his back for an escort.  Plaintiff further claims Defendant used excessive force during the escort by raising Plaintiff's arms up to the point of hyperextension, causing Plaintiff to sustain a torn rotator cuff in his left shoulder.  (*See id.* at 1–2; ECF No. 159; ECF No. 160 at 1.)

On June 11, 2019, the Court issued an Amended Final Pretrial Order.  (ECF No. 134.)  This case is set for trial on January 11, 2021.  (ECF No 157.)

On March 25, 2020, Plaintiff filed the present motion titled "Motion for Court's Assistance in Obtaining the Attendance of an Inmate Witness at Trial" (ECF No. 159), which the Court construes as a Motion for Writ of Habeas Corpus ad Testificandum.  On April 6, 2020, Plaintiff filed a motion requesting the appointment of a neutral medical expert for trial.  (ECF No. 160.)  Neither motion is contested.

### II.     MOTION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM

The Amended Pretrial Order indicates Plaintiff has identified three non-expert witnesses: inmate James L. Davis and Correctional Officers M. Dulaney and Olsen.  (ECF No. 134 at 4.)  In the instant motion, Plaintiff seeks a writ of habeas corpus ad testificandum for Mr. Davis as a percipient witness.  Plaintiff additionally discusses his efforts to locate Officers Dulaney and Olsen, however, he does not appear to seek an order compelling their presence at trial.  (ECF No. 159.)  The Court therefore GRANTS Plaintiff's motion requesting a writ of habeas corpus ad testificandum for Mr. Davis as follows.

A district court's decision whether to issue a writ of habeas corpus ad testificandum is premised on a threshold determination that the proffered testimony is relevant to the issues in the case.  "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it

1  would be without the evidence; and (b) the fact is of consequence in determining the action."
2  Fed. R. Evid. 401.  Stated differently, the Court must assess "'whether the prisoner's presence
3  will substantially further the resolution of the case.'"  *Wiggins v. Alameda County*, 717 F.2d 466,
4  468 n.1 (9th Cir. 1983) (quoting *Ballard v. Spradley*, 557 F.2d 476, 480 (5th Cir. 1977)).

5  Per the Court's March 11, 2020 Order, Plaintiff was informed that in order to obtain the
6  attendance of an inmate witness by a writ of habeas corpus ad testificandum, he must submit
7  supporting documents in compliance with the January 4, 2016 Discovery and Scheduling Order
8  (ECF No. 21), including affidavits showing whether the witness would testify voluntarily and
9  demonstrating the witness's actual knowledge of relevant facts.  (ECF No. 154 at 2; *see also* ECF
10 No. 134.)

11 Pursuant to that Order, Plaintiff has filed affidavits in support of the instant Motion.  More
12 specifically, Plaintiff avers that Mr. Davis (CDCR #C-17858), an inmate at California State
13 Prison-Sacramento, was present along the wall and only a few feet away from Plaintiff on August
14 10, 2012, at the time the alleged deliberate indifference and excessive force incidents occurred.
15 (ECF No. 159 at 4–5.)  Plaintiff also attaches an affidavit signed by Mr. Davis, who avers that he
16 personally witnessed Defendant McCowan forcefully spin Plaintiff around and handcuff Plaintiff
17 behind his back despite Plaintiff's protests of pain.  Mr. Davis also avers that he heard the
18 discussion between Plaintiff and Defendant regarding Plaintiff's chrono for frontal-waist
19 restraints that forms the basis of Plaintiff's deliberate indifference claim against Defendant.  (ECF
20 No. 159 at 6–7.)  In his affidavit, Mr. Davis also indicates he is willing to testify as to his personal
21 knowledge of this event.  Plaintiff's Motion, filed on March 25, 2020, is unopposed.

22 The Court finds the facts asserted in the affidavits signed by Plaintiff and Mr. Davis are
23 sufficient to show Mr. Davis possesses relevant information that would substantially further the
24 resolution of this case.  Accordingly, the Court GRANTS Plaintiff's Motion and will issue a writ
25 of habeas corpus ad testificandum to secure Mr. Davis's attendance at trial.  In accordance with
26 the Amended Pretrial Order (ECF No. 134 at 9), the writ ad testificandum will issue two months
27 prior to trial.
28 / / /

3

### III. MOTION FOR NEUTRAL MEDICAL EXPERT WITNESS

#### A. Standard of Law

Under Federal Rule of Evidence 706(a), the Court has the discretion to appoint an expert witness *sua sponte* or upon a party's motion, and may apportion costs of an appointed expert. Fed. R. Evid. 706; *Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999). However, the purpose of a court-appointed expert under Rule 706 is to assist the trier of fact, not to serve as an advocate. *See Pedraza v. Jones*, 71 F.3d 194, 196 (5th Cir. 1995) ("[t]he plain language of section 1915 does not provide for the appointment of expert witnesses to aid an indigent litigant."); *accord*, *Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir. 1987), *cert. denied*, 485 U.S. 991 (1988). Importantly, these principals are not altered when a district court authorizes a party to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993); *see also Tedder v. Odel*, 890 F.2d 210, 211–12 (9th Cir. 1989) (an indigent prisoner must bear the costs of litigation, including payment of fees or expenses for witnesses). Accordingly, an expert may be appointed to assist the trier of fact only where it "will promote accurate factfinding." *Gorton v. Todd*, 793 F. Supp. 2d 1171, 1179 (E.D. Cal. 2011). "Further, in order to demonstrate such necessity, there also must be some evidence, admissible or otherwise, that demonstrates a serious dispute that could be resolved or understood through expert testimony." *Id.* at 1181.

Finally, a party's ability to obtain an independent medical opinion is a factor that courts should consider when determining if appointment of a neutral expert is appropriate, but it is not determinative in and of itself under Rule 706. *See Gorton*, 793 F. Supp. 2d at 1184; *see also Jacobsen v. California*, No. 1:14-cv-00108-JLT (PC), 2016 WL 7429154, *1 (E.D. Cal. Dec. 23, 2016) ("Plaintiff's *pro se, in forma pauperis* status alone is not grounds for the appointment of an expert witness to assist him with his case."). Indeed, where the costs would likely be apportioned to the government, the Court "should exercise caution." *Manriquez v. Huchins*, No. 1:09-cv-00456-LJO-BAM PC, 2012 WL 5880431, *12 (E.D. Cal. Nov. 21, 2012). "Rule 706 is not meant to provide an avenue to avoid [the *in forma pauperis* statute] and the prohibition against using public funds to pay for the expenses of witnesses." *Id.* (collecting cases).

B. <u>Analysis</u>

Plaintiff requests the Court appoint an expert witness to provide testimony regarding causation of Plaintiff's left shoulder injury and require Defendants to pay the costs of the expert due to Plaintiff's indigency. (ECF No. 160 at 1–2.) Plaintiff argues appointment of a neutral expert is required due to the complex nature of this case, and because the nature of his injury will be confusing to the fact-finder at trial. (ECF No. 160 at 2.) Plaintiff's arguments are unavailing.

Plaintiff's Motion focuses primarily on his need to establish that his injury was caused by Defendant's alleged use of excessive force. However, Plaintiff has not adequately explained why expert testimony is necessary to relay this information to the trier of fact. Plaintiff is well-situated to testify to the extent of his injuries and can further support his testimony with documentary evidence from his medical record. Indeed, Plaintiff has first-hand knowledge of his injuries and has demonstrated the ability to adequately communicate them.

Plaintiff's legal claims — Eighth Amendment claims for excessive force and deliberate indifference asserted against a single defendant — are not particularly complex and therefore weigh strongly against appointment of a neutral expert, despite Plaintiff's incarceration and indigency. Simply put, the alleged rotator-cuff tear to Plaintiff's shoulder is not a particularly difficult injury for a lay person to understand. *See Manriquez*, 2012 WL 5880431, at *12–13 (effects/injuries resulting from use of pepper spray did not require medical expert witness testimony); *see also Pedraza*, 71 F.3d at 196 (affirming denial of request to appoint expert regarding issue of whether heroin withdrawal can cause an individual to become of unsound mind); *cf. Walker*, 180 F.3d at 1071 (expert appointed where evidence concerning fibromyalgia, considered "an elusive disease of unknown cause," was confusing and conflicting); *McKinney v. Anderson*, 924 F.2d 1500, 1511 (9th Cir. 1991) (scientific reports on the health effects of secondary cigarette smoke were sufficiently complex to require court-appointed expert), *vacated on other grounds sub nom. Helling v. McKinney*, 502 U.S. 903 (1991).

Furthermore, with respect to Plaintiff's excessive force claim, the "core judicial inquiry" is not whether a certain quantum of injury is sustained, but "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."

*Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010).  Therefore, this element "does not depend on technical determinations, but instead hinges on the intent of the [Defendant]," such that no "scientific, technical, or other special knowledge" is required to help the trier of fact.  *Salcido v. Zarek*, 237 F. App'x 151, 152 (9th Cir. 2007) (upholding district court's denial of request for expert witness where case depended on defendants' intent in providing medical care to plaintiff and not technical determinations).  Thus, an expert is not necessary for Plaintiff to present his case to a jury.

Similarly, with respect to Plaintiff's deliberate indifference claim, the trier of fact does not require the aid of an expert to comprehend whether Plaintiff had "serious medical needs," because "[t]he symptoms which [Plaintiff] exhibited are not beyond a layperson's grasp."  *Ledford v. Sullivan*, 105 F.3d 354, 359–60 (7th Cir. 1997) (medical expert not required to evaluate "serious medical needs" where defendants deprived plaintiff of his prescription medicine); *see also Salcido*, 237 F. App'x at 152 (requests for more pain medication, therapeutic collar, and pillow "not … a particularly complex claim"); *Honeycutt v. Snider*, No. 3:11-cv-00393-RCJ (WGC), 2011 WL 6301429 (D. Nev. Dec. 16, 2011) (expert not required to evaluate plaintiff's need for specialized orthopedic footwear); *Wilds v. Gines*, No. C 08-03348 CW (PR), 2011 WL 737616 (N.D. Cal. Feb. 23, 2011) (expert not required to evaluate plaintiff's low back pain and degenerative disc disease).  In sum, Plaintiff fails to demonstrate that the trier of fact needs evidence from a Court-appointed expert.

For these reasons, the Court finds the circumstances of this case do not warrant the appointment of a neutral medical expert witness and therefore DENIES Plaintiff's Motion.

### IV.  CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion for Writ of Habeas Corpus ad Testificandum is GRANTED.  (ECF No. 159).  Plaintiff's Motion for a Court-Appointed Neutral Medical Expert Witness is DENIED.  (ECF No. 160).

IT IS SO ORDERED.

DATED: June 16, 2020

Troy L. Nunley
United States District Judge