UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY RAY BAKER,<br><br>    Plaintiff,<br><br>    v.<br><br>J. MACOMBER, et al.,<br><br>    Defendants. | No. 2:15-cv-0248 TLN AC P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983, has filed motions to appoint counsel and for a settlement conference. ECF Nos. 168, 169.

With respect to plaintiff's request for counsel, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden

1

of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff requests appointment of counsel to prepare for and represent him at trial. ECF No. 168. As addressed in detail in the most recent order denying plaintiff the appointment of counsel for trial, plaintiff has not demonstrated that the required exceptional circumstances exist and "equity and fairness require that Plaintiff now proceed in this action *pro se*," given his history of previous appointment. See ECF No. 156. Plaintiff's latest motion adds nothing that compels the court to reach a different conclusion, and the motion will be denied for the same reasons set forth in the March 12, 2020 Order (ECF No. 156), which is incorporated herein by reference.

Plaintiff has also requested that this case be sent for another settlement conference and has included an offer of settlement. ECF No. 169. After resolution of defendant's motion for summary judgment, this case was scheduled for a mandatory settlement conference, ECF No. 91, which was unsuccessful, ECF No. 96. Before deciding whether to send this case for another settlement conference, the court will request defendant's position on the utility of another settlement conference. Additionally, plaintiff is advised that future offers of settlement should not be filed with the court and should be sent to defendant's counsel only.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for appointment of counsel, ECF No. 168, is DENIED.

2. Within fourteen days of the service of this order, defendant shall file a response notifying the court whether he agrees that another settlement conference should be scheduled.

DATED: July 6, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2